

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com

**MEMO ENDORSED**

P4

Direct Dial + 212.819.8394    cshore@whitecase.com

February 27, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

VIA HAND DELIVERY

The Honorable Richard M. Berman
United States District Court Judge
500 Pearl Street, Room 650
New York, NY 10007-1312

DATE: 2/28/08

RECEIVED
FEB 28 2008
CHAMBERS OF
RICHARD M. BERMAN
USDJ

Re:  *Old Ladder Litigation Co., LLC v. Investcorp Bank B.S.C., et al.*,
     Case No. 08 CV 0876 (RMB)

Dear Judge Berman:

We represent Old Ladder Litigation Co. LLC ("Old Ladder"), the plaintiff in the above-action. Old Ladder is the operating entity of a liquidating trust established pursuant to the plan of reorganization of Werner Co. ("Old Werner") which was confirmed by the United States Bankruptcy Court for the District of Delaware in October, 2007.[1] Specifically, Old Ladder has been designated pursuant to the Old Werner plan to bring and prosecute all causes of action belonging to the bankruptcy estate of Old Werner. (In that regard, we have included herewith a copy of the Old Werner Plan for the Court's ongoing reference.) We write to address two issues. First, pursuant to Local Rule 37.2, Old Ladder requests that the Court set a pre-motion conference to discuss the conducting of limited discovery, prior to any Rule 26(f) conference, into the identities and locations of certain "Doe Defendants" who have been named as parties in this action. Second, we write to have the Court set an omnibus status conference to address open issues regarding the timing, extent and form of the upcoming responses of defendants to the complaint herein.

---

[1] "Werner" or the "Company" as used herein refers to Werner Holding Co. (PA), Inc., and subsidiaries/affiliates Werner Holding Co. (DE), Inc., Werner Co., and/or WIP Technologies, Inc., all of whom filed for bankruptcy protection on June 12, 2006 and are no longer operating entities. To clarify any potential confusion, such references do not refer to New Werner Holding Co., Inc. or its operating subsidiary Werner Co., (collectively, "New Werner") which are newly formed corporations that purchased substantially all of the assets of the former Werner companies during their bankruptcy. New Werner is not a party to this action.

ALMATY  ANKARA  BANGKOK  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DRESDEN  DUSSELDORF  FRANKFURT  HAMBURG
HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MOSCOW  MUNICH
NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SAO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON DC

NEWYORK 6513048 (2K)

The Honorable Richard M. Berman

February 27, 2008



Requests for Discovery

With respect to the discovery issue, pre-conference discovery is warranted under the circumstances.

As one of its primary forms of relief, Old Ladder seeks to recover (a) in excess of $330 million transferred by Old Werner to certain defendant shareholders, insiders and professionals in 1997 and (b) in excess of $150 million transferred by Old Werner to certain of those defendants in 2003, in both cases on the grounds that such transfers were fraudulent conveyances under state and federal law. Under Section 550 of the Bankruptcy Code, proceeds of fraudulent transfers may be recovered not only from initial transferees and entities for whose benefit the transfer was made but also from all "immediate or mediate transferee[s]":

> [e]xcept as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee.

See 11 U.S.C. § 550; In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, 130 F.3d 52, 56 (2nd Cir. 1997); In re Allou Distributors, Inc., 379 B.R. 5, 19 (Bankr. E.D.N.Y. 2007).

As alleged in the Complaint, many of the entities which were the initial transferees of the 1997 and 2003 conveyances are Cayman Islands corporations or limited partnerships that are affiliated with Investcorp, a named defendant in the Complaint. At this time, it is unclear whether these Cayman funds are currently operating entities or, if they are, whether they have sufficient assets to satisfy any judgment. Further, although these Cayman defendants presumably distributed portions of their transfers to their partners or investors, Old Ladder has no present means to ascertain the identities of these initial, immediate or mediate transferees and entities for whose benefit the transfers were made without conducting limited discovery.

Recent court decisions in this district allow for pre-conference, expedited discovery upon a showing of "good cause" and/or "reasonableness." Stern v. Crosby, 246 F.R.D. 453, 457 (S.D.N.Y. 2007); Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326-327 (S.D.N.Y. 2005). As one court described, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Expedited discovery of the identity of "Doe" defendants has been specifically authorized, including prior to any answering of the relevant complaint. See Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); cf. Sony Music Entertainment Inc. v. Does 1-40, 356 F.Supp.2d 556, 562-67 (S.D.N.Y. 2004); Wesley v. Muhammad, 2008 WL

The Honorable Richard M. Berman

February 27, 2008



123812 at *13 (S.D.N.Y. Jan. 10, 2008).

    As will be shown in the contemplated motion, good cause clearly exists here, and reasonableness and justice support granting limited expedited discovery for the sole purpose of ascertaining the identities and location of the Doe Defendants. The discovery would be narrowly circumscribed and is directly relevant to the initial/immediate/mediate transferee claims brought under section 550 of the Bankruptcy Code. Second, the discovery will likely pose no burden to Investcorp (whose counsel is copied here), as Investcorp should have ready access to and control over the names and locations of its funds' distributees. Third, identification and timely service of the Doe Defendants prior to what could be significant motion practice with respect to the Complaint and complicated discovery scheduling will serve the interests of judicial economy and will, among other things, permit the initial/immediate/mediate transferees to participate in these important preliminary matters. Finally, early identification of all defendants will avoid any issues which could arise as to the potential tolling and/or expiration of relevant statutes of limitation.

    The Investcorp defendants from whom Old Ladder would seek the above-described limited discovery have been served with the Complaint and have accepted service. Further, we have been in contact with their counsel and have discussed this issue of discovery into identities and locations. At this time, however, Investcorp will not consent to provide the requested information.

Case Status Conference

    To date, we have heard from ten law firms representing sixty-two of the defendants named in the Complaint. (A list of the present appearances is appended hereto.) We have also heard from various individuals who are not yet represented by counsel. We have agreed to adjourn the answering dates of defendants with their commitment to accept service and the expectation that, given the extra time, the defendants will be able to streamline their responses such that the Court is not faced with duplicative dismissal pleadings.

    Given that the requested response dates vary between March 21, 2008 and April 21, 2008 (and more than one hundred defendants have yet to appear), it may be useful for the Court to hold a status conference in conjunction with the discovery issue noted above, at which defense counsel can appear in person or on the phone, to discuss (a) a single omnibus response date for answering or moving with respect to the Complaint, (b) the means by which the parties will work to minimize the Court's burden with respect to anticipated motion practice, and (c) the preferred method for addressing the non-appearance of defendants. For our part, we are available at the Court's convenience.

NEWYORK 6513048 (2K)

The Honorable Richard M. Berman

February 27, 2008

**WHITE & CASE**

      For the foregoing reasons, Old Ladder respectfully requests a pre-motion conference at the Court's early convenience, and thanks the Court in advance for its consideration of that request.

Respectfully submitted,

*[signature]*

J. Christopher Shore

Enclosure

cc: To the Attached Distribution List (w/o encl.) (via email and Federal Express)

> Take up discovery issues with Magistrate Katz (or refer him how made). FYI, all motions (defense) should be joint in accord with Court Rules. Status Conference on 3/20/08 @ 9:30.
>
> SO ORDERED:
> Date: 2/28/08    *[signature]*
> Richard M. Berman, U.S.D.J.