SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-0010
(212) 973-8000
Matthew S. Tamasco, Esq. (MT-9193)
John K. Gisleson, Esq. (Admission Pro Hac Vice Pending)

Attorneys for Defendant, *JOHN THIGPEN*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust,<br><br>Plaintiff,<br><br>vs.<br><br>INVESTCORP BANK B.S.C.; et at.<br><br>Defendants. | Case No. 08-CV-0876<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT JOHN THIGPEN** |

Defendant, JOHN THIGPEN, hereby answers the Complaint and asserts Affirmative Defenses as follows:

## ANSWER TO COMPLAINT

### I. Nature of the Case

1-6. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Mr. Thigpen denies the allegations.

## II. Parties

### A. Plaintiff

7-9. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response is required, Mr. Thigpen denies the allegations.

### B. Werner Entities

10-12. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response is required, Mr. Thigpen denies the allegations.

13. Admitted.

14. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Mr. Thigpen denies the allegations.

### C. 1997 Cashout Shareholder Defendants

15. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Mr. Thigpen denies the allegations.

### D. 2003 Cashout Shareholder Defendants

16. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is denied, Mr. Thigpen denies the allegations. As a further answer, Mr. Thigpen denies the allegations in this paragraph as conclusions of law, to which no response is required.

### E. Investcorp and Related Entity Defendants

17-28. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response may be required, Mr. Thigpen denies the allegations in these paragraphs.

### F. Company Director Defendants

29. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response may be required, Mr. Thigpen denies the allegations in this paragraph.

### G. Defendants Who Were Both Directors and Officers of the Company

30. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response may be required, Mr. Thigpen denies the allegations in this paragraph.

### H. Company Officer Defendants

31. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response may be required, Mr. Thigpen denies the allegations in this paragraph.

PHDATA 3072049_1

I. **Leonard Green & Co. and Related Entities**

32-34. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response may be required, Mr. Thigpen denies the allegations in these paragraphs.

J. **Murray Devine & Co., Inc.**

35. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response may be required, Mr. Thigpen denies the allegations in this paragraph.

K. **Loughlin Meghji & Co., Inc.**

36. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response may be required, Mr. Thigpen denies the allegations in this paragraph.

III. **Jurisdiction and Venue**

37-38. Denied. The allegations in this paragraph constitute conclusions of law, which are deemed denied to which no response is required. To the extent a response may be required, the allegations in these paragraphs are denied.

IV. **Factual Background**

A. **The Werner Company History**

39-42. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these

paragraphs. To the extent a response may be required, Mr. Thigpen denies the allegations in these paragraphs.

**B.     In 1997, The Werner and Solot Families Cash Out and Burdens the Company with Massive Debt**

43-59.   Denied. The allegations in these paragraphs constitute conclusions of law, which are deemed denied to which no response is required. To the extent a response may be required, Mr. Thigpen denies the allegations in these paragraphs.

**C.     The Company, Saddled with Debt from the 1997 Shareholder Cashout, Performs Poorly, and Investcorp Accelerates its Exit Strategy**

60-203.   Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response may be required, Mr. Thigpen denies the allegations in these paragraphs.

204.   Mr. Thigpen is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

205.   Admitted in part, denied in part. Mr. Thigpen admits that the Company sold its Extruded Products Division to WXP, Inc. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph. To the extent a response may be required, Mr. Thigpen denies those allegations.

206-237.   Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response is required, the allegations are denied.

V.  **Detailed Information Regarding the Company's Directors and Officers**

238-276.   Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response may be required, the allegations are denied.

VI.  **Claims for Relief**

**FIRST CLAIM FOR RELIEF**

277.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

278-290.   These allegations are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

**SECOND CLAIM FOR RELIEF**

291.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

292-305.   These allegations are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

**THIRD CLAIM FOR RELIEF**

306.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

307-318.   These allegations are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## FOURTH CLAIM FOR RELIEF

319. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

320-331. These allegations are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## FIFTH CLAIM FOR RELIEF

332. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

333. Denied. The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required.

334. Denied. The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required. As a further answer, after reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to payments to any individuals other than Mr. Thigpen. Mr. Thigpen denies that any payment to him was to or for his benefit.

335. Denied. The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required. To the extent a response may be required, Mr. Thigpen denies the remaining allegations in this paragraph.

336. Denied. Mr. Thigpen denies the allegations in this paragraph as to any alleged transfer made to him. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to any alleged transfers made to any of the other Defendants.

337-339. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

340-341. Denied. The allegations in these paragraphs constitute conclusions of law, which are deemed denied and to which no response is required.

342-345. Denied.

### SIXTH CLAIM FOR RELIEF

346. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

347. Denied. The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required.

348-354. Denied. The allegations in these paragraphs constitute conclusions of law, which are deemed denied and to which no response is required. Further, after reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response may be required, the allegations are denied.

355-356. Denied. The allegations in these paragraphs constitute conclusions of law, which are deemed denied and to which no response is required. To the extent a response may be required, the allegations are denied.

357-360. Denied. After reasonable investigation, Mr. Thigpen is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs. To the extent a response may be required, the allegations are denied.

PHDATA 3072049_1

### SEVENTH CLAIM FOR RELIEF

361. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

362-373. These allegations are directed to Defendants other than Mr. Thigpen. To the extent a response may be required, the allegations are denied.

