William P. Frank (William.Frank@skadden.com)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

    and

Anthony W. Clark (Anthony.Clark@skadden.com)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Investcorp Entity Defendants
and Investcorp Director Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust, : : : | |
| Plaintiff, : | 08 cv 0876 (RMB)(THK) |
| vs. : | **ELECTRONICALLY FILED** |
| : | |
| INVESTCORP BANK B.S.C., et al., : : | **ORAL ARGUMENT REQUESTED** |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF
INVESTCORP DEFENDANTS' MOTION FOR RECONSIDERATION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... i

STATEMENT OF FACTS ........................................................................................................1

ARGUMENT..............................................................................................................................4

    I.      Recent Events Warrant The Court's Reconsideration Of Its Order. ...................4

    II.     Principles Of Comity Weigh In Favor Of Denying Or Placing Conditions
            On The Requested Discovery. ...............................................................................5

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**                                                                                        **PAGE(S)**

*First American Corp. v. Price Waterhouse, LLP,*
    154 F.3d 16 (2d Cir. 1998) .................................................... 6

*In re Westinghouse Electric Corp. Uranium Contracts Litigation,*
    563 F.2d 992 (10th Cir. 1977) ................................................ 8

*Linde v. Arab Bank, PLC,*
    463 F. Supp 2d 310, 314 (E.D.N.Y. 2006) ...................... 5, 6, 7

*Mandanes v. Mandanes,*
    186 F.R.D. 279 (S.D.N.Y. 1999) ........................................... 6

*Minpeco, S.A. v. Conticommodity Services, Inc.,*
    116 F.R.D. 517 (S.D.N.Y. 1987) ........................................... 7

*Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd.,*
    2005 U.S. Dist. LEXIS 27815 (S.D.N.Y. Nov. 10, 2005),
    aff'd 476 F.3d 140 (2d Cir. 2007) ........................................ 6, 7

*Reino de Espana v. America Bureau of Shipping,*
    2005 U.S. Dist. LEXIS 15685 (S.D.N.Y. Aug. 1, 2005) ...... 6, 7, 8

*Richmark Corp. v. Timber Falling Consultants,*
    959 F.2d 1468 (9th Cir. 1992) ............................................... 8

*Societe Nationale Industrielle Aerospatiale v. United States District Court,*
    482 U.S. 522 (1987) ............................................................... 6

*Townsend v. Benjamin Enterprises Inc.,*
    2008 U.S. Dist. LEXIS 31582 (S.D.N.Y. Apr. 17, 2008) ........ 4

*U.S. Titan, Inc. v. Guangzhou Men Hua Shipping Co.,*
    182 F.R.D. 97 (S.D.N.Y. 1998) ............................................. 4

**LOCAL RULES**

S.D.N.Y. Local Civil Rule 6.3 .......................................................... 2

Pursuant to Local Civil Rule 6.3, the Investcorp defendants respectfully submit this memorandum of law in support of their motion for reconsideration of the Court's ruling from the bench at the April 21, 2008 conference (the "Order").[1]

## STATEMENT OF FACTS

On January 24, 2008, plaintiff initiated this action by filing a 187-page complaint, naming more than 220 defendants and asserting 30 separate causes of action. A month later, in a February 27th letter to the Court, plaintiff sought leave to file a motion for expedited discovery from the Investcorp defendants of the names and addresses of their investors to whom funds from the Werner transactions were distributed. Following an initial status conference with the Court, the Investcorp defendants responded to plaintiff's letter on April 1st.

On April 17, 2008, the last business day before the April 21 conference, plaintiff submitted yet another letter on its request for expedited discovery of investor information from Investcorp. Plaintiff raised several new issues and arguments not addressed in the parties' prior correspondence with the Court, including the contention that the requested discovery is not confidential or privileged material. As the Court noted (Trans. at 4), the Investcorp defendants had no opportunity to respond to plaintiff's April 17 letter before the conference.

