SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
William P. Frank (William.Frank@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000

and

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Anthony W. Clark (Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust, : | 08 cv 0876 (RMB)(THK) |
| Plaintiff, : vs. : | **DECLARATION OF** <br> **ANTHONY W. CLARK** |
| INVESTCORP BANK B.S.C., et al., : | **ELECTRONICALLY FILED** |
| Defendants. : | |

------------------------------------------------------------x

ANTHONY W. CLARK hereby declares as follows:

1. I am a member of the firm Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Investcorp Defendants in this action, and I have been admitted pro hac vice in this Court.

2. I submit this declaration in support of the Investcorp Defendants' motion for reconsideration.

3. This declaration also is submitted to place before the Court true and correct copies of the following documents:

| Exhibit | Document |
|---|---|
| 1 | Transcript of the April 21, 2008 conference before the Honorable Theodore H. Katz |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 1, 2008.

_____
Anthony W. Clark

# Exhibit 1

Transcript of the April 21, 2008 conference
before the Honorable Theodore H. Katz

```
841zoldc                    Conference
```

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   OLD LADDER LITIGATION,

 4           Plaintiff,

 5       v.                                08 CV 876 (RMB)(THK)

 6   INVESTCORP BANK, et al.,

 7           Defendants.

 8   ------------------------------x

 9                                         April 21, 2008
                                           9:50 a.m.
10
     Before:
11
                       HON. THEODORE H. KATZ,
12
                                           Magistrate Judge
13
                             APPEARANCES
14   WHITE & CASE
     J. CHRISTOPHER SHORE
15       Attorneys for Plaintiff

