William P. Frank (William.Frank@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

    and

Anthony W. Clark (Anthony.Clark@skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Investcorp Entity Defendants
and Investcorp Director Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OLD LADDER LITIGATION CO., LLC, as Litigation  :
Designee on behalf of the Liquidation Trust,   :
                                                 : 08 cv 0876 (RMB)(THK)
                  Plaintiff,    :
    vs.                                            :  **ELECTRONICALLY FILED**
                                                 :
INVESTCORP BANK B.S.C., et al.,                :
                                                 :
                  Defendants.   :
-----------------------------------------------------------x

**INVESTCORP DEFENDANTS' REPLY IN SUPPORT
OF MOTION FOR RECONSIDERATION**

The Investcorp defendants respectfully submit this reply in support of their motion for reconsideration of the Court's ruling at the April 21, 2008 conference.

## PRELIMINARY STATEMENT

In responding to the reconsideration motion, plaintiff seeks to recast the dispute from one concerning whether the investor discovery it wants to take should be authorized into one for sanctions for Investcorp's alleged failure to comply with an order compelling discovery under Fed. R. Civ. P. 37. Plaintiff badly misperceives the state of the record, which shows the following:

- At the April 21 conference, there were two matters before the Court – (1) whether plaintiff may take discovery on personal jurisdiction issues, and (2) whether plaintiff should be authorized to seek discovery of the names and addresses of Investcorp's investors.

- On the first question, there was no dispute. Through counsel, Investcorp agreed to provide personal jurisdiction discovery. (Trans. at 3-4)[1] That is the only thing to which Investcorp consented.

- On the second question, after hearing opposing arguments on the issue, the Court stated, "I'm going to authorize the discovery regarding identities and addresses of these investors." (Trans. at 13) Contrary to plaintiff's assertions, Investcorp never consented to this relief.

- To this day, plaintiff has not served any of the discovery that has been authorized, either on personal jurisdiction issues or for the investor names and addresses. All its counsel did was send an informal letter to Investcorp's counsel demanding the investor information.

- Investcorp has never waived its right to object to particular discovery requests, if, as and when made. To the contrary, Investcorp expressly reserved its right to object to any such discovery, as it is entitled to do

---

[1] Citation forms and defined terms from defendants' May 1, 2008 Memorandum Of Law In Support Of Investcorp Defendants' Motion For Reconsideration are also used herein.

> under Fed. R. Civ. P. 33(b)(3), including specifically on the bank secrecy law issue now before the Court.[2]
>
> - Thus, since plaintiff elected not to propound discovery requests under the applicable discovery rules, there have been no motions to compel discovery and no Court orders compelling discovery, nor could there be.

So, contrary to plaintiff's contention, the reconsideration motion does not "present[] an objection that [Investcorp's] counsel apparently neglected to interpose in its responses to discovery requests" (plaintiff's Opposition at 9), because there have been no such discovery requests. There is no legal or factual basis on which any sanctions, like those plaintiff requests, could be ordered.

Thus, the balancing equation before the Court remains the same. On the one hand, plaintiff demands the confidential identities of yet another 290 parties to add as defendants to this litigation on dubious fraudulent transfer claims that are not likely to survive the motions to dismiss being presented to Judge Berman, on the off chance that the 220 defendants already named in the litigation will turn out to be judgment proof. On the other hand, unless the Court reconsiders its April 21 Order and denies the discovery sought by plaintiff or conditions it on plaintiff obtaining relief from the Bahrain courts authorizing disclosure of the investor information, Investcorp will be forced to violate Bahrain law and risk civil and criminal penalties, including possible revocation of its banking license, to comply with the Order.

---

2   See Trans. at 4 ("So whenever the plaintiff serves that [personal jurisdiction discovery] on us, we'll take a look at it and we'll respond to what we think is appropriate and object to what we think is not"), and 11 ("I'm not aware of whether there are any secrecy laws.... So I'll reserve on that.... [U]ntil they serve [investor] discovery and we see exactly what it is they're asking for, and I'm able to show that to the business people who know about this, I really have to just reserve on any issues related to confidentiality").

## ARGUMENT

**Bahrain Law Precludes Disclosure By Investcorp Bank B.S.C. Or Its Subsidiaries And Affiliates.**

Plaintiff argues (Opposition at 6) that only Investcorp Bank B.S.C., and not its subsidiaries, is subject to Bahrain law, so Investcorp International, Inc. and Investcorp S.A. are free to turn over the investor information. That is not true.

