WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
J. Christopher Shore (JCS-6031)

633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
(213) 620-7700
Craig H. Averch (Admitted *Pro Hac Vice*)

Attorneys for Plaintiff OLD LADDER LITIGATION CO., LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust,<br><br>　　　　Plaintiff,<br><br>v.<br><br>INVESTCORP BANK B.S.C., *et al.*,<br><br>　　　　Defendants. | Case No. 08 CIV 0876 (RMB)(THK)<br><br>**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO INVESTCORP DEFENDANTS' MOTION FOR RECONSIDERATION** |

Old Ladder files this limited sur-reply to address a discrete legal contention raised in the Investcorp Defendants' reply brief, dated May 8, 2008 (the "Reply") that was not presented in the Motion.[1] Specifically, at page 3 of the Reply, counsel for the Investcorp Defendants contend that Article 117 not only subjects the Bank (a Bahraini "Licensee") to a potential penalty for producing information regarding its customers, the law subjects <u>all other Investcorp Defendants</u> to Bahraini penalties for disclosing information about their customers and investors, regardless of where those Defendants are located, in what jurisdiction they are chartered, what law governs their operations, or what ties they have to the Bank.[2]

The procedural games have to stop. We trust that, in reviewing the record, the Court will be asking many of the same questions that we have regarding the Investcorp Defendants' claimed procedural expectations – Did they anticipate that, after two court hearings on the issue of discovery of names and addresses, there was going to be a <u>third</u> to address any other impediments to disclosure that might arise? If there is an absolute bar to production under foreign law, why did they ever need to raise arguments with respect to timing, scope or jurisdiction? What was the point of counsel agreeing on the record at the first hearing that the letters to the Court would serve as formal discovery, if they were going to contend in the Reply that "there have been no discovery requests?" If counsel was actually expecting "formal" written requests and a subsequent opportunity to present their claimed secrecy objections, why are we now having a motion to reconsider an order that, in their view, only permitted (not ordered) discovery? When counsel stated at the second hearing that three of the Investcorp Defendants have "control" over the information but "it would be entirely conceivable" that a protective order

---

[1] Capitalized terms not otherwise defined herein are defined in Old Ladder's Memorandum of Law in Opposition to Investcorp Defendants' Motion for Reconsideration Filed on May 7, 2008.

[2] In that regard, the Bank has not shown that it has any direct ownership interest in, or even operational control over, any of the Investcorp entities whose investors are the subject of the outstanding discovery.

might need to be entered, did they expect to reserve on the issue as to whether the information would ever have to be produced at all?

The Investcorp Defendants' latest procedural chicanery goes far too far. In the Motion, counsel was somewhat lax in their use of defined terms for their clients, alternating between referring to the group collectively as "Investcorp" or the "Investcorp defendants." But, when it came to discussing Article 117, counsel was quite specific: "a violation of the prohibition on disclosing this information under Article 117 may result in imprisonment and a fine of 10,000 Bahrain Dinars (more than $25,000), and could subject Investcorp Bank B.S.C. to suspension or revocation of its banking license." (Motion at 2) (emphasis added). That threat of penalty exists, the Motion contends, because the Bank is a "Licensee" under Article 117. Nowhere in the Motion did counsel contend that any other Investcorp Defendant is a "Licensee" under Article 117 (which they clearly are not) or that any is subject to penalties under that law if they produce names and addresses in accordance with a valid United States court order in a United States litigation. Thus, as we argued in opposition, the Court should simply order production from the non-Bahraini Investcorp Defendants and make clear that such order was over the strenuous objection of the Bank.

Now, the Investcorp Defendants seek to counter by contending, for the first time, that they too would violate Bahraini law if they produced information regarding their operations. Clearly, one might question the concept that a Bahraini law governing Bahraini banks could restrict a United States court from exercising discovery authority over companies organized and operating in the United States, the Cayman Islands, and Luxembourg. That concept would, for example, come as a stark surprise to entities such as Tiffany, Gucci and Circle K convenience stores, each of which is owned in part by "Investcorp." See

http://www.investcorp.com/Template1a.aspx?pageid=OB2.0. The Court need not, however, oversee a battle of the experts on that point.[3]

It is blackletter law that a party may not raise new factual or legal matters in a reply brief *See, e.g., Estate of Morris v. Dapolito*, 297 F.Supp.2d 680, 689 n.7 (S.D.N.Y. 2004) ("We do not reach these contentions because it is well settled that arguments may not be raised for the first time in a reply brief as that tactic denies the plaintiff the opportunity to respond"). Here, an application of that rule is particularly critical given that the process of contacting and seeking advice from Bahraini legal counsel is significantly complicated by language and time barriers. Simply, had the Investcorp Defendants raised the new argument in its Motion, Old Ladder would have had time to counter the argument. Under present circumstances, it does not, and the new argument in the Reply should be stricken.

WHITE & CASE LLP

By: *[signature]* J. Christopher Shore (JS-6031)
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

*Attorneys for Plaintiff OLD LADDER LITIGATION CO., LLC*

Dated: May 9, 2008
New York, New York

---

[3] We note that, in arguing for such a battle, the Reply presupposes that the Court will grant reargument. However, although they vehemently deny intentionally springing the issue, the Investcorp Defendants never explain in a satisfactory fashion why the present issues relating to Article 117 were not raised weeks ago. To the extent, however, that the Court grants reargument, Old Ladder reserves the right to address the new Reply argument in any foreign law affidavit which may need to be filed.