**Hatim S. Zu'bi & Partners**
Al Mahmood & El Nayal
Attorneys and Legal Consultants

حاتـم الزعـبي وشركـاء
المحـمود و النيـل
محامـون ومستشـارون قانونيـون

| | |
|---|---|
| **Hatim S. Zu'bi** Hon. G.B.E. | Senior Partner/Advocate |
| L. L. B (Hons.) London, F.Ch.I Arb of Lincoln's Inn, Barrister-at-law | |
| **Hamid A. Al Mahmood** L.L.B | Partner / Advocate |
| **Ma'awia T. El Nayal** L.L.B | Partner/Advocate |
| **E. Hugh Stokes** | Solicitor/Senior Associate |
| M A (Oxon), A.C.I Arb | |
| **Maaria Ashraf** L.L.M | Associate |
| **Dr. Mohammed H. Salama** | Senior Consultant |
| **Wafa Zayani** L.L.B | Advocate |
| **Hashim Juma** L.L.B | Advocate |
| **Naji Al Shafie** L.L.B | Consultant |
| **Hassana Hussami Zu'bi** | (Former Judge) Of Counsel |
| D E A Paris II Sorbonne | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
OLD LADDER LITIGATION CO., LLC, as :
Litigation Designee on behalf of the
Liquidation Trust,                 :

                  Plaintiff,       :      08 cv 0876 (RMB)
       vs.                         :

INVESTCORP BANK B.S.C. et al.,     :

                  Defendants.
-----------------------------------x

**SUPPLEMENTAL DECLARATION OF HATIM S. ZU'BI
IN SUPPORT OF MOTION FOR RECONSIDERATION**

HATIM S. ZU'BI declares as follows:

1. I have been shown a Declaration made on May 19, 2008 by Mr. Qays Hatim Zu'bi, Attorney and Legal Consultant of Bahrain ("Plaintiff's Declaration") in opposition to the Investcorp Defendants' Motion For Reconsideration. I wish to make this Supplemental Declaration further to my Declaration of May 17, 2008 in support of the Motion For Reconsideration.

2. As I explain further below, several statements in Plaintiff's Declaration lack a good or acceptable basis or foundation in Bahrain law. But the principal focus, and error, in Plaintiff's Declaration is the assertion that the names and addresses of the investors in the Cayman Investcorp entity defendants listed in paragraph 4(e) of the

534442.01-Wilmington Server 1A                    MSW - Draft May 22, 2008 - 9:18 PM

بداية باب البحرين، ١٥٠ شارع الحكومة، الطابق الأول، ٣١٥ المنامة - مملكة البحرين هاتف ١٧٢٢٥١٥١، فاكس ١٧٢٢٤٧٤٤ ص. ب ٥٠٢، المنامة - مملكة البحرين

Bab Al Bahrain Building, 150 Government Road, 1st Floor, Manama 315-Kingdom of Bahrain, P.O. Box 502 Manama-Kingdom of Bahrain
Tel +973 17225151 Fax +973 17224744 www.hatimzubilaw.com



**Hatim S. Zu'bi & Partners**
Al Mahmood & El Nayal
Attorneys and Legal Consultants

Continuation Sheet

declaration are not "Confidential Information" subject to the disclosure prohibition in Article 117 of the CBB Law. This error flows from a fundamental misconception of the relationship between these investors and the Investcorp defendants.

3. Plaintiff's Declaration agrees with my earlier declaration that (i) "Confidential Information" means "any information on the private affairs of any of the Licensee's customers", (ii) under Article 117 of the CBB Law, such Confidential Information may not be disclosed except in certain limited circumstances, none of which applies here, and (iii) Investcorp Bank B.S.C. is a registered Licensee subject to these laws. (Plaintiff's Declaration 9-11) Also, Plaintiff's Declaration does not dispute that customer name and address information comes within the definition of Confidential Information.

4. Rather, the argument in Plaintiff's Declaration is that because the Cayman Investcorp entity defendants at issue are not subsidiaries of Investcorp Bank B.S.C., the investors in those entities are not customers of Investcorp Bank B.S.C. and, therefore, their names and addresses are not Confidential Information. (Plaintiff's Declaration 4(e), 11) This assumes, with no factual support, that the investors in the Cayman Investcorp entity defendants are not also customers of Investcorp Bank B.S.C. That assumption is wrong.

