William P. Frank (William.Frank@skadden.com)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

and

Anthony W. Clark (Anthony.Clark@skadden.com)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Attorneys for Investcorp Entity Defendants
and Investcorp Director Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
OLD LADDER LITIGATION CO., LLC, as Litigation  :
Designee on behalf of the Liquidation Trust,   :
                                               :      08 cv 0876 (RMB)(THK)
                Plaintiff,                     :
         vs.                                   :      **ELECTRONICALLY FILED**
                                               :
INVESTCORP BANK B.S.C., et al.,                :
                                               :
                Defendants.                    :
------------------------------------x

**INVESTCORP DEFENDANTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S APRIL 21, 2008
AND MAY 29, 2008 ORDERS**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. Pro. 72(a), the Investcorp defendants respectfully submit the following objections to Magistrate Judge Theodore H. Katz's (i) April 21, 2008 bench ruling (the "April 21 Order") directing them to provide expedited discovery to plaintiff, constituting confidential names and addresses of the Investcorp defendants' investors contrary to Bahrain law, and (ii) the Memorandum Opinion and Order dated May 29, 2008 (the "May 29 Order") denying the Investcorp defendants' motion for reconsideration of the April 21 Order.

## STANDARD OF REVIEW

As to non-dispositive matters, the district court must determine whether the magistrate judge's order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442, 1996 U.S. Dist. LEXIS 6022, at *2 (S.D.N.Y. May 6, 1996) (citation omitted).

## BACKGROUND TO OBJECTIONS

In its February 27, 2008 letter to the Court (Ex. 1 at 1),[1] plaintiff requested "that the Court set a pre-motion conference to discuss the conducting of limited discovery, prior to any Rule 26(f) conference, into the identities and locations of certain 'Doe Defendants' who have been named as parties in this action." In their April 1, 2008 response (Ex. 2 at 1), the Investcorp defendants argued "in opposition to plaintiff's request for expedited discovery." Thus, the only matter before the magistrate judge was whether plaintiff was entitled to conduct discovery on an expedited basis.

At the April 21, 2008 conference, Magistrate Judge Katz ruled as follows: "I'm going to authorize the discovery regarding identities and addresses of these investors. I think there's a sufficient basis to proceed with that limited discovery at this point." (Trans. at 13) Before that ruling, because plaintiff had never provided any formal discovery requests in accordance with the Federal Rules of Civil Procedure – in fact, plaintiff still has not served any such discovery requests – Investcorp argued that plaintiff "should also propound the discovery on transferee issues so I know exactly what they're

---

[1] The following documents constitute the record before the magistrate judge and are attached as exhibits to the Declaration of Jason Liberi: Ex. 1, plaintiff's February 27, 2008 letter; Ex. 2, Investcorp defendants' April 1, 2008 letter; Ex. 3, plaintiff's April 17, 2008 letter; Ex. 4, transcript of April 21, 2008 conference, cited "Trans. at ___"; Ex. 5, Investcorp defendants' May 1, 2008 letter; Ex. 6, Investcorp Defendants' Motion for Reconsideration, dated May 1, 2008; Ex. 7, plaintiff's Objection to Motion for Reconsideration, dated May 7, 2008; Ex. 8, Investcorp defendants' Reply in Support of Motion for Reconsideration, dated May 8, 2008; Ex. 9, plaintiff's Sur-Reply in Opposition to Motion for Reconsideration, dated May 9, 2008; Ex. 10, Investcorp defendants' May 12, 2008 letter; Ex. 11, Declaration of Hatim S. Zu'bi in Support of Motion for Reconsideration, dated May 17, 2008; Ex. 12, Declaration of Qays H. Zu'bi in Opposition to Motion for Reconsideration, dated May 19, 2008; Ex. 13, Supplemental Declaration of Hatim S. Zu'bi in Support of Motion for Reconsideration, dated May 23, 2008; Ex. 14, plaintiff's May 27, 2008 letter; Ex. 15, the May 29 Order.