### EIGHTH CLAIM FOR RELIEF

374. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

375-387. These allegations are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### NINTH CLAIM FOR RELIEF

388. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

389-400. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### TENTH CLAIM FOR RELIEF

401. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

402-414. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

PHDATA 3072049_1

## ELEVENTH CLAIM FOR RELIEF

415. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

416-426. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## TWELFTH CLAIM FOR RELIEF

427. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

428-439. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## THIRTEENTH CLAIM FOR RELIEF

440. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

401-454. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## FOURTEENTH CLAIM FOR RELIEF

455. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

PHDATA 3072049_1

456-464.  The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### FIFTEENTH CLAIM FOR RELIEF

465.  Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

466-482.  The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### SIXTEENTH CLAIM FOR RELIEF

483.  Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

484-501.  The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### SEVENTEENTH CLAIM FOR RELIEF

502.  Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

503-504.  The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

PHDATA 3072049_1

## EIGHTEENTH CLAIM FOR RELIEF

505. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

506-510. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## NINETEENTH CLAIM FOR RELIEF

511. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

512-526. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## TWENTIETH CLAIM FOR RELIEF

527. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

528-539. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## TWENTY-FIRST CLAIM FOR RELIEF

540. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

PHDATA 3072049_1

541-552.   The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen.  As a result, no response is required.  To the extent a response may be required, the allegations are denied.

### TWENTY-SECOND CLAIM FOR RELIEF

553.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

554-562.   The allegations in these paragraphs are directed a Defendant other than Mr. Thigpen.  As a result, no response is required.  To the extent a response may be required, the allegations are denied.

### TWENTY-THIRD CLAIM FOR RELIEF

563.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

564-569.   The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen.  As a result, no response is required.  To the extent a response may be required, the allegations are denied.

### TWENTY-FOURTH CLAIM FOR RELIEF

570.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

571-579.   The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen.  As a result, no response is required.  To the extent a response may be required, the allegations are denied.

PHDATA 3072049_1

## TWENTY-FIFTH CLAIM FOR RELIEF

580.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

581-586.   The allegations in these paragraphs are directed a Defendant other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## TWENTY-SIXTH CLAIM FOR RELIEF

587.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

588-592.   The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## TWENTY-SEVENTH CLAIM FOR RELIEF

593.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

594-597.   The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

## TWENTY-EIGHTH CLAIM FOR RELIEF

598.   Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

PHDATA 3072049_1

599-602. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### TWENTY-NINTH CLAIM FOR RELIEF

603. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

604-611. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### THIRTIETH CLAIM FOR RELIEF

612. Mr. Thigpen incorporates by reference his responses to each of the preceding paragraphs as if set forth at length herein.

613-620. The allegations in these paragraphs are directed to Defendants other than Mr. Thigpen. As a result, no response is required. To the extent a response may be required, the allegations are denied.

### PLAINTIFF'S REQUESTED RELIEF

Mr. Thigpen denies that Plaintiff is entitled to the relief it seeks as to any claims against him.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the applicable statutes of limitation.

2. This Court lacks personal jurisdiction over Mr. Thigpen.

3. There was insufficient service of process on Mr. Thigpen.

4. The allegations in the Complaint fail to state a claim upon which relief can be granted.

5. Mr. Thigpen reserves the right to assert that the transfers complained of were contemporaneous exchanges for new value, as defined in 11 U.S.C. § 547(c)(1).

6. The transfers complained of were made in the ordinary course of business as defined in 11 U.S.C. § 547(c)(2).

7. Mr. Thigpen reserves the right to assert that the transfers complained of created a security interest in property acquired by the Plaintiff's predecessor in interest, as defined in 11 U.S.C. § 547(c)(3).

8. The transfers complained of preceded subsequent new value provided to Plaintiff's predecessor-in-interest by Mr. Thigpen for which Mr. Thigpen was not paid, as defined in § 547(c)(4).

9. Mr. Thigpen reserves the right to assert that the transfers complained of created a perfected security interest in Plaintiff's predecessor's inventory and/or receivables or the proceeds of either, as set forth in § 547(c)(5).

10. Mr. Thigpen incorporates by reference the affirmative defenses of any other defendant that may apply to the claims against him that would limit or bar the claims against him.

WHEREFORE, John Thigpen demands judgment dismissing the Complaint in its entirety with prejudice, together with attorney's fees and costs and such other relief as the Court deems just and equitable.

PHDATA 3072049_1

Dated: New York, New York
      March 28, 2008

                      SCHNADER HARRISON SEGAL & LEWIS LLP

                      By:   /s/ Matthew S. Tamasco
                            Matthew S. Tamasco (MT-9193)

                            John K. Gisleson
                            (Admission Pro Hac Vice Pending)

                  140 Broadway, Suite 3100
                  New York, NY 10005-0010
                  (212) 973-8000
                  (212) 972-8798

                  Attorneys for Defendant, *JOHN THIGPEN*

## VERIFICATION

I, JOHN THIGPEN, verify that the facts set forth in the foregoing ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY DEFENDANT, JOHN THIGPEN are true and correct to the best of my knowledge, information and belief.

I understand that any false statements in the ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY DEFENDANT, JOHN THIGPEN are made subject to the penalties of 18 P.S. § 4904, relating to unsworn falsification to authorities.

_____
JOHN THIGPEN

Dated: 3/24/08