When confidentiality was discussed at the conference, and the Court specifically asked about the applicability of secrecy laws, Investcorp's counsel reserved

---

1   The transcript of the April 21, 2008 conference is attached as Exhibit 1 to the Declaration of Anthony W. Clark and is cited as "Trans. at __."

his clients' rights with respect to these newly raised issues in order to confer with his clients about the matter. (Trans. at 10-12) Thus, when the Court thereafter permitted discovery of the investor information (Trans. at 13), while not explicitly so saying, we understood that it was without prejudice to Investcorp's right to address any confidentiality concerns that might appear after further inquiry.

Following the conference, Investcorp promptly conferred with counsel in Bahrain, where defendant Investcorp Bank B.S.C., the ultimate parent company of the affiliated entities named as defendants in this action, is domiciled and registered about the confidentiality question. Investcorp has been informed that (i) under Article 117 of the Central Bank of Bahrain and Financial Institutions Law (Decree Law No. 64/2006), it is prohibited from disclosing the investor identifying information subject to the Court's discovery ruling absent consent of the investors (of which there are more than 290) or an order of the Bahrain courts authorizing such disclosure, and (ii) disclosure of this information other than in accordance with Article 117 could be a criminal offence under Article 371 of the Bahrain Penal Code (Decree Law No. 15/1976).[2] A violation of the prohibition on disclosing this information under Article 117 may result in imprisonment and a fine of 10,000 Bahrain Dinars (more than $25,000), and could subject Investcorp Bank B.S.C. to suspension or revocation of its banking license.

---

2   Local Civil Rule 6.3 precludes the filing of a supporting affidavit "unless directed by the court." The Investcorp defendants will obtain and will file, if permitted by the Court, a supporting declaration from Bahrainian counsel attesting to the facts concerning Bahrain law stated above.

Therefore, in order to avoid undue prejudice, the Investcorp defendants respectfully request that the Court reconsider and deny plaintiff's request for the investor discovery or, alternatively, modify the April 21 Order to condition the investor discovery on plaintiff obtaining authorization under Bahrain law for Investcorp to disclose the requested information.

## ARGUMENT

### I. Recent Events Warrant The Court's Reconsideration Of Its Order.

"Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." *Townsend v. Benjamin Enters. Inc.*, 2008 U.S. Dist. LEXIS 31582, *2 (S.D.N.Y. Apr. 17, 2008) (internal citations and quotations omitted); *U.S. Titan, Inc. v. Guangzhou Men Hua Shipping Co.*, 182 F.R.D. 97, (S.D.N.Y. 1998) (stating that Local Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice").

Under the circumstances here, reconsideration should be granted. The confidentiality issue was not raised until plaintiff's reply letter immediately before the April 21 conference, so Investcorp had no opportunity to respond. Moreover, Investcorp has brought the Bahrainian secrecy law issue to the Court promptly upon learning of it.

Plaintiff claims a "pressing need" for this discovery to avoid a statute of limitations problem. (Trans. at 9) That rings hollow, since it is plaintiff and its predecessor in interest, the Werner creditors' committee who delayed pressing these issues until shortly before the statute of limitations will expire. Thus, the committee knew about the claims that were to be asserted in this action from the start of the Werner bankruptcy case in June 2006; indeed, for well over a year before this action was filed, the committee took extensive discovery on these claims from Investcorp and others in the Delaware bankruptcy court – Investcorp alone produced more than 180,000 pages of documents – yet the investor information was never requested. Then, even after the

Werner bankruptcy plan was confirmed and became effective and the plaintiff succeeded as the creditors' representative authorized to act, it waited another three months to file suit. And it was not until February 2008, a month after this action commenced, and three and a half months before the statute of limitations on the claims under section 547 of the Bankruptcy Code is due to expire, did plaintiff finally ask for Investcorp's individual investors to be identified. Even then, plaintiff tactically waited until the last moment, just one business day before the April 21st conference, to raise the confidentiality issue in its reply letter to the Court. Had plaintiff or the committee raised the issue earlier, it could have been resolved, and relief could have been sought from the Bahrain courts, long ago.