16   SKADDEN ARPS
         Attorneys for Investcorp Defendants
17   BY:  ANTHONY W. CLARK

18

19

20

21

22

23

24

25
```

841zo1dc                Conference

1           (In open court)
2           THE COURT: Good morning, folks. Have a seat.
3           MR. SHORE: Good morning, your Honor.
4           THE COURT: All right. So why don't you first update
5   me on what's happening -- what happened in front of Judge
6   Berman, and what's going on with the rest of the case.
7           MR. SHORE: Sure. Chris Shore from White & Case for
8   Old Ladder Litigation Company.
9           There were various letters which were submitted to the
10  Court to address issues of jurisdiction and venue. The Court
11  said that he was prepared to rule on that, but the parties
12  agreed that we were going to brief it for him. Everything will
13  be submitted by the end of July, and he will have a short oral
14  argument at a date to be set after the papers are submitted.
15          THE COURT: So there is no anticipated discovery on
16  the jurisdiction issue?
17          MR. SHORE: He said to take that up with you.
18          THE COURT: Do you expect there to be a need for
19  discovery?
20          MR. SHORE: I would expect, depending on whether or
21  not we can't get the information from those defendants over
22  whom the Court I think clearly has jurisdiction at this point.
23          THE COURT: Okay. And so motions to dismiss are going
24  to be fully briefed by July.
25          MR. SHORE: Yes.

1            THE COURT:  And are those going to be on behalf of
2    just the Cayman entities --
3            MR. CLARK:  No.  The motions that are going to go
4    forward before Judge Berman, your Honor, include -- sort of
5    reply briefing, include motion to transfer venue to the
6    Delaware District and then various motions to dismiss, subject
7    matter jurisdiction grounds, personal jurisdiction grounds,
8    12(b)(6) grounds, probably a few other grounds --
9            THE COURT:  Okay.
10           MR. CLARK:  -- throw in there as well.  That is to be
11   done by July the 29th.  And as Mr. Shore indicated -- by the
12   way, it's Tony Clark for the Investcorp defendants.  I'm sorry.
13           There will be a brief hearing, a time to be set after
14   the briefing is done.
15           Judge Berman also indicated that he thought it was
16   premature to enter a case scheduling or case management order
17   at this time till he figures out where these cases are going to
18   be and what's left in these cases.
19           He did indicate we should take up discovery with
20   respect to personal jurisdiction issues with your Honor.  I
21   think if not entirely, or perhaps entirely, that discovery is
22   going to be directed at the Investcorp defendants.  And we
23   understand from the body language, if not an actual ruling,
24   that we're expected, to the extent that we're raising personal
25   jurisdiction issues, to participate in limited discovery

841zoldc                Conference

1   directed to those issues.  So whenever the plaintiff serves
2   that on us, we'll take a look at it and we'll respond to what
3   we think is appropriate and object to what we think is not.
4           THE COURT:  Okay.
5           MR. SHORE:  I just want to clarify one point, because
6   I don't think that, or I didn't perceive Judge Berman to be
7   saying that all issues with respect to pretrial scheduling are
8   premature.  I think he said scheduling of the trial date, or
9   the end date for the discovery would be premature; i.e., he did
10  specifically say that, to the extent that any defendant wants
11  to take the position that there should be no discovery pending
12  any motion or pending any ruling on the motions to dismiss,
13  that that would be an issue that you would have to address and
14  they would have to raise.
15          THE COURT:  Okay, so let's deal with the immediate
16  issue.
17          Mr. Clark, I don't think you had a chance to respond
18  to the last letter that Mr. Shore submitted.  But specifically
19  with regard to the primary defendant as to whom there is no
20  personal jurisdiction argument, what's your position with
21  respect to whether that Investcorp has custody and control of
22  documents with regard to the foreign entities?
23          MR. CLARK:  Your Honor, the question hasn't been asked
24  before today.  I was a little surprised it hadn't been.  But
25  now that your Honor's asked it, my understanding is that

84lzoldc              Conference

1   Investcorp International and/or Investcorp. Bank BSC,
2   Investcorp International, which is they allege a New York
3   corporation based in New York, it's actually a Delaware
4   corporation based in New York, but clearly there is personal
5   jurisdiction over that entity here.  And based on inquiries
6   that we have made of the client, I believe that there is also
7   personal jurisdiction, because of general contacts, in the
8   United States over Investcorp Bank BSC.
9        And my understanding is that between those two
10  entities, they probably have or are able to get ahold of the
11  documents that would establish two things:  One, whether or not
12  there's personal jurisdiction over the other entities -- and we
13  think there is not, or at least over most of them because they
14  are simply passive investment entities that hold stock or held
15  stock in the company.
16       And as to what I've been thinking of as the transferee
17  discovery that they're asking for, I think those records are
18  also in the possession of or certainly under the control of
19  entities that are subject to jurisdiction before this Court.
20       THE COURT:  So does that moot this dispute?
21       MR. CLARK:  No, I don't think so, your Honor.  I think
22  that with respect to personal jurisdiction discovery, as I
23  indicated before, if they asked for it, we'll respond to it.
24  And if we think it's appropriate, we'll provide discovery.  And
25  I'm sure some of it will be appropriate.

84lzoldc          Conference

           With respect to transferee discovery, that really I
think fairly comes under the rubric more of merits discovery.
And that discovery ought to be held in abeyance until rulings