Investcorp respectfully requests leave to file with the Court the declaration of Bahrainian counsel to explain the controlling law, who specifically has advised that (1) the names and addresses of the investors sought by plaintiff are "Confidential Information" under Bahrain law, and (2) Article 117 of the Central Bank of Bahrain and Financial Institutions Law (Decree Law No. 64/2006) prohibits Investcorp Bank B.S.C. and its affiliated entities from disclosing this information. If, as plaintiff suggests (Opposition at 11-12), it has obtained an affidavit from a competent Bahrain law expert specifically refuting these two facts, which we very much doubt, it too should be filed, and so the Court can consider both and determine who is right. The grave risk of harm to Investcorp if its expert is correct and it is forced to violate Bahrain secrecy law outweighs plaintiff's desire to find hundreds more defendants against whom to file its tenuous claims, and warrants having a full factual record for the Court to decide the issues.

**The Investcorp Defendants Have Not Generally Waived Any Personal Jurisdiction Defenses Over Foreign Entities.**

Plaintiff inexplicably asserts that all of the Investcorp entity defendants have waived the defense of lack of personal jurisdiction (Opposition at 6 n.4), despite the

fact that Investcorp has asserted the defense at every possible opportunity, and briefing on this issue, among others, is proceeding before the District Court.

To make the record clear, while there is no dispute as to personal jurisdiction over Investcorp Bank B.S.C., Investcorp International, Inc. or Investcorp S.A. (*see* Trans. at 4-5, 7), the issue of personal jurisdiction over the more than two dozen other foreign Investcorp entities named as defendants has not been conceded, and the defense has not been waived.

**The Confidentiality And Secrecy Law Issue Has Been Timely Raised.**

One other bit of plaintiff's hyperbole warrants a specific response – that the Investcorp defendants "have actively concealed the issue [concerning Bahrain secrecy laws] in order to delay production as long as possible." (Opposition at 1; *see also id.* at 15) Nothing could be further from the truth.

As we stated when the Court raised the matter at the April 21 conference, as of that time the question of whether any secrecy laws apply had not been considered. (Trans. at 11) Since discovery of the investor information had not yet been authorized, and no discovery requests for the information had been served, there was no reason to look into the question before the Court suggested it. Promptly after the conference, Investcorp made appropriate inquiry of a Bahrain law expert, got the answer and timely raised it in the reconsideration motion in accordance with the Court's rules. To suggest, as plaintiff does, that Investcorp and its counsel made misrepresentations to the Court in order to gain tactical advantage is unsupportable.

5

        For whatever reason, plaintiff has chosen to approach the issue of investor discovery not in the manner provided by the discovery rules – which, had they been followed, would have assured a clear record of the requests and objections thereto – but by a letter to the Court seeking authorization to propound such discovery and then, when the authorization was granted, by an informal letter to Investcorp's counsel. For its part, Investcorp has acted in good faith and brought the matter to the Court for determination as promptly as could be reasonably expected under the circumstances.

## CONCLUSION

For all of the foregoing reasons, and those stated in their May 1 supporting memorandum of law, the Investcorp defendants respectfully request that the Court reconsider its April 21 Order and deny the discovery sought by plaintiff or, alternatively, condition such discovery on plaintiff obtaining relief from the Bahrain courts authorizing disclosure of the investor information by Investcorp.

Dated: New York, New York
      May 8, 2008

                William P. Frank (William.Frank@skadden.com)
                SKADDEN, ARPS, SLATE,
                   MEAGHER & FLOM LLP
                Four Times Square
                New York, New York 10036
                (212) 735-3000

                and

                _____
                Anthony W. Clark (Anthony.Clark@skadden.com)
                SKADDEN, ARPS, SLATE,
                   MEAGHER & FLOM LLP
                One Rodney Square
                P.O. Box 636
                Wilmington, Delaware 19899
                (302) 651-3000

                Attorneys for Investcorp Entity Defendants
                and Investcorp Director Defendants

532512-Wilmington Server 1A - MSW

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                                  ) ss.:
COUNTY OF NEW YORK  )

Kenneth J. Horrmann, being duly sworn, deposes and says:

1. I am over eighteen years of age, not a party to the action and am employed by Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036.

2. That on the 8th day of May, 2008, I served a true copy of Investcorp Defendants' Reply in Support of Motion for Reconsideration by first-class mail by depositing same in a post-paid properly addressed envelope, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York upon:

| | |
|---|---|
| Kevin C. Walz | David A. Cardillo |
| 8045 Bainbrook Drive | 23 St. Glory Road |
| Chagrin Falls, OG  44023 | Greenville, PA 16125 |

*/s/ Kenneth J. Horrmann*
Kenneth J. Horrmann

Sworn to before me this
8th day of May 2008.

*/s/ Brian E. Keating*
Brian E. Keating
Notary Public, State of New York
No. 60-50009535
Qualified in New York County
Commission Expires March 15, 2011