5. In fact, all of the investors in the Cayman Investcorp entity defendants are customers of Investcorp Bank B.S.C. In accordance with its normal practice, when Investcorp Bank B.S.C. proposed the Werner investment, the offering documents required that subscriptions for the investment be made to Investcorp Bank B.S.C. at its head office in Bahrain. In other words, anyone who wanted to participate in the Werner

Continuation Sheet

Hatim S. Zu'bi & Partners
Al Mahmood & El Nayal
Attorneys and Legal Consultants

حاتم الزعبي وشركاه
المحمود و النيل
محامون ومستشارون قانونيون

صفحة تابعة

investment had to first become a customer of the investment placement services group at Investcorp Bank B.S.C., which is based in Bahrain and serves a client base in the six countries of the Gulf Cooperation Council. Thus, because these investors are customers of Investcorp Bank B.S.C., they are entitled to the protection afforded by Bahrain law against disclosure of their Confidential Information, including their names and addresses. The ultimate conclusion in Plaintiff's Declaration (11), that there is "no decisional authority which would prevent disclosure of the names and addresses of investors in the Investcorp Defendants *other than Investcorp Bank's customers*", implicitly acknowledges that fact.

6. There are several other errors and unsubstantiated assertions in Plaintiff's Declaration. I will highlight just a few of them.

7. The assertion in Plaintiff's Declaration (10), that if Investcorp Bank B.S.C. only asked, the Central Bank of Bahrain (the "CBB") would approve the release of the investor identification Confidential Information, is without basis. Article 117 of the CBB Law, the customer confidentiality provision, is a mandatory rule of public policy which the CBB is duty bound to enforce and ensure that all licensees observe the non-disclosure requirement. The CBB cannot, and I am sure would not, give approval or instructions to Investcorp Bank B.S.C. to break this mandatory rule of the law.

8. Contrary to the suggestion in Plaintiff's Declaration (12), the courts of Bahrain do not have any discretion to decide whether or not to enforce an order made by a foreign court unless it satisfies the conditions expressly provided in Article 252 of the Law of Civil and Commercial Procedure of 1971 as amended, which provides:



Hatim S. Zu'bi & Partners
Al Mahmood & El Nayal
Attorneys and Legal Consultants

حاتم الزعبي وشركاه
المحمود و النبل
محامون ومستشارون قانونيون

Continuation Sheet                                     صفحة تابعة

Court judgments and orders passed in any foreign country may be ordered to be enforced on the same conditions as are laid down in the law of that country for enforcing court judgments and orders issued in Bahrain.

Because there is no reciprocity treaty between Bahrain and the United States of America, a Bahrain Court may not enforce a disclosure order made by a U.S. Court. Moreover, beyond the reciprocity requirement, Article 252 provides that foreign court orders may not be enforced unless the Bahrain Law Courts are not competent to hear the case in respect of which the order is made; here, the Bahrain courts are competent. Article 252 also provides that if the foreign court order contravenes the mandatory rules of secrecy which are part of the rules of public policy (Bahrain being an international banking center), it may not be enforced.

9. The contention (Plaintiff's Declaration 15) that "any disclosure which was made subject to a Court order" would be "lawful" under Bahrain law is also misleading. The exception to the confidentiality non-disclosure requirement provided by paragraph 3 of Article 117 expressly is limited to disclosure made "in the process of executing an order issued by a *Competent Court*". The U.S. Court is not a competent court in so far as enforcement of CBB Law is concerned.

10. Lastly, the arguments in paragraphs 16 and 17 of Plaintiff's Declaration concerning retroactivity of the CBB Law and regulation of "conduct outside Bahrain by non-Bahraini, non-Licensee entities regarding their own investors" are based on the same faulty assumption – that the Cayman entity investors are not customers of Investcorp Bank B.S.C. – refuted above. These investors are, in fact, customers of Investcorp Bank B.S.C. who are expressly afforded the clear protection of non-disclosure of their Confidential Information under Bahrain law.



Continuation Sheet

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Manama, Bahrain, on May 23, 2008.

_____
Hatim S. Zu'bi

5

CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court, hereby certified under penalty of perjury, that on May 23, 2008, I caused a true copy of the *Supplemental Declaration of Hatim S. Zu'bi in Support of Motion for Reconsideration* with *the exhibit annexed thereto* to be served upon the following parties as indicated:

By First-Class Mail

Kevin C. Walz
8045 Bainbrook Drive
Chagrin Falls, OH 44023

David A. Cardillo
23 St. Glory Road
Greenville, PA 16125

Dated: New York, New York
       May 23, 2008

*[signature]*
Steven Ray Katzenstein

1