2

asking for and in exactly what form they're asking for it." (*Id.* at 12) After further colloquy between counsel and the Court, it was determined that the information described in plaintiff's letters to the Court would serve as an "interrogatory" to which the Investcorp defendants would respond.[2] (*Id.* at 12-13)

At the April 21 conference, because there had been no formal discovery requests, there also had been no opportunity to formally respond and object thereto in accordance with the applicable rules. Therefore, Investcorp raised the possibility that there might be objections to the information sought on confidentiality grounds, and the following discussion occurred:

> MR. CLARK: Your Honor, one word that Mr. Shore mentioned that I do want to say something about is confidentiality. I haven't explored that issue in-depth with my clients, but it would be entirely conceivable to me that the individual investors, or that my clients would believe that the information with respect to the individual investors, who they are and where they're located, should be kept confidential subject to some sort of protective order. I don't know that that's the case, but it may be. ...
>
> Now, I don't know if anything like that applies here, but I haven't said anything about it because it was premature to say anything about it. So if I say something about it later, I don't want anyone to think that I was foreclosed.
>
> THE COURT: Right. But you're not suggesting that there are any secrecy laws. It's more of a question of personal confidentiality.
>
> MR. CLARK: I'm not aware of whether there are any secrecy laws involved either. Good point, your Honor. So I'll reserve on that.
>
> THE COURT: I didn't mean to suggest –

---

2    Plaintiff's counsel said he understood from a prior status conference, which was not transcribed, that there was an agreement by the Investcorp defendants not to require a formal discovery request. (Trans. at 13) Counsel misunderstood what transpired at the earlier conference, as the Investcorp defendants have never waived their right to have any and all discovery in this matter conducted in accordance with the Federal Rules of Civil Procedure.

3

>MR. CLARK: I just don't know. And until they serve discovery and we see exactly what it is they're asking for, and I'm able to show that to the business people who know about this, I really have to just reserve on any issues related to confidentiality.

(Trans. at 10-11)

After the April 21 Order, the Investcorp defendants timely moved for reconsideration on the basis of the confidentiality issues discussed at the conference – specifically, that the investor names and addresses are confidential information under Bahrain law, where defendant Investcorp Bank B.S.C. is organized and domiciled, which precludes disclosure by Investcorp Bank B.S.C. and its affiliated entities. (*See* Ex. 6) The May 29 Order denied that motion and requires the Investcorp defendants, other than Investcorp Bank B.S.C., to produce the information within seven days of the order.[3]

## OBJECTIONS

### I. THE MAY 29 ORDER ERRS IN ITS ANALYSIS REGARDING WHETHER TO ORDER DISCLOSURES CONTRARY TO THE LAW OF A FOREIGN NATION.

The April 21 and May 29 Orders require the Investcorp defendants to produce information deemed "confidential" under Bahrain law, the disclosure of which information would subject defendant Investcorp Bank B.S.C. to potential civil and criminal penalties, including revocation of its operating license. The May 29 Order (at 8) acknowledged that plaintiff's Bahrain law expert agreed with the Investcorp defendants' Bahrain law expert that the information sought by plaintiff (*i.e.*, customer names and addresses) is "confidential information" under Bahrain law, and that "the law is aimed at the disclosure of confidential information relating to the private affairs of any customers

---

3   Under Fed. R. Civ. P. 6(a) and Local Civil Rule 6.4, the time to comply with the May 29 Order runs through Monday, June 9. Therefore, the Investcorp defendants respectfully request that the Court rule on the Objections before that date or stay the May 29 Order pending a determination of the Objections.

4

of a 'licensee' regulated by the [Central Bank of Bahrain]." However, the plaintiff's expert incorrectly assumed that Investcorp Bank B.S.C. customers who are also investors in non-Bahrain-domiciled Investcorp affiliates and related entities are not customers of Investcorp Bank B.S.C. (*see* Ex. 12 ¶ 11), and thus not "entitled to the protection of the confidentiality law, because only Investcorp Bank is a registered licensee in Bahrain." (May 29 Order at 8)

In fact, as explained in the Investcorp defendants' expert's Supplemental Declaration (Ex. 13) – which was necessary to correct the plaintiff's expert's contrary assumption – the Investcorp investors who invested in the non-Bahrain domiciled entities are also customers of Investcorp Bank B.S.C. and are properly entitled to the protection of the Bahrain confidentiality laws. (May 29 Order at 9-10)

On these facts, the plaintiff's expert would not disagree that Investcorp Bank B.S.C. faces possible penalties under Bahrain law whether the requested information is produced by Investcorp Bank B.S.C. itself or any of the related entities named as defendants in this action. (*See* plaintiff's expert's declaration, Ex. 12, ¶ 11: "the only information subject to protection under Bahraini law is information on the 'private affairs' of Investcorp Bank's 'customers.'").