On these facts, it would be manifestly unjust to put Investcorp to the impossible choice of violating its home country's laws and risking criminal sanctions and the loss of its banking license or disregarding a discovery order of this Court, so the requested investor discovery should be denied. But even if the discovery were to be permitted, the problem facing Investcorp can be avoided by conditioning plaintiff's right to the investor discovery on it obtaining authorization in Bahrain for the disclosure of that information. Whatever burden that may cause plaintiff is greatly outweighed by the prejudice to Investcorp and is justified since plaintiff and the creditors' committee, not Investcorp, are the parties responsible for the delay in raising the issue.

II.     **Principles Of Comity Weigh In Favor Of Denying Or Placing Conditions On The Requested Discovery.**

This Court has discretionary authority to order disclosure of information protected by foreign law, including bank secrecy laws. *Linde v. Arab Bank, PLC*, 463 F.

Supp 2d 310, 314 (E.D.N.Y. 2006). The exercise of that discretion in disputes regarding foreign discovery is to be guided by principles of comity and foreign relations. *Id., citing Societe Nationale Industrielle Aerospatiale v. United States Dist. Court*, 482 U.S. 522 (1987). Thus, "[i]n deciding whether to compel foreign entities to engage in discovery practices arguably prohibited by foreign law, courts must determine whether comity requires deference to the foreign law." *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, 2005 U.S. Dist. LEXIS 27815, *3 (S.D.N.Y. Nov. 10, 2005), aff'd 476 F.3d 140 (2d Cir. 2007).

The international comity balancing test adopted by the Second Circuit is derived from the Restatement of the Foreign Relations Law of the United States, and considers four principal factors: (1) the competing interests of the nations whose laws are in conflict, (2) the hardship of compliance on the party or witness from whom discovery is sought, (3) the importance to the litigation of the information and documents requested, and (4) the good faith of the party resisting discovery. *Reino de Espana v. Am. Bureau of Shipping*, 2005 U.S. Dist. LEXIS 15685, *10 (S.D.N.Y. Aug. 1, 2005) (citations omitted); *Peninsula Asset Mgmt.*, 2005 U.S. Dist. LEXIS 27815, at *3, *citing First Am. Corp. v. Price Waterhouse, LLP*, 154 F.3d 16, 22 (2d Cir. 1998).

In the international comity analysis, the balance of national interests "directly addresses the relations between sovereign nations." *Reino de Espana*, 2005 U.S. Dist. LEXIS 15685, at *11, *citing Mandanes v. Mandanes*, 186 F.R.D. 279, 286 (S.D.N.Y. 1999). Here, "[t]he United States has a general interest in ensuring compliance with discovery rules, and in ensuring that plaintiffs have access to discoverable

information", but "there are necessarily limits on plaintiffs' ability to discover relevant information." *Peninsula Asset Mgmt.*, 2005 U.S. Dist. LEXIS 27815, at *6. By contrast, Bahrain has a strong national interest in its secrecy laws that should be given "substantial weight." *Reino de Espana*, 2005 U.S. Dist. LEXIS 15685, at *17; *see also Linde v. Arab Bank, PLC*, 463 F.Supp 2d at 315 (explaining that "maintaining bank secrecy is an important interest of the foreign jurisdictions" where discovery is sought, and noting that the United States has enacted similar bank secrecy protections). On the facts of this case, Bahrain's strong interest in its bank secrecy laws outweighs the United States' general interest in overseeing its discovery procedures.

The potential hardship imposed on the producing party is also an important factor in the comity analysis, and the "courts have considered the sanctions that may be imposed upon those who violate the foreign law, as well as the threat of prosecution." *Reino de Espana*, 2005 U.S. Dist. LEXIS 15685, at *22-23 (citations omitted); *See, e.g., Minpeco, S.A. v. Conticommodity Servs., Inc.*, 116 F.R.D. 517, 520-21 (S.D.N.Y. 1987) (denying motion to compel discovery of confidential customer identification information protected by Swiss bank secrecy laws that would subject disclosing party to penal sanctions, even if disclosure was made pursuant to US court order). The hardship to Investcorp from the discovery at issue is palpable – without authorization from the Bahrain courts, Investcorp would have to violate Bahrain law and be exposed to the risk of criminal sanctions and possible loss of its banking license in order to disclose the requested information.