on the motions for venue, transfer of venue and the motions to
dismiss on various grounds. They're dispositive motions. They
will determine who, if anybody, is left in this case. They'll
determine what claims, if any, are left in this case. And
until those issues have been determined, it seems to me that
that sort of discovery ought to be held in abeyance unless
there's some kind of irreparable harm under the Tara test that
we cited to your Honor and there isn't any. What they'd like
is they'd like more discovery sooner, which I think --
           THE COURT: Well, they're really only seeking
identities, not anything substantive.
           MR. CLARK: Well, I would not quibble with the Court,
but I would argue that that --
           THE COURT: That is substantive.
           MR. CLARK: That is substantive discovery. What they
want is they want discovery to find other people and entities
who they can try and drag in front of the Court on these
claims, and that -- that's more substantive than procedural.
           THE COURT: Now, will your motions -- do you
anticipate that your motions would address the plausibility of
a complaint even against these unnamed transferees?
           MR. CLARK: Yes, it necessarily would, your Honor.

841zoldc                Conference

1  The 12(b)(6) aspects of that motion certainly would be
2  applicable to anybody who would be sued on these claims, at
3  least under the current allegations, things like statutes of
4  limitations and the like that would apply regardless of who the
5  defendants are, doe defendants or named defendants. So, yes,
6  the arguments, at least many of the arguments would apply to
7  the unnamed doe defendants at this point too.
8          THE COURT: Mr. Shore.
9          MR. SHORE: Okay. I actually think there are three
10 entities over whom you clearly have personal jurisdiction. The
11 other one is going to be Investcorp SA.
12         MR. CLARK: I didn't mean to -- I'm sorry, I don't
13 mean to interrupt. I didn't mean to leave them out. I just
14 sort of --
15         THE COURT: Right.
16         MR. CLARK: -- lost track of it. But those entities I
17 think are, based on communications I've had with the clients, I
18 think they're all subject to jurisdiction here.
19         THE COURT: So it's Investcorp BSC and Investcorp SA?
20         MR. CLARK: It's -- actually, it's Investcorp Bank
21 BSC, Investcorp International, Inc., and Investcorp SA., all of
22 which are either based in the United States or have sufficient
23 general contacts with the United States to be subject to
24 jurisdiction.
25         THE COURT: Right, okay.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          MR. SHORE:  Second, I'm a little concerned about the
2     qualification that got raised a couple of times, that they
3     might have control over these documents.  This issue was raised
4     at the first conference before your Honor, that if you had
5     jurisdiction over someone.  Clearly they should be finding out
6     whether they have control.  So we don't have an answer yet.  So
7     rather than --
8          THE COURT:  No, I took there was a strong suggestion
9     that they do.
10         MR. CLARK:  Yeah.  I asked, and everything I was told
11    indicated to me that they have sufficient control over any
12    documents related to any Investcorp affiliated entities like
13    these wholly owned investment entities.  So if I was equivocal,
14    I didn't mean to be, your Honor.  I believe we have the ability
15    to get those documents.
16         THE COURT:  Right.
17         MR. SHORE:  Okay.  Which I guess leaves the only issue
18    with respect to today's discovery being a why now question.
19    Again, as you pointed out, the issue we're dealing with are
20    just the names and locations of doe defendants.
21         To the extent that any of those defendants would want
22    to raise a Statute of Limitations defense and take the position
23    that being named a doe was not sufficient to stop -- we do need
24    to get a complaint and summons out to those defendants before
25    the Statute of Limitations, which tolled during the bankruptcy,

84lzoldc                Conference

1   will expire. So we have pressing need to get that right now.
2           Second, I think it is important, going to be important
3   for those parties, to the extent that a claim is asserted
4   against them, to participate in the pretrial matters that are
5   going on. That opening brief on the motion to dismiss is due
6   June 6th. To the extent that we can get the names and
7   addresses and commence suit against them, they will have plenty
8   of time to come in. And I would be surprised to think that the
9   investment company, which they placed money with, had the
10  authority to respond on their behalf to personal claims that
11  are alleged against them under Section 550 of the Bankruptcy
12  Code. And in the absence of some binding representation from
13  Investcorp's counsel, I think those defendants are going to
14  have personal defenses to a claim that would -- would not
15  necessarily be addressed in the context of the motions to
16  dismiss; for example, whether or not the Court has personal
17  jurisdiction over them. And one can easily imagine that if
18  there are U.S. investors in these Cayman companies, whereas you
19  would not have jurisdiction over the Cayman company if it came
20  to pass, you might still have jurisdiction over the U.S.
21  investor in that. So I think it is going to be important prior
22  to the date, which is now set of June 6th for the motions to
23  dismiss, to have those defendants named and analysis undertaken
24  to determine whether or not the Old Ladder Litigation Trust
25  should proceed against them and have those complaints on file

841zoldc                Conference

quickly so that the June date will apply as to those defendants as well.

And then I would, you know, sort of end with the flip side of the analysis, which is there is no prejudice here. There is no burden here. There is no allegation of confidentiality. There is no allegation of privilege or anything else. So in weighing between the reasons why we should have the discovery now and the reasons why it shouldn't issue now, I think it clearly tips in favor of the plaintiff here.