The magistrate judge properly recognized that Investcorp Bank B.S.C. "clearly is subject to Bahraini secrecy laws" and could face "serious consequences" if "required to disclose investor information in violation of Bahraini law," and, therefore, declined to compel Investcorp Bank B.S.C. itself to produce the requested information. (May 29 Order at 6, 12-13) But in ordering the other Investcorp defendants to produce the investor information, the magistrate judge erroneously concluded that "the

5

information to be produced by the non-Bahraini Investcorp Defendants is not protected by Bahraini secrecy law", notwithstanding that "the investors in the non-Bahrain entities are also customers of Investcorp Bank[.]" (*Id.* at 13 and n.2) Because the information sought is, in fact, confidential information of customers of Bahrain Bank B.S.C., it is protected by Bahrain law, which, as the Investcorp defendants' expert explained, "prohibits Investcorp Bank B.S.C. *and its affiliated entities* from disclosing investor names and addresses." (Ex. 11, ¶ 6) (emphasis added)

Because the May 29 Order misapplies the law and the critical facts, as discussed above, the April 21 and May 29 Orders should be vacated.

## II. THE APRIL 21 AND MAY 29 ORDERS IMPROPERLY SHIFT THE BURDEN OF EXPEDITED DISCOVERY TO THE INVESTCORP DEFENDANTS, CONTRARY TO THE LAW.

A party may not seek expedited discovery unless there is a stipulation among the parties or a court order allowing such discovery. *See* Fed. R. Civ. P. 26(d)(1). There is no such stipulation here. Thus, plaintiff was not authorized to serve discovery requests upon the Investcorp defendants until the Court approved expedited discovery by its April 21 Order.

Before the April 21 Order, the Investcorp defendants similarly had no obligation under the law to respond or object to plaintiff's unauthorized information request. Nor were the Investcorp defendants obligated to respond or object to plaintiff's discovery requests until such requests were properly served upon them, which has never occurred. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court"). While the

6

magistrate judge could, and did, determine that the discovery plaintiff wants to take be expedited, plaintiff never sought an order denying the Investcorp defendants their right to object to particular discovery requests under Rule 33 and the other discovery rules.

The April 21 and May 29 Orders are thus clearly erroneous, and contrary to law, as they are based on the mistaken premise that the Investcorp defendants were obligated to respond and object to the plaintiff's unauthorized information requests when no such obligation existed under the law. (*See, e.g.*, May 29 Order, at 3, 5-6, 12) Because these Orders compel the production of the requested information in contravention of the Investcorp defendants' rights under the Federal Rules of Civil Procedure, they should be vacated.

## CONCLUSION

For all of the foregoing reasons, the Investcorp defendants respectfully request the Court to vacate the April 21 and May 29 Orders.

Dated: New York, New York
      June 2, 2008

                  /s/ William P. Frank
                William P. Frank (William.Frank@skadden.com)
                SKADDEN, ARPS, SLATE,
                   MEAGHER & FLOM LLP
                Four Times Square
                New York, New York  10036
                (212) 735-3000

                and

                Anthony W. Clark (Anthony.Clark@skadden.com)
                SKADDEN, ARPS, SLATE,
                   MEAGHER & FLOM LLP
                One Rodney Square
                P.O. Box 636
                Wilmington, Delaware 19899
                (302) 651-3000

                Attorneys for Investcorp Entity Defendants
                and Investcorp Director Defendants

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Kenneth J. Horrmann, being duly sworn, deposes and says:

1. I am not a party to the action, am over 18 years of age and am employed by Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036.

2. On June 2, 2008, I served the following:

- **INVESTCORP Defendants' Objections To The Magistrate Judge's April 21, 2008 and May 29, 2008 Orders**
- **Declaration of Jason M. Liberi**

By first-class mail by depositing same in a post-paid properly addressed envelope, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York upon:

Kevin C. Walz
8045 Bainbrook Drive
Chagrin Falls, OG 44023

David A. Cardillo
23 St. Glory Road
Greenville, PA 16125

/s/ Kenneth J. Horrmann
Kenneth J. Horrmann

Sworn to before me this
2nd day of June, 2008.

Brian E. Keating
Notary Public, State of New York
No. 60-5009535
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires March 15, 2011