By comparison, the discovery sought has no real importance in this litigation, and plaintiff has no compelling need for it. In this context, it is appropriate to consider that the fraudulent transfer claims as to which the discovery pertains are, at best, weak, since they are based on the strained allegation that Werner was insolvent for nine years before it filed for bankruptcy protection, and during most of that nine years, the company reported significant profits. Moreover, there are already more than 220 well-heeled defendants, who are alleged to have received hundreds of millions of dollars in the transactions at issue, in the case, so it is highly unlikely that even if plaintiff were to prevail on some claims, the existing defendants would turn out to be judgment-proof. There is simply no need to add another 290+ defendants to an already unwieldy litigation. Thus, plaintiff will suffer no real prejudice if the requested discovery is denied, particularly in comparison to what Investcorp faces if ordered to disclose the investor information in violation of Bahrain law. "Where the outcome of litigation 'does not stand or fall on the present discovery order,'... courts have generally been unwilling to override foreign secrecy laws." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992), *citing In re Westinghouse Elec. Corp. Uranium Contracts Litig.*, 563 F.2d 992, 999 (10th Cir. 1977). Thus, these factors also weigh in favor of denying the requested discovery.

The final factor to be considered is the good faith shown by the party from whom the discovery is sought. *Reino de Espana*, 2005 U.S. Dist. LEXIS 15685, at *25 (citations omitted). Here, there is no assertion that Investcorp has acted other than with the utmost good faith, nor could there be. When Werner went into bankruptcy, all equity

8

9

holders, including Investcorp and its investors, saw their remaining investments wiped out at a loss of tens of millions of dollars. Despite these losses, Investcorp cooperated in the creditors' investigation of potential claims and responded fully and diligently to their discovery requests in the bankruptcy case at great additional expense. And the only reason Investcorp is opposing the investor discovery at this time is to avoid violating Bahrainian law and risking Draconian penalties thereunder. Plainly, this factor also favors denial of the discovery.

## CONCLUSION

For all of the foregoing reasons, the Investcorp defendants respectfully request that the Court reconsider its April 21 Order and deny the discovery sought by plaintiff or, alternatively, condition such discovery on plaintiff obtaining authorization from the Bahrain courts authorizing disclosure of the investor information by Investcorp.

Dated: New York, New York
       May 1, 2008

>                          William P. Frank (William.Frank@skadden.com)
>                          SKADDEN, ARPS, SLATE,
>                             MEAGHER & FLOM LLP
>                          Four Times Square
>                          New York, New York 10036
>                          (212) 735-3000
>
>                          /s/ Anthony W. Clark
>                          _____
>                          Anthony W. Clark (Anthony.Clark@skadden.com)
>                          SKADDEN, ARPS, SLATE,
>                             MEAGHER & FLOM LLP
>                          One Rodney Square
>                          P.O. Box 636
>                          Wilmington, Delaware 19899
>                          (302) 651-3000
>
>                          Attorneys for Investcorp Entity Defendants
>                          and Investcorp Director Defendants

10

531268.07-Wilmington Server 1A - MSW

CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury, that on May 1, 2008, I caused a true copy of the foregoing:

- *Notice of Motion;*
- *Memorandum of Law in Support of Investcorp Defendants' Motion for Reconsideration; and*
- *Declaration of Anthony W. Clark (with exhibit)*

to be served by first class mail, postage prepaid upon the following:

Kevin C. Walz
8045 Bainbrook Drive
Chagrin Falls, OH 44023

Dated: May 1, 2008

Steven R. Katzenstein