THE COURT: Do you have anything else you want to be to be heard on, Mr. Clark?

MR. CLARK: Your Honor, one word that Mr. Shore mentioned that I do want to say something about is confidentiality. I haven't explored that issue in-depth with my clients, but it would be entirely conceivable to me that the individual investors, or that my clients would believe that the information with respect to the individual investors, who they are and where they're located, should be kept confidential subject to some sort of protective order. I don't know that that's the case, but it may be.

I am reminded of a case that I was involved in a few years ago down in Bankruptcy Court in Texas involving some foreign investors in some funds that invested in the United States. These folks, as I recall, were from Mexico, and there

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

84lzoldc                Conference

was a very serious issue there about if their identities were revealed in a public way, they might be subject to physical harm and criminal activity in Mexico, kidnappings and the like.

Now, I don't know if anything like that applies here, but I haven't said anything about it because it was premature to say anything about it. So if I say something about it later, I don't want anyone to think that I was foreclosed.

THE COURT: Right. But you're not suggesting that there are any secrecy laws. It's more of a question of personal confidentiality.

MR. CLARK: I'm not aware of whether there are any secrecy laws involved either. Good point, your Honor. So I'll reserve on that.

THE COURT: I didn't mean to suggest --

MR. CLARK: I just don't know. And until they serve discovery and we see exactly what it is they're asking for, and I'm able to show that to the business people who know about this, I really have to just reserve on any issues related to confidentiality.

MR. SHORE: Let me break that apart. They know what discovery we want on names and address. I think that's clear. With respect to those, I will happily hold those on an attorneys eyes only basis. Then when they gather the documents, to the extent that there is some confidentiality in individual investor agreement which they need to raise or if

841zoldc                Conference

1   there is any secrecy law, we can address that at some --
2   hopefully on some expedited basis before we'd have to file a
3   complaint naming them because I wouldn't want to file the
4   complaint under seal unless I absolutely had to.
5           With respect to the jurisdictional discovery, we'll
6   propound that to them either tonight or tomorrow.  I don't
7   perceive that there are going to be any great issues with
8   respect to that.  But again we -- not again.  We have prepared
9   a confidentiality order and stipulation.  We'll circulate it to
10  everybody, and hopefully that will be the first information
11  that gets covered by it.
12          MR. CLARK:  Your Honor, when plaintiff's counsel
13  propounds the discovery on jurisdictional issues, they should
14  also propound the discovery on transferee issues so I know
15  exactly what they're asking for and in exactly what form
16  they're asking for it.
17          THE COURT:  I think you have their request on the
18  transferee issues already, don't you?
19          MR. CLARK:  They've described generically in their
20  letter what they think they're after.  If I were to construe
21  that, your Honor, I would say that what they're doing is
22  propounding an interrogatory to us that says, give me the names
23  and addresses of any persons to whom funds received in the
24  challenge transactions were subsequently transferred.  If I've
25  stated that correctly, then I can respond to it.  If there's

841zoldc                    Conference

1  something different that they want, then they need to tell us
2  in a clear way.
3        MR. SHORE: I stood up at the last conference and I
4  said, do we need to have some sort of formal discovery; do you
5  want me to send you a document request laying it out? And I
6  heard clearly, that's not going to be necessary, we'll just
7  handle it in the letters.
8        I think I had been very clear, I want -- and it's set
9  forth in the initial letter which got referred down here, I
10 want the names and addresses of each of the investors in each
11 of the Cayman and other Investcorp investment vehicles who
12 received a distribution of funds in connection with the 1997
13 transaction and the 2003 transaction as defined in the
14 complaint.
15       MR. CLARK: And Mr. Court Reporter has now got that
16 down, your Honor.
17       THE COURT: So now it's --
18       MR. CLARK: I got my interrogatory. I know what I'm
19 responding to.
20       THE COURT: Okay. So on the immediate issue, I'm
21 going to authorize the discovery regarding identities and
22 addresses of these investors. I think there's a sufficient
23 basis to proceed with that limited discovery at this point.
24 There is no issues yet with regard to jurisdictional discovery
25 because you haven't produced them yet.

84lzoldc                Conference

         So with regard to your jurisdictional discovery, I guess the goal here is to get that done in time to brief the issue.
         MR. SHORE:  Yes.
         MR. CLARK:  Yes, Judge.
         THE COURT:  Anything else we need to do today?
         MR. CLARK:  I don't believe so, your Honor.
         THE COURT:  Okay.  So, hopefully I won't hear from you about disputes about the jurisdictional discovery, but if I do just get me a letter, respond in three days and I'll deal with it.
         MR. CLARK:  Thank you, your Honor.
         THE COURT:  Okay, take care.  Good to see you.
         (Adjourned)

CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certifies under penalty of perjury, that on May 1, 2008, I caused a true copy of the foregoing:

- *Notice of Motion;*
- *Memorandum of Law in Support of Investcorp Defendants' Motion for Reconsideration; and*
- *Declaration of Anthony W. Clark (with exhibit)*

to be served by first class mail, postage prepaid upon the following:

Kevin C. Walz
8045 Bainbrook Drive
Chagrin Falls, OH 44023

Dated: May 1, 2008

Steven R. Katzenstein