UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OLD LADDER LITIGATION CO., LLC, as Litigation     :
Designee on behalf of the Liquidation Trust,     :
    :
                Plaintiff,     :    08 cv 0876
       vs.     :    (RMB)(THK)
    :
INVESTCORP BANK B.S.C., et al.,     :
    :
                Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## OPENING MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTIONS TO TRANSFER VENUE AND TO DISMISS THE COMPLAINT

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT ................................................................................................................... 3

I.     This Action Should Be Transferred To Delaware. ............................................... 3

       A.     Legal standards for venue transfer ........................................................... 3

       B.     The interests of justice and judicial efficiency and economy favor
              transfer of this case to the District of Delaware ...................................... 4

       C.     Plaintiff's forum shopping should not be rewarded. ................................. 6

       D.     Pennsylvania and Delaware, in the Third Circuit, are the center of
              gravity of events in this case. ................................................................... 7

       E.     Witnesses will be available in either forum, and will not be
              inconvenienced by a transfer of venue ..................................................... 8

       F.     The District of Delaware is a convenient forum for the parties. ............... 9

II.    Plaintiff's Claims Should Be Dismissed. .......................................................... 10

       A.     Failure to state a claim upon which relief can be granted ...................... 10

              1.     Claims barred by applicable statutes of limitations ..................... 10

              2.     Claims subject to Bankruptcy Code section 546(e) ..................... 11

              3.     Claims not recognized under the law ............................................ 12

              4.     Claims with deficient factual allegations ..................................... 13

B.    Defenses particular to certain defendants ...............................................23

    1.    Investcorp defendants .................................................................23

    2.    Lack of personal jurisdiction over the Garcell Defendants
        and defendants Brooks, Conn, Dylik, Filardi, Fischer,
        Gericke, Lewis, Martin, Pressler, Remmers, Richman,
        Leonard Green, Peter Nolan and Michael Wong ......................24

    3.    Werner and Solot family defendants............................................25

    4.    Officer defendants......................................................................26

    5.    Defendant Ilene Stewart.............................................................27

    6.    Defendant Loughlin Meghji.......................................................27

    7.    Defendant Murray Devine ..........................................................30

CONCLUSION................................................................................................33

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

*In re American Inv. Life Ins. Co. Annuity Mktg. & Sales Litig.,*
  2007 WL 2541216 (E.D. Pa. Aug. 29, 2007) (RICO Bus. Disp. Guide 11,369) ............. 32

*Andreae v. Andreae,*
  Civ. No. 11,905, 1992 Del. Ch. LEXIS 44 (Del. Ch. Mar. 3, 1992) ................................ 18

*Andrew Velez Constr., Inc. v. Consolidated Edison Co. of N.Y., Inc.,*
  373 B.R. 262 (Bankr. S.D.N.Y. 2007) .......................................................................... 28

*Aronson v. Lewis,*
  473 A.2d 805 (Del. 1984) ............................................................................................. 17

*In re BHC Commc'ns S'holder Litig., Inc.,*
  789 A.2d 1 (Del. Ch. 2001) .......................................................................................... 16

*Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.,*
  975 F. Supp. 562 (S.D.N.Y. 1997) ............................................................................... 23

*Benefit Trust Life Ins. Co. v. Union Nat'l Bank,*
  776 F.2d 1174 (3d. Cir. 1974) ...................................................................................... 22

*Bevill, Bresler & Schulman Asset Mgmt. Corp. v. Spencer Savings & Loan Assn.*
*(In re Bevill, Bresler & Schulman Asset Mgmt.),*
  878 F.2d 742 (3d Cir. 1989) ......................................................................................... 11

*Biggs v. Smith Barney, Inc. (In re David),*
  193 B.R. 935 (Bankr. C.D. Cal. 1996) ......................................................................... 11

*Borden, Inc. v. Advent Ink Co.,*
  701 A.2d 255 (Pa. Super. 1997) ................................................................................... 31

*Brandt v. B.A. Capital Co. LP, et al. (In re Plassein Int l Corp.),*
  366 B.R. 318 (Bankr. D. Del. 2007) ............................................................................... 6

*Brown v. SAP Am., Inc.,*
  C.A. No. 98-507, 1999 U.S. Dist. LEXIS 15525 (D. Del. 1999) .................................... 22

*Burns v. Grupo Mexico S.A. de C.V.,*
  07 Civ. 3496, 2007 U.S. Dist. LEXIS 84514 (S.D.N.Y. Nov. 16, 2007) .......................... 3

*In Re Carter-Wallace, Inc., Sec. Litig.,*
    220 F.3d 36 (2nd Cir. 2000) ........................................................................ 15

*CFJ Assoc. of N.Y., Inc. v. Hanson Indus.,*
    711 N.Y.S.2d 232 (N.Y. App. Div. 2000) ................................................... 29

*Cipollone v. Liggett Group, Inc.,*
    505 U.S. 504 (1992) ................................................................................... 12

*Citron v. Fairchild Camera and Instrument Corp.,*
    569 A.2d 53 (Del. 1989) ............................................................................ 25

*In re CompuCom System Stockholders Litig.,*
    C.A. No. 499-N, 2005 Del. Ch. LEXIS 145 (Del. Ch. Sept. 29, 2005) ........... 17

*Continuing Creditors' Comm. of Star Telecomms., Inc. v. Edgecomb,*
    385 F. Supp. 2d 449 (D. Del. 2004) .......................................................... 16

*Cortec Indus. V. Sum Holding, L.P.,*
    949 F.2d 42 (2d Cir. 1991) ........................................................................ 22

*Cuker v. Mikalauskas,*
    692 A.2d 1042 (Pa. 1997) ......................................................................... 17

*In re DaimlerChrysler AG Sec. Litig.,*
    197 F. Supp. 2d 86 (D. Del. 2002) ............................................................. 24

*DynCorp v. GTE Corp.,*
    215 F. Supp. 2d 308 (S.D.N.Y. 2002) ........................................................ 22

*etoll, Inc. v. Elias/Savion Adver., Inc.,*
    811 A.2d 10 (Pa. Super. 2002) .................................................................. 32

*FDIC v. Porco,*
    552 N.Y.S.2d 910 (N.Y. 1990) ................................................................... 13

*In re Federalpha Steel LLC,*
    341 B.R. 872 (Bankr. N.D. Ill. 2006) ......................................................... 24

*Fike v. Ruger,*
    754 A.2d 254 (Del. Ch. 1999) ................................................................... 10

*In re First Jersey Sec., Inc.,*
    180 F.3d 504 (3d Cir. 1999) ...................................................................... 28

*Fort Wash. Res., Inc. v. Tannen,*
    901 F. Supp. 932 (E.D. Pa. 1995) ................................................................. 31

*Freeman v. Hoffman-La Roche, Inc.,*
    06 Civ. 13497, 2007 U.S. Dist. LEXIS 23132 (S.D.N.Y. Mar. 21, 2007) ........................ 7

*Fry v. Trump,*
    681 F. Supp. 252 (D.N.J. 1988) ................................................................. 25

*Gee v. Eberle,*
    420 A.2d 1050 (Pa. Super. Ct. 1980) .......................................................... 23

*Glazer v. Zapata Corp.,*
    658 A.2d 176 (Del. Ch. 1993) ................................................................. 21

*Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.),*
    327 B.R. 711 (Bankr. D. Del. 2005) ........................................................... 14

*Grace v. Bank Leumi Trust Co. N.Y.,*
    02 Civ. 6612, 2004 U.S. Dist. LEXIS 5294 (S.D.N.Y. Mar. 30, 2004) ...................... 5, 7

*Harmelin v. Man Fin., Inc.,*
    C.A. No. 06-1944, 2007 U.S. Dist. LEXIS 87933 (E.D.Pa. Oct. 17, 2007) .................. 17

*Harve Benard Ltd. v. Nathan Rothschild, K.I.D. Intl Inc.,*
    02 Civ. 4033, 2003 U.S. Dist. LEXIS 2421 (S.D.N.Y. Feb. 10, 2003) ...................... 6

*Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.),*
    32 B.R. 199 (Bankr. S.D.N.Y. 1983) .......................................................... 14

*In re Intel Corp. Microprocessor Antitrust Litig.,*
    469 F. Supp. 2d 404 (D. Del. 2007) ........................................................... 23

*Ivanhoe Partners v. Newmont Mining Corp.,*
    535 A.2d 1334 (Del. 1987) ................................................................... 25

*Jazini v. Nissan Motor Co.,*
    148 F.3d 181 (2d Cir. 1998) .................................................................. 23

*In re Kaiser Steel Corp.,*
    952 F.2d 1230 (10th Cir. 1991) ............................................................... 11

*Kaplan v. Centex Corp.,*
    284 A.2d 119 (Del. Ch. 1971) ................................................................. 26

v

*Kaplan v. Goldsamt,*
    380 A.2d 556 (Del. Ch. 1977) ................................................................. 20

*Lippe v. Bairnco Corp.,*
    230 B.R. 906 (S.D.N.Y. 1999) ................................................................. 14

*Lowenschuss v. Resorts Intl, Inc. (In re Resort Intl, Inc.),*
    181 F.3d 505 (3d Cir. 1999) ................................................................. 6, 11

*In re Lukens Inc. S'holders Litig.,*
    757 A.2d 720 (Del. Ch. 1999) ................................................................. 16

*Maillie v. Greater Del. Valley Health Care,*
    628 A.2d 528 (Pa. Cmwlth. 1993) ................................................................. 10

*Magten Asset Mgmt. V. Paul Hastings Janofsky & Walker LLP,*
    No. Civ. A. 04-1256, 2007 WL 129003 (D. Del Jan. 12, 2007) ...................................... 13

*Malpiede v. Townson,*
    780 A.2d 1075 (Del. 2001) ................................................................. 16, 20

*In re Manville Forest Prods. Corp.,*
    896 F.2d 1384 (2d Cir. 1990) ................................................................. 3, 4

*Matsumura v. Benihana Nat. Corp.,*
    542 F. Supp 2d 245 (S.D.N.Y. 2008) ................................................................. 13

*Miller v. Dutil (In re Total Containment, Inc.),*
    335 B.R. 589 (Bankr. E.D. Pa. 2005) ................................................................. 12

*Miller v. Santilli,*
    No. 1225, 2007 Phila. Ct. Com. Pl. LEXIS 252
    (Phila. Ct. Com. Pl. Sept. 20, 2007) ................................................................. 13

*Nisselson v. Drew Indus., Inc. (In re White Metal and Stamping Corp.),*
    222 B.R. 417 (Bankr. S.D.N.Y. 1998) ................................................................. 22

*Norkin v. DLA Piper Rudnick Gray Cary LLP,*
    05 Civ. 9137, 2006 U.S. Dist. LEXIS 14254 (S.D.N.Y. March 31, 2006) ................... 3, 4

*Odyssey Partners, L.P. v. Fleming Cos.,*
    735 A.2d 386 (Del. Ch. 1999) ................................................................. 18

*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman,*
    306 B.R. 746 (S.D.N.Y. 2004) ................................................................. 4

*Official Comm. Of Unsecured Creditors v.*
*Lattman (In re Norstan Apparel Shops, Inc.)*,
    367 B.R. 68 (Bankr. E.D.N.Y. 2007) ............................................................. 7

*Official Comm. Of Unsecured Creditors v. R.F. Lafferty & Co.,*
    267 F.3d 340 (3d Cir. 2001) ...................................................................... 30

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A.,*
    137 F. Supp. 2d 502 (S.D.N.Y. 2001) ........................................................ 19

*Official Comm. of Unsecured Creditors of Hechinger Investment Company of Delaware Inc.*
*v. Fleet Retail Finance Group (In re Hechinger Investment. Company of Delaware),*
    274 B.R. 71 (D. Del. 2002) ....................................................................... 12

*Orlando v. Kukielka,*
    836 N.Y.S.2d 252 (N.Y. App. Div. 2007) .................................................. 29

*Orman v. Cullman,*
    794 A.2d 5 (Del. Ch. 2002) ....................................................................... 19

*Pardo v. Avanti Corporate Health Sys., Inc. (In re APF Co.),*
    274 B.R. 634 (Bankr. D. Del. 2001) .......................................................... 15

*PDK Labs, Inc. v. Friedlander,*
    103 F.3d 1105 (2d Cir. 1997) .................................................................... 23

*Pereira v. Farace,*
    413 F.3d 330 (2d Cir. 2005) ...................................................................... 16

*In re Pillowtex, Inc.,*
    304 F.3d 246 (3d Cir. 2002) ...................................................................... 27

*Prod. Res. Group, L.L.C. v. NCT Group, Inc.,*
    863 A.2d 772 (Del. Ch. 2004) ................................................................... 16

*In re Rexene Corp.,*
    Civ. A. Nos. 10,897, 11,300, 1991 Del. Ch. LEXIS 81
    (Del. Ch. May 8, 1991) ............................................................................. 19

*Robinson Protective Alarm Co. v. Bolger & Picker,*
    516 A.2d 299 (Pa. 1986) ........................................................................... 31

*Rombach v. Chang,*
    355 F.3d 164 (2nd Cir. 2004) .............................................................. 13, 15

*Shearson Lehman Hutton, Inc. v. Wagoner,*
    944 F.2d 114 (2d Cir. 1991) ................................................................ 30

*Simms v. Exeter Architectural Prods., Inc.,*
    868 F. Supp. 668 (M.D. Pa. 1994) ..................................................... 21

*Sinclair Oil Corp. v. Levien,*
    280 A.2d 717 (Del. 1971) .................................................................. 19

*Smith v. Van Gorkom,*
    488 A.2d 858 (Del. 1985) ............................................................ 17, 20

*Superior Vision Servs., Inc. v. Reliastar Life Ins. Co.,*
    No. Civ. A. 1668-N, 2006 WL 2521426 (Del. Ch. Aug. 25, 2006) ................................ 25

*Telxon Corp. v. Meyerson,*
    802 A.2d 257 (Del. 2002) .................................................................. 19

*In re Terrorist Attacks on Sept. 11, 2001,*
    392 F. Supp. 2d 539 (S.D.N.Y. 2005) ............................................... 24

*In re The Brown Sch.,*
    368 B.R. 394 (Bankr. D. Del. 2007) ................................................. 28

*In Re: The Limited, Inc., S'holders Litig.,*
    No. CIV. A. 17148-NC, 2002 WL 537692 (Del. Ch. Mar. 27, 2002) ............................ 21

*Trenwick Am. Litig. Trust v. Ernst & Young, LLP,*
    906 A.2d 168 (Del. Ch. 2006), *aff'd*
    No. 495, 2006, 2007 Del. LEXIS 357 (Del. Aug. 14, 2007) .............................. 12, 13, 21

*TM Claims Serv. A/S/O/ Fuji Photo Film, Inc. v. KLM Royal Dutch Airlines,*
    143 F. Supp. 2d 402, 407 (S.D.N.Y. 2001) ....................................... 4

*Tyson Foods, Inc. Consol. S'holder Lit.,*
    919 A.2d 563 (Del. Ch. 2007) ........................................................... 18

*In re Walt Disney Co. Derivative Litig.,*
    906 A.2d 27 (Del. 2006) ........................................................... 17, 18, 20

*In re Walt Disney Co. Derivative Litig.,*
    907 A.2d 693 (Del. Ch. 2005) ........................................................... 16

*Williams v. Nationwide Mutual Ins. Co.,*
    750 A.2d 881 (Pa. Super. 2000) ...................................................... 32

*Wood v. Coastal States Gas Corp.,*
    401 A.2d 932 (Del. 1979) ................................................................ 23

*York Linings v. Roach,*
    No. 16622-NC, 1999 WL 608850 (Del. Ch. July 28, 1999) ............................ 26

| **STATUTES** | **PAGE(S)** |
|---|---|

| 10 Del. C. § 8106 ........................................................................ | 10, 24 |
| 11 U.S.C. § 108 ........................................................................... | 10 |
| 11 U.S.C. § 327 ........................................................................... | 27, 28 |
| 11 U.S.C. § 544 ........................................................................... | 1, 6, 7, 11, 12 |
| 11 U.S.C. § 546 ........................................................................... | 1, 6, 7, 11, 12 |
| 11 U.S.C. § 547 ........................................................................... | 15 |
| 15 Pa. C.S.A. §513 ...................................................................... | 16 |
| 28 U.S.C. § 157 ........................................................................... | 3, 6 |
| 28 U.S.C. § 1334 ......................................................................... | 3, 6, 27 |
| 28 U.S.C. § 1404 ......................................................................... | 3, 4 |
| 28 U.S.C. § 1412 ......................................................................... | 3, 4 |
| 42 Pa. C.S.A. § 1553 ................................................................... | 10 |
| 42 Pa. C.S.A. § 5524 ................................................................... | 10, 32 |
| California Code of Civil Practice § 366 ...................................... | 27 |
| Delaware General Corporation Law § 102 .................................. | 16 |
| Fed. R. Bankr. P. 2014 ............................................................... | 28 |
| Fed. R. Bankr. P. 7017 ............................................................... | 27 |
| Fed. R. Civ. P. 9 ......................................................................... | 13, 14 |
| Fed. R. Civ. P. 17 ....................................................................... | 27 |

**OTHER AUTHORITIES**                                                      **PAGE(S)**

1-4 Collier on Bankruptcy P. 4.02 (15th Ed. Rev.) ........................................................ 1

E. Welch & A. Turezyn, Folk on the Delaware General Corporation Law:
    Fundamentals § 141.2.1.11 (2008) .................................................................. 18

Supremacy Clause of the United States Constitution,
    U.S. Const. art. VI, § 2 .................................................................................. 12

The defendants represented by the undersigned counsel respectfully submit this memorandum of law in support of their joint motions to transfer venue and dismiss the complaint (the "Complaint," cited "Compl. ¶ __").

## PRELIMINARY STATEMENT

This action arises out of the Werner bankruptcy cases which have been pending for two years before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). That court is intimately familiar with the allegations and transactions in this litigation, has presided over massive pre-complaint discovery by Plaintiff and its predecessor, the creditors' committee, and continues to do so. That court is the presumptively proper forum for this litigation, and is fully competent to handle it, Plaintiff's doubts notwithstanding. In the interests of judicial efficiency and economy, this case should be transferred to Delaware.

Plaintiff's decision to avoid the presumptively proper Delaware forum and file in New York was driven by forum shopping, pure and simple. Under controlling Third Circuit Court of Appeals precedent, section 546(e) of the Bankruptcy Code provides a complete defense to Plaintiff's principal claims, those for fraudulent transfer under section 544. To dodge this precedent, Plaintiff shopped for another forum and chose this district only because the Second Circuit Court of Appeals has not yet ruled on the pertinent section 546(e) issues, but a bankruptcy judge in the Eastern District of New York has interpreted the statute in a manner that Plaintiff hopes would deny the defendants this defense. "[I]t will be a most unusual trustee or most unusual situation that would cause a suit under section 544(b) to be brought anywhere other than the home [bankruptcy] court," here Delaware. 1-4 COLLIER ON BANKRUPTCY P. 4.02 (15th Ed. Rev.). Plaintiff's "unusual" decision is explained only by forum shopping. Therefore, the interests of justice also warrant transferring this litigation to Delaware.

Moreover, as explained below, regardless of where the case is venued, many of the causes of action raised in the Complaint should be dismissed on jurisdictional grounds or for failure to state a claim.

## STATEMENT OF FACTS

The Werner companies manufactured and sold ladders and related products. They filed for bankruptcy protection in Delaware on June 12, 2006. (Compl. ¶¶ 1, 10)

Plaintiff was created and given its authority to act for the creditors in this litigation under a liquidation plan confirmed by the Delaware Bankruptcy Court, which has become very knowledgeable about Werner's financial condition and history. (Compl. ¶ 7) The 30 claims Plaintiff brings on behalf of Werner's creditors all hinge on one fundamental, and extraordinary, allegation – that Werner was hopelessly insolvent for more than nine years before the bankruptcy filings.[1] (*See, e.g.*, Compl. ¶¶ 283, 297, 312, 324, 338, 352, 367, 380, 394, 407, 420, 432, 446, 458, 471, 488, 520, 532, 545, 560, 564, 571, 574, 610, 619) On this thin reed, Plaintiff has sued more than 200 former shareholders, directors, officers and advisors of Werner for hundreds of millions of dollars in alleged damages to the creditors. In doing so, Plaintiff assiduously avoided bringing the claims in the court most familiar with Werner matters, the Delaware Bankruptcy Court, choosing, instead, a forum with no prior Werner involvement or substantial nexus to the Werner debtors or their businesses.

Other facts pertinent to particular arguments are set forth below.

---

1  The Court may take judicial notice of the fact that, during this entire period, Werner made quarterly and annual filings with the United States Securities and Exchange Commission, including detailed financial statements reporting Werner's profitability until shortly before the bankruptcy.

# ARGUMENT

## I.    THIS ACTION SHOULD BE TRANSFERRED TO DELAWARE.

### A.    Legal standards for venue transfer

Plaintiff alleges bankruptcy subject matter jurisdiction under 28 U.S.C. §§ 157 and 1334 and, in the main, asserts avoidance and preference claims (Counts 1-14) that are core bankruptcy matters.  Therefore, 28 U.S.C. § 1412 applies:  "A district court may transfer a case or proceeding under [the Bankruptcy Code] to a district court for another district, in the interest of justice or for the convenience of the parties."[2]  *See Norkin v. DLA Piper Rudnick Gray Cary LLP*, 05 Civ. 9137, 2006 U.S. Dist. LEXIS 14254, at *16 (S.D.N.Y. March 31, 2006).  "The party seeking a change of venue bears the burden of proof, which must be established by a preponderance of the evidence."  *Burns v. Grupo Mexico S.A. de C.V.*, 07 Civ. 3496, 2007 U.S. Dist. LEXIS 84514, at *14 (S.D.N.Y. Nov. 16, 2007) (citing *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1390-91 (2d Cir. 1990)).  The factors to be considered include the interests of justice and trial efficiency, plaintiff's choice of forum, locus of the operative facts, convenience and relative means of the parties, convenience of witnesses, availability of process to compel attendance of witnesses, location of physical evidence, and relative familiarity of the court with applicable law.  *Norkin*, 2006 U.S. Dist. LEXIS 14254, at *16.

Applying this test, the Court should transfer venue to the District of Delaware.[3]

---

2    Similar standards apply to Plaintiff's non-core claims (Counts 15-30) under 28 U.S.C. § 1404(a):  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

3    The factors concerning physical evidence and relative familiarity with applicable law are neutral and need no consideration.

**B.    The interests of justice and judicial efficiency and economy favor transfer of this case to the District of Delaware.**

The interests of justice component in the transfer analysis is based on the totality of circumstances and may be determinative in a particular case. 28 U.S.C. § 1412; *see also TM Claims Serv. A/S/O/ Fuji Photo Film, Inc. v. KLM Royal Dutch Airlines,* 143 F. Supp. 2d 402, 407 (S.D.N.Y. 2001) (applying 28 U.S.C. § 1404(a)). Here, the interests of justice strongly support a transfer to the District of Delaware.

"[T]he district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *In re Manville Forest Prods. Corp.,* 896 F.2d 1384, 1391 (2d Cir. 1990); *see also Norkin,* 2006 U.S. Dist. LEXIS 14254, at *17 (even where plaintiff's choice of venue is not based on improper forum shopping, "weight normally attached to the plaintiff's choice of forum is effectively 'cancelled out' . . . by the presumption that the proceeding should be heard in the same district as the underlying bankruptcy") (citing *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman,* 306 B.R. 746, 749 (S.D.N.Y. 2004)).

Plaintiff knows that the Delaware Bankruptcy Court is the proper place to file bankruptcy causes of action. Just three months ago, it filed 100+ separate preference actions in the Delaware Bankruptcy Court that will require the court to determine whether the Werner companies were solvent and to coordinate pretrial fact and expert discovery on that question. (Bankr. D. Del. Case No. 06-10578; Docket Nos. 2132 – 2259; filed Mar. 3-4, 2008) Plaintiff's Complaint here asserts similar claims that would have this Court largely duplicate the Delaware Bankruptcy Court's efforts.[4] Transfer of venue of this action to the presumptively proper forum will

---

4    Plaintiff argues that the solvency issues in the Delaware actions are "materially different" than in this case, because the "preference actions in the Bankruptcy Court *only* deal with

*(cont'd)*

conserve the parties' and the courts' time and costs, and avoid the risk of conflicting rulings on

discovery and solvency matters. *See, e.g., Grace v. Bank Leumi Trust Co. N.Y.*, 02 Civ. 6612,

2004 U.S. Dist. LEXIS 5294, at *12 (S.D.N.Y. Mar. 30, 2004) ("The pendency of a similar or

related action in the proposed transferee forum is universally recognized as a powerful reason for

granting a motion for a change of venue.") (citation omitted).

Additionally, the Delaware Bankruptcy Court already is knee-deep, and has been since

the early months of the Werner bankruptcy cases, in ongoing discovery by Plaintiff and,

previously, the creditors' committee, from defendants in this action related to the allegations in

the Complaint, and has issued numerous rulings concerning the defendants' production of

hundreds of thousands of pages of documents relevant to this litigation.[5] Without the benefit of

the two years of experience with the parties, circumstances, allegations, and transactions at issue

in this litigation with which the Delaware Bankruptcy Court already is intimately familiar, this

Court would face a formidable learning curve only to duplicate work the Delaware Bankruptcy

---

*(cont'd from previous page)*

transfers made within 90 days of a bankruptcy filing." (Plaintiff's Apr. 4, 2008 letter, at 4; emphasis in original) Plaintiff's preference actions in Delaware actually assert that Werner was insolvent for at least one year before the bankruptcy filings, *see, e.g.*, Complaint of Old Ladder Litigation Co. LLC v. ADT Security Systems Inc. (Docket No. 2132, filed Mar. 3, 2008), and that period, or something close to it, is more likely to be the focus in this action than the prior decade, when Werner was consistently profitable. Even if not precisely coextensive, the pretrial and solvency considerations here substantially overlap those in Plaintiff's actions pending in the Delaware Bankruptcy Court.

5   *See, e.g.*, Order Directing Examinations Of, And Requiring The Production Of Documents By, Certain Third Parties In Connection With The Committee's Investigations Under The Final DIP Financing Order (Docket No. 486; filed Sept. 22, 2006); Order Granting Motion For Entry Of An Order Enforcing The Rights Of The Litigation Designee Under The Plan Of Reorganization And Compelling The Production Of Documents (Docket No. 2284; filed Mar. 28, 2008). As recently as May 21, 2008, Plaintiff has sought discovery in the Delaware Bankruptcy Court to support its prosecution of this action. *See* Notice of Deposition of New Werner Holding Co., Inc. (Docket No. 2342; filed May 21, 2008).

Court already has done. Accordingly, to conserve judicial resources and promote judicial economy and efficiency, this action should be transferred to Delaware.[6]

**C.    Plaintiff's forum shopping should not be rewarded.**

Counts 1, 2, 5, and 6 of the Complaint assert fraudulent transfer claims under Bankruptcy Code section 544 in connection with the 1997 and 2003 recapitalizations. Section 546(e) provides a safe harbor for challenged transfers involving "the transfer of cash or securities made to complete a securities transaction," and where the payment for securities is "made by or to a financial institution." *Brandt v. B.A. Capital Co. LP, et al. (In re Plassein Int'l Corp.)*, 366 B.R. 318, 323 (Bankr. D. Del. 2007) (citing *Lowenschuss v. Resorts Int'l, Inc. (In re Resorts Int'l, Inc.)*, 181 F.3d 505, 515 (3d Cir. 1999)). Under binding Third Circuit precedent, the securities transactions alleged in the Complaint involving privately held, not publicly traded, Werner stock, fall squarely within this "settlement payment" defense and are exempt from avoidance actions under section 544. Thus, in the proper forum for this litigation, the District of Delaware, the Werner shareholder defendants have an absolute defense to Plaintiff's principal causes of action.

---

6    In opposing transfer, Plaintiff claims the right to a jury trial – which it may or may not have, depending which claims, if any, survive to trial – and says it "will not consent to a jury trial by the Delaware Bankruptcy Court given the peculiar nature and complexity of the matters at issue here and the need to have access to a Court well-versed in jury issues." (Plaintiff's April 4, 2008 letter to the Court, at 4) Plaintiff asserts bankruptcy jurisdiction under 28 U.S.C. §§ 157 and 1334 (Compl. ¶ 37); therefore, its case is subject to automatic referral to the bankruptcy court, whether in New York or Delaware, both of which are, in any event, among the preeminent bankruptcy courts in the nation and routinely handle complex litigation matters. After transfer and referral to the Delaware Bankruptcy Court to handle pretrial issues, the reference could be withdrawn to the Delaware District Court to handle any jury trial that may be necessary. *See, e.g., Harve Benard Ltd. v. Nathan Rothschild, K.I.D. Int'l Inc.*, 02 Civ. 4033, 2003 U.S. Dist. LEXIS 2421, at *22 n.9 (S.D.N.Y. Feb. 10, 2003). Thus, Plaintiff's jury trial demand is no impediment to transferring this case to the home forum where its related bankruptcy cases are pending.

To avoid this unfavorable Third Circuit precedent, Plaintiff came to this district, because the Second Circuit has not yet determined the issue, but a bankruptcy judge in the Eastern District of New York has narrowly interpreted the safe harbor provisions to cover only publicly traded stock transactions. *See Official Comm. Of Unsecured Creditors v. Lattman (In re Norstan Apparel Shops, Inc.)*, 367 B.R. 68, 77 (Bankr. E.D.N.Y. 2007). Plaintiff hopes this precedent would persuade this Court to deny the shareholder defendants a section 546(e) defense.[7]

Under these circumstances, Plaintiff's forum shopping for favorable legal precedent should not be rewarded. *See Freeman v. Hoffman-La Roche, Inc.*, 06 Civ. 13497, 2007 U.S. Dist. LEXIS 23132, at *5, *12-*13 (S.D.N.Y. Mar. 21, 2007) ("The interests of justice require that this Court not reward [forum shopping]"(citations omitted)); *see also Grace*, 2004 U.S. Dist. LEXIS 5294, at *11 (plaintiff's choice of forum is accorded little weight where choice may be influenced by strategic effort to avoid a particular judge); *id.* at *13 (discouraging "judge shopping" and "forum shopping" by plaintiffs).

The interests of justice will be served by transferring this action to the presumptively proper forum, the District of Delaware.

**D.    Pennsylvania and Delaware, in the Third Circuit, are the center of gravity of events in this case.**

In support of its forum shopping efforts, Plaintiff offers a series of commonplace administrative connections to New York (*e.g.*, law firms and banks) relating to the closings of three specific transactions in 1997, 2003 and 2005. The 187-page, 30 count Complaint, however,

---

7   If the Court denies transfer to Delaware, it should follow the Third Circuit case law on the section 546(e) settlement payment defense, which is better reasoned and more consistent with the actual statutory language, and more persuasive, than the Eastern District bankruptcy court decision, and dismiss Plaintiff's section 544 fraudulent transfer claims in connection with the 1997 and 2003 transactions.

alleges an entire decade's worth of daily corporate mismanagement, breaches of fiduciary duties, breaches of contract, professional negligence, and deepening insolvency. As the declarations filed with defendants' motions explain, Werner's business operations were headquartered in and run from Pennsylvania during the entirety of the ten-year period at issue and were the center of gravity of the events alleged in the Complaint.[8] (Werner Decl. ¶¶ 3-52 ; Sullivan Decl. ¶¶ 2-4; Stadler Decl. ¶¶ 2-5) The Werner Delaware entities and the Delaware corporate and fiduciary laws implicated by the Complaint also make Delaware a locus of relevant operative events. The commonplace administrative connections of this case to New York alleged by Plaintiff do not legitimize its forum shopping or obviate the important judicial efficiency and economy interests that would be served by transferring this case to Delaware.

### E.    Witnesses will be available in either forum, and will not be inconvenienced by a transfer of venue.

Plaintiff argues that this case should remain in New York for the convenience of potential witnesses and because certain potential third-party witnesses may be subject to this Court's subpoena powers. As to those for whom New York is a convenient forum, it hardly seems inconvenient to take an hour-and-a-half train ride to Delaware to provide testimony if the case ever goes to trial.

---

8    Supporting declarations have been filed for Michael D. Brooks, Anthony W. Clark, David M. Conn, Daniel M. DiDomenico, John J. Dylik, Christopher Filardi, Bruce B. Fischer, Karen R. Garcell, Vincent J. Garcell, Edward W. Gericke, Timothy K. Lewis, Neal R. Martin, Lisa Pressler, John M. Remmers, Steven P. Richman, Christopher J. Stadler, Gary Stewart, Thomas J. Sullivan, Gregory W. Werkheiser, Eric J. Werner, and Michael S. Wong and are cited "[name] Decl. ¶ __".

As to the ability to subpoena potential third-party witnesses, many of them are Delaware incorporated or registered entities subject to service in the District of Delaware.[9] Plaintiff has not shown that the few remaining potential witnesses it identifies either have crucial information known only to them or would refuse to testify in Delaware. Finally, testimony from witnesses unavailable in Delaware could be presented by videotaped deposition. Thus, this factor does not heavily favor either forum, and certainly does not outweigh the other factors, discussed above, that strongly support a transfer to Delaware.

### F.    The District of Delaware is a convenient forum for the parties.

The convenience and relative means of the parties favors transfer of venue to the District of Delaware. Plaintiff has named over 200 defendants, of varying financial means, in this one action, the great majority of whom have moved to transfer venue to Delaware. For them, Delaware is a convenient forum, especially given the Delaware Bankruptcy Court's extensive knowledge of and involvement with the issues in this case, and considering the geographic proximity of the two possible venues. For Plaintiff, a Delaware LLC already actively litigating more than one hundred similar cases before the Delaware Bankruptcy Court, Delaware also is a plainly convenient forum.

Therefore, for all of the foregoing reasons, this case should be transferred to the District of Delaware.

---

9    These entities include Murray Capital, Ltd.; Rothschild Inc.; Willkie Farr & Gallagher LLP; Morgan Stanley; Tri-Artisan Partners LLC; MacKenzie Partners, Inc.; Citigroup Inc.; Baker & McKenzie LLC; Coopers & Lybrand L.L.P.; Gibson, Dunn & Crutcher LLP; Skadden, Arps, Slate, Meagher & Flom LLP; and Investcorp International, Inc.

## II.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED.

Regardless of which court hears the case, the Complaint should be dismissed, in whole or part, for the following reasons.[10]

### A.    Failure to state a claim upon which relief can be granted

### 1.    Claims barred by applicable statutes of limitations

Counts 15, 16, 18, 20 and 21 (Compl. ¶¶ 465-501, 505-562) purport to allege claims for breach of fiduciary duty, illegal dividend/unlawful distribution and aiding and abetting breach of fiduciary duty in connection with the June 11, 2003 recapitalization. To the extent predicated on fiduciary duties owed, or actions taken, by defendants as officers, directors or shareholders of Werner Holding Co. (PA), Inc. and Werner Co., both Pennsylvania corporations, these claims are subject to Pennsylvania's two-year statute of limitations. *See* 42 Pa.C.S. §§ 5524(5) & (7), 1553(d); *Maillie v. Greater Del. Valley Health Care*, 628 A.2d 528, 532 (Pa. Cmwlth. 1993). To the extent the claims are based on fiduciary duties owed by defendants as officers, directors or shareholders of Werner Holding Co. (DE), Inc., a Delaware corporation, they are subject to Delaware's three-year statute of limitations. *See* 10 Del. C. § 8106; *Fike v. Ruger*, 754 A.2d 254, 260 (Del. Ch. 1999). In either case, these claims must be dismissed because the statutes of limitations expired before the Werner bankruptcy cases were filed on June 12, 2006 and, therefore, the limitations extension under Bankruptcy Code section 108(a)(2) does not apply.

For the same reason, to the extent Counts 19 and 22 (Compl. ¶¶ 511-526, 553-562) assert Pennsylvania law claims for breach of fiduciary duty and aiding and abetting for actions taken

---

10  Nothing herein is intended to impair, limit, waive or otherwise affect any claims, defenses, counterclaims or arguments that may be made in any answers or other responses to the Complaint to be filed at such time as may be required.

before June 12, 2004, they too are time barred under the two-year statute of limitations and must be dismissed.

### 2. Claims subject to Bankruptcy Code section 546(e)

#### (a) Counts 1, 2, 5 and 6

Plaintiff's fraudulent transfer claims under section 544(b) of the Bankruptcy Code in connection with the 1997 and 2003 recapitalizations (Counts 1, 2, 5, 6, Compl. ¶¶ 277-305, 332-360) relate to "settlement payments" made to holders of Werner stock on account of their securities. Section 546(e) provides a safe harbor and protects from avoidance as fraudulent conveyances or preferences "settlement payment[s] . . . made by or to . . . a . . . stockbroker, financial institution [or] financial participant . . .." The term "settlement payment" is construed broadly. *Lowenschuss v. Resorts Int'l*, 181 F.3d at 515-16; *Bevill, Bresler & Schulman Asset Mgmt. Corp. v. Spencer Savings & Loan Assn. (In re Bevill, Bresler & Schulman Asset Mgmt.)*, 878 F.2d 742, 751 (3d Cir. 1989); *In re Kaiser Steel Corp.*, 952 F.2d 1230, 1237 (10th Cir. 1991); *Biggs v. Smith Barney, Inc. (In re David)*, 193 B.R. 935 (Bankr. C.D. Cal. 1996). *Resorts Int'l* illustrates the breadth of these safe harbor provisions, where payments to a shareholder for his stock through a financial institution, which did not obtain a beneficial interest in the funds, were protected as settlement payments. The court also held, citing *Bevill* and *Kaiser Steel*, that "the term 'settlement payment' is a broad one that includes almost all securities transactions." *Lowenschuss v. Resorts Int'l*, 181 F.3d at 515. Here, the payments to Werner shareholders were made through financial institutions and qualify as protected settlement payments under section 546(e).

Therefore, and as further discussed above at pp. 6-7, these securities transactions are covered by the settlement payment defense under section 546(e) of the Bankruptcy Code and, therefore, should be dismissed.

### (b)    Counts 27 and 28

The unjust enrichment claims in Counts 27 and 28 (Compl. ¶¶ 593-602) in connection with the 2003 transaction and management and other fees paid thereafter are preempted by Bankruptcy Code sections 544 and 546(e).

State laws that interfere with or are contrary to federal law are preempted under the Supremacy Clause of the United States Constitution, U.S. Const. art. VI, § 2. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). As explained in *Official Comm. of Unsecured Creditors of Hechinger Invest. Co. of Del. Inc. v. Fleet Retail Fin. Group (In re Hechinger Invest. Co. of Del.)*, 274 B.R. 71, 76, 96 (D. Del. 2002), conflicting state laws for unjust enrichment are preempted when sought to be applied to securities transactions subject to sections 544 and 546(e) because such claims "would implicate the same concerns regarding the unraveling of settled securities transactions . . . which is precisely the result that section 546(e) precludes." Moreover, the Bankruptcy Code "provides an exclusive framework for addressing claims that seek to avoid [pre-bankruptcy] transfers[.]" *Id.* at 97. Accordingly, Plaintiff's unjust enrichment claims should be dismissed.

### 3.    Claims not recognized under the law

### (a)    Count 14

Count 14 (Compl. ¶¶ 455-464) is for aiding and abetting the alleged fraudulent transfers in connection with the 2003 recapitalization. Pennsylvania and Delaware law limit liability for fraudulent transfers to actual transferees, and no claim exists for "aiding and abetting" such transfers. *Miller v. Dutil (In re Total Containment, Inc.)*, 335 B.R. 589, 615-16 (Bankr. E.D. Pa. 2005); *Trenwick Am. Litig. Trust v. Ernst & Young, LLP*, 906 A.2d 168, 203 (Del. Ch. 2006),

*aff'd*, No. 495, 2006, 2007 Del. LEXIS 357 (Del. Aug. 14, 2007).[11]  Therefore, this claim should

be dismissed.

### (b)    Counts 23 and 24

Counts 23 and 24 (Compl. ¶¶ 563-579) are "deepening insolvency" claims.  There is no

such cause of action under Pennsylvania or Delaware law.  *See Miller v. Santilli*, No. 1225, 2007

Phila. Ct. Com. Pl. LEXIS 252, at *10 (Phila. Ct. Com. Pl. Sept. 20, 2007) ("neither [Delaware

nor Pennsylvania] recognizes a cause of action for deepening insolvency"); *Trenwick*, 906 A.2d

at 174 ("refusal to embrace deepening insolvency as a cause of action is required by settled

principals of Delaware law").    Accordingly, these claims should be dismissed.

### 4.    Claims with deficient factual allegations

### (a)    Counts 7, 9 and 11

Counts 7, 9 and 11 (Compl. ¶¶ 361-373, 388-400, 415-426) are for constructive fraud in

connection with management fees and compensation paid after the June 2003 recapitalization.  In

addition to the several counts of the Complaint wherein Plaintiff alleges intentional fraudulent

transfers, the heightened pleading standard of Rule 9(b) may also apply to Plaintiff's other

claims (including constructive fraud, breach of fiduciary duty and aiding and abetting breach of

fiduciary duty) to the extent that such claims are based on alleged fraudulent conduct.  *See, e.g.*,

*Rombach v. Chang*, 355 F.3d 164, 166, 170 (2d Cir. 2004); *Matsumura v. Benihana Nat. Corp.*,

542 F. Supp. 2d 245, 251 (S.D.N.Y. 2008).  At the very least, Plaintiff must "set forth the facts

with sufficient particularity to apprise the defendant fairly of the charges made against him so

---

11  Counts 5 and 6 (Compl. ¶¶ 332-360) allege fraudulent transfers in the 2003 transaction under
the Bankruptcy Code and New York law, neither of which recognizes related "aiding and
abetting" claims. *Magten Asset Mgmt. v. Paul Hastings Janofsky & Walker LLP*, No. Civ. A.
04-1256, 2007 WL 129003, at *2 (D. Del. Jan. 12, 2007); *FDIC v. Porco*, 552 N.Y.S.2d 910,
911-12 (N.Y. 1990).

that [he] can prepare an adequate answer to the allegations." *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.)*, 327 B.R. 711, 718 (Bankr. D. Del. 2005) (quoting *Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.)*, 32 B.R. 199, 204 (Bankr. S.D.N.Y. 1983)). Here, Plaintiff merely lists aggregate amounts of management fees and compensation allegedly paid to certain defendants after June 2003. (*See, e.g.*, Compl. ¶¶ 363, 390) Beyond that, the Complaint simply parrots the statutory language. Because Plaintiff "pled facts to support its contentions in part, [but not] in whole," *Global Link*, 327 B.R. at 718, these claims should be dismissed.

Counts 7 and 9, which generally aver that the alleged transfers were "fraudulent transfer[s] avoidable under applicable state law" (Compl. ¶¶ 369, 396), also should be dismissed because Plaintiff fails to plead facts establishing the elements of any single claim against any single defendant under any state law. A similar claim was dismissed as "insufficiently pled" in *Lippe v. Bairnco Corp.*, 230 B.R. 906, 915 (S.D.N.Y. 1999), because "[t]he different sections of the [state statute] . . . set forth different theories with different requirements and plaintiffs lump the sections together without making any real effort to allege how the requirements are met." *Id.* Here, Plaintiff seeks recovery against multiple defendants with multiple statutory theories, yet "lumps" these various claims together under the constructive fraudulent transfer counts. Plaintiff's Complaint "smacks of multiple choice or menu pleading" and fails to give each defendant fair notice of the basis for the charges against it. *In re O.P.M. Leasing*, 32 B.R. at 204. Accordingly, these claims should be dismissed.

### (b)    Counts 2, 4, 6, 8, 10 and 12

In the intentional fraud claims (Counts 2, 4, 6, 8, 10, 12, Compl. ¶¶ 291-305, 319-331, 346-360, 374-387, 401-414, 427-439), Plaintiff "must state with particularity the circumstances constituting fraud . . .." Fed. R. Civ. P. 9(b). Conclusions, accusations, or speculation are not

14

sufficient. *Rombach v. Chang*, 355 F.3d 164, 170 (2nd Cir. 2004); *In Re Carter-Wallace, Inc.,*
*Sec. Lit.*, 220 F.3d 36, 40-41 (2d Cir. 2000). Here, Plaintiff simply alleges, in a conclusory
manner, that the alleged intentionally fraudulent transfers were "made with the actual intent to
hinder, delay, or defraud present or future creditors" (Compl. ¶¶ 299, 326, 354, 382, 409; *see*
*also id.* ¶ 434), but without alleging any specific, particularized facts to support these
conclusions as to each defendant against whom the claims are asserted. Because such
conclusory statements fail to meet the requirement of particularized factual allegations for fraud
claims, these claims should be dismissed.

### (c)    Count 13

Count 13 (Compl. ¶ 440-454) alleges preferential transfers under section 547 of the
Bankruptcy Code. Even notice pleading in a preference recovery action requires more than just
reciting or parroting the statutory language, as the Complaint does here. *See Pardo v. Avanti*
*Corporate Health Sys., Inc. (In re APF Co.)*, 274 B.R. 634, 640 (Bankr. D. Del. 2001). A
complaint that fails "to provide even rudimentary facts surrounding the preferences — e.g., the
date, time and amount of the allegedly preferential payments, to whom made, the respective
values, etc." should be dismissed. *Id.*

Here, Plaintiff simply lists the aggregate amount of payments allegedly received by the
specified defendants in the year before bankruptcy and parrots the language of section 547(b).
Are the amounts alleged a single transfer to each defendant or an aggregation of several? What
dates were the alleged transfers made? What were the antecedent debts on account of which the
unidentified transfers were made? The Complaint answers none of these fundamental questions.
Accordingly, Count 13 should be dismissed.

### (d)    Counts 15-22

The bylaws of both Werner Holding Co. (PA), Inc. (Article VI, Section 1) and Werner

Holding Co. (DE), Inc. (Section 2.15) contain exculpatory clauses that limit the liability of the

directors to the broadest extent possible under the law.[12]  Section 102(b)(7) of the Delaware

General Corporation Law allows Delaware corporations to insulate directors from monetary

claims for breach of the duty of care, whether based on negligence or gross negligence, except in

circumstances involving a breach of the intertwined duties of loyalty and good faith or for

intentional conduct.  *In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 751-52 (Del. Ch.

2005).  Therefore, claims based only on an alleged lack of due care or negligence will be

dismissed when the directors raise the existence of an exculpatory clause.  *See, e.g., Pereira v.*

*Farace*, 413 F.3d 330 (2d Cir. 2005) (Delaware charter exculpatory provision precludes

bankruptcy trustee from bringing action against directors for breach of duty of care); *Malpiede v.*

*Townson,* 780 A.2d 1075, 1093-94 (Del. 2001); *Prod. Res. Group, L.L.C. v. NCT Group, Inc.,*

863 A.2d 772, 798-99 (Del. Ch. 2004); *In re BHC Commc'ns S'holder Litig., Inc.*, 789 A.2d 1, 9-

11 (Del. Ch. 2001); *In re Lukens Inc. S'holders Litig.*, 757 A.2d 720, 733-734 (Del. Ch. 1999).

The exculpatory provisions apply to claims made by the corporation or its creditors.  *See, e.g.,*

*Continuing Creditors' Comm. of Star Telecomms., Inc. v. Edgecomb*, 385 F. Supp. 2d 449, 462-

63 (D. Del. 2004).

Pennsylvania law also enforces such clauses and insulates directors against claims for

money damages unless the alleged action involves self dealing, willful misconduct or

recklessness.  15 Pa. C.S.A. § 513(a).

---

12 The bylaws are publicly available as Exhibits 3.2 and 3.4 to the S-4 Registration Statement
filed by Werner Holding Co. (DE) Inc. on February 20, 1998, and are attached as Exhibits B
and C to the Clark Declaration.

It is not possible to determine from the Complaint what any given individual director defendant is accused of other than serving on a board that (1) recommended the 2003 recapitalization, (2) approved the dividend paid in 2003 by Werner Holding Co. (DE) Inc. to Werner Holding Co. (PA) Inc., or (3) prolonged the Werner's life by failing to file bankruptcy sooner. None of these actions on its face constitutes self dealing, willful misconduct or recklessness. Thus, to the extent Plaintiff's fiduciary duty-related claims (Counts 15-22, Compl. ¶¶ 465-562) seek to impose liability for breach of the duty of care or negligence, the claims against the director defendants for money damages must be dismissed.

### (e)    Counts 15, 16, 20 and 21

The breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims in connection with the June 2003 recapitalization (Counts 15, 16, 20, 21, Compl. ¶¶ 465-501) should be dismissed for failure to allege facts sufficient to overcome the business judgment rule.

The business judgment rule "is a presumption that in making a business decision, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984); *see also In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 74 (Del. 2006); *In re CompuCom Sys. Stockholders Litig.*, C.A. No. 499-N, 2005 Del. Ch. LEXIS 145, at *19 (Del. Ch. Sept. 29, 2005); *Harmelin v. Man Fin., Inc.*, C. A. No. 06-1944, 2007 U.S.Dist. LEXIS 87933, at *26-*27, n.3 (E.D. Pa. Oct. 17, 2007); *Cuker v. Mikalauskas*, 692 A.2d 1042, 1047 (Pa. 1997). "[T]he party attacking a board decision as uninformed must rebut the presumption that its business judgment was an informed one." *Smith v. Van Gorkum*, 488 A.2d 858, 872 (Del. 1985). Determining whether to issue a dividend or engage in a recapitalization transaction are just the sort of discretionary judgments that the business judgment rule leaves in the hands of business managers instead of the courts. *See, e.g., id.* at 873. Only by pleading specific facts

demonstrating that defendants "breached their fiduciary duty of care or of loyalty or acted in bad faith" can Plaintiff overcome the business judgment rule presumption. *In re Walt Disney*, 906 A.2d at 55.

Plaintiff's allegation that certain Werner shareholder defendants appointed a majority of the directors (Compl. ¶¶ 486, 487) does not overcome the business judgment rule. Courts consistently reject the argument that a director cannot act independently of the shareholder who appointed him or her to the board. *See Tyson Foods, Inc. Consol. S'holder Litig.*, 919 A.2d 563, 588 (Del. Ch. 2007); *Andreae v. Andreae*, Civ. No. 11,905, 1992 Del.Ch. LEXIS 44, at *13 (Del. Ch. Mar. 3, 1992). Thus, a director's designation to the board by a majority stockholder is not, in itself, sufficient to find that the director was controlled by the stockholder. "It is not enough to charge that a director was nominated by or elected at the behest of those controlling the outcome of the corporate election" because "[t]hat is the usual way a person becomes a director." *Odyssey Partners, L.P. v. Fleming Cos.*, 735 A.2d 386, 408 (Del. Ch. 1999); *see also* E. Welch & A. Turezyn, Folk on the Delaware General Corporation Law: Fundamentals § 141.2.1.11 (2008). "[T]he relevant inquiry is not how the director got his position, but rather how he comports himself in that position," and here, Plaintiff has not alleged facts showing that the director defendants failed to "exercise their own independent business judgment in decision-making or that they merely submitted to [another's] will." *Andreae*, 1992 Del.Ch. LEXIS 44, at *14.

The allegations of self-interest also fail because Plaintiff does not allege, as it must, that the director/officer defendants' personal financial stake in the transaction (1) differed from the interests common to the corporation's shareholders generally and (2) was "of such subjective material importance that its threatened loss might create a reason to question whether [that actual] director is able to consider the corporate merits of the challenged transaction objectively."

*Telxon Corp. v. Meyerson*, 802 A.2d 257, 264 (Del. 2002). Plaintiff cannot meet either prong of that test.

Plaintiff does not allege that the 2003 recapitalization transaction treated any stockholders differently. Only where fiduciaries sit on both sides of a transaction in which they "receive[] something to the exclusion of and detriment to, the minority shareholders" is there self-dealing. *Sinclair Oil Corp. v. Levien*, 280 A.2d 717, 721-22 (Del. 1971). Claims of self-dealing fail where all shareholders benefit from a transaction proportionally to their share ownership, even if a controlling stockholder dominates the board and causes the corporation to pay a dividend for reasons unique to the controlling stockholder. *See In re Rexene Corp.*, Civ. A. Nos. 10,897, 11,300, 1991 Del. Ch. LEXIS 81, at *10 (Del. Ch. May 8, 1991).

Nor does the allegation that certain defendants received fees or transaction bonuses overcome the business judgment rule. Alleging "the interest of a director by alleging that he received *any* benefit not equally shared by the stockholders" is insufficient. *Orman v. Cullman*, 794 A.2d 5, 23 (Del. Ch. 2002) (emphasis in original). Plaintiff must also allege – in more than conclusory terms – that the benefit is "*material* to that director." *Id.* (emphasis in original). Plaintiff alleges that the June 2003 transaction involved more than $150 million, that individual officer defendants received "transaction bonuses" ranging from $10,000 to $250,000, and that defendants Investcorp and Leonard Green & Partners, L.P. (with affiliates, "Leonard Green") received "deal fee[s]" and expenses of $1.1 million and $2.6 million, respectively. (Compl. ¶¶ 127, 128) These alleged payments are insufficient to demonstrate improper self-dealing. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Investcorp S.A.*, 137 F.Supp.2d 502, 509 (S.D.N.Y. 2001) (under Delaware law, there was "no rational basis for a jury to conclude

that $4.3 million in fees in the context of an $80 million transaction constituted a meaningful benefit").

Plaintiff also fails to plead facts to show that the director defendants breached their duty of care such that the business judgment rule presumption should be eliminated. To do so, specific facts must be alleged demonstrating that the directors' conduct was grossly negligent. *See, e.g., Smith v. Van Gorkom*, 488 A.2d 858, 873 (Del. 1985). Plaintiff's conclusory assertion that defendants acted with "gross negligence" (Compl. ¶ 472) is insufficient. Moreover, the Complaint acknowledges that the Werner board sought and obtained advice from an outside consultant, Murray Devine & Co. ("Murray Devine"), which rendered a solvency opinion in the June 2003 transaction. (Compl. ¶ 131) While Plaintiff questions the advice provided to the directors, nothing in the Complaint suggests that the decision to hire Murray Devine was negligent, much less grossly negligent. *See, e.g., In re Walt Disney*, 906 A.2d at 59-60 (approving finding that directors were protected because adviser had been selected with reasonable care); *Kaplan v. Goldsamt*, 380 A.2d 556, 568 (Del. Ch. 1977) (noting "wide discretion" given directors in valuation matters, especially when advice from outside consultant is obtained).

Accordingly, Plaintiff's allegations do not rebut the business judgment rule presumption, and the breach of fiduciary duty claims (Counts 15, 16) should, therefore, be dismissed. Furthermore, because the breach of fiduciary duty claims are defective, Plaintiff's claims for aiding and abetting breach of fiduciary duty (Counts 20, 21) must also be dismissed. *See, e.g., Malpiede*, 780 A.2d at 1096.

### (f)    Counts 19 and 22

The fiduciary duty claim in Count 19 (Compl. ¶¶ 511-526), and the related aiding and abetting claim in Count 22 (Compl. ¶¶ 553-562), which challenge management fees and

compensation paid by Werner after the June 2003 transaction, are essentially claims for waste of corporate assets. Plaintiff's allegations do not come close to meeting the high pleading standard for corporate waste, which requires a showing that a transaction is "so one sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate consideration." *Glazer v. Zapata Corp.*, 658 A.2d 176, 183 (Del. Ch. 1993); *see also In Re: The Limited, Inc., S'holders Litig.*, No. CIV. A. 17148-NC, 2002 WL 537692, at *8-*9 (Del. Ch. March 27, 2002); *Simms v. Exeter Architectural Prods., Inc.*, 868 F.Supp. 668, 673 (M.D. Pa. 1994). Accordingly, these claims should be dismissed for the failure to state a claim.

Count 19 also fails to state a claim for breach of fiduciary duty against Investcorp and Leonard Green (and their respective board designees) because Plaintiff fails to allege any basis on which Leonard Green and Investcorp (and their respective board designees) would owe a duty to the subsidiary, WIP Technologies, Inc. Count19 alleges that these defendants owed a fiduciary duty to the "Company," defined to include WIP Technologies (Compl. ¶ 14). However, Plaintiff does not allege that Leonard Green or Investcorp owned shares, or that any of their respective board designees sat on the board, of WIP Technologies. Accordingly, Count 19 should be dismissed against defendants Investcorp, Dana Snyder, James Baker, Peter Nolan, Christopher Stadler, Thomas Sullivan, Michael Wong, James Hardymon, James Egan, Charles Marquis, Mamoun Askari, Stephen Tempini, Leonard Green, Peter Nolan and Michael Wong. *See Trenwick*, 906 A.2d at 173 (granting dismissal on grounds that trustee for subsidiary creditors failed to state claim against parent company directors).

### (g)    Counts 25 and 26

Counts 25 and 26 (Compl. ¶¶ 580-592) allege breach of contract claims against Investcorp and Leonard Green under certain management services agreements with Werner. Those counts should be dismissed because the express terms of the agreements bar any recovery

as a matter of law. *See, e.g., Brown v. SAP America, Inc.*, C.A. No. 98-507, 1999 U.S. Dist. LEXIS 15525, at *31 (D. Del. 1999) (dismissing breach of contract claims because "courts routinely enforce limitation of liability clauses"); *DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308, 318 (S.D.N.Y. 2002) ("[A]n allegation that a breach of contract was willful rather than involuntary does not allow a court to disregard an unambiguous limitation of liability provision agreed to by parties of equal bargaining power").

The management services agreements expressly provided that Werner "reserves the right to make all decisions with regard to any matter upon which [defendant] has rendered its advice and consultation, and there shall be no liability of [defendant] for any such advice accepted by [Werner] pursuant to" the agreements. (Wong Decl., Ex. A, Leonard Green Management Services Agreement ¶ 4.1); (Clark Decl., Ex. A, Investcorp Management Services Agreement ¶ 7.1)[13]  Plaintiff's breach of contract claims directly contravene these exculpation provisions by seeking to impose liability because the advice of Leonard Green and Investcorp allegedly "was contrary to the best interests of" Werner. (Compl. ¶¶ 585, 591)  Accordingly, Counts 25 and 26 should be dismissed.

### (h)    Counts 27 and 28

The unjust enrichment claims (Counts 27, 28; Compl. ¶¶ 593-602) fail to state a claim because "the relationship between parties is founded on a written agreement or express contract." *Benefit Trust Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d. Cir. 1974) (applying

---

13  These agreements are expressly referenced in the Complaint (¶¶ 141, 581-583) and, therefore, may be considered on the dismissal motion. *See Nisselson v. Drew Indus., Inc., (In re White Metal and Stamping Corp.)*, 222 B.R. 417, 423 (Bankr. S.D.N.Y. 1998) (court may consider "the contents of any documents attached to the complaint or incorporated by reference, matters as to which it can take judicial notice, and documents in the non-moving party's possession or which it knew of or relied on in connection with its complaint"); *see also Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

Pennsylvania law); *Wood v. Coastal States Gas Corp.*, 401 A.2d 932, 942 (Del. 1979). "[T]he essence of the doctrine of unjust enrichment is that there is no direct relationship between the parties". *Gee v. Eberle*, 420 A.2d 1050, 1060 (Pa. Super. Ct. 1980); *see also In re Intel Corp. Microprocessor Antitrust Litig.*, 469 F. Supp. 2d 404, 420-21 (D. Del. 2007). Here, there were direct contractual relationships that preclude unjust enrichment between Werner, whose alleged claims Plaintiff is bringing, and the defendants subject to those claims.

The unjust enrichment claims relate to the 2003 recapitalization payments (Count 27) and management fees and compensation paid thereafter (Count 28). But Plaintiff also acknowledges that the 2003 transaction was consummated under a "Recapitalization and Stock Purchase Agreement" between Werner and the defendants, and included cash-outs of stock option agreements, and that the payments for management, deal, advisory and transaction fees and bonuses were all made pursuant to agreements with Werner. (Compl. ¶¶ 120, 125, 127-28, 131, 141, 181, 263-265, 268, 272, 276, 599) Since all of the challenged payments were made pursuant to various agreements and contracts between the Company and the defendants, these counts fail to state a claim and should be dismissed.

### B.    Defenses particular to certain defendants

#### 1.    Investcorp defendants

##### (a)    Lack of personal jurisdiction

To sustain jurisdiction over non-resident defendants, a plaintiff must make a *prima facie* showing of personal jurisdiction by pleading facts or producing evidence that, if true, demonstrate the Court's jurisdiction over the person of those defendants. *Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir. 1998); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997); *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*, 975 F. Supp. 562, 564-65 (S.D.N.Y. 1997). Plaintiff has failed to do so with respect to certain Investcorp defendants.

Of the Investcorp affiliated entities named as defendants, 31 out of 34 are alleged to be organized and domiciled in the Cayman Islands or Luxembourg, and none of these is alleged to have any meaningful contacts with New York or the United States beyond ownership of Werner stock.[14] (Compl. ¶¶ 17-26) Such allegations are not sufficient to establish personal jurisdiction over these defendants. *See In re Federalpha Steel LLC*, 341 B.R. 872, 890, n.15 (Bankr. N.D. Ill. 2006); *In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 559 (S.D.N.Y. 2005); *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 86, 98-99 (D. Del. 2002). Therefore, as to these Investcorp defendants, the Complaint should be dismissed.

### (b)    Breach of contract

Plaintiff's breach of contract claim against Investcorp International, Inc. (Count 25, Compl. ¶¶ 580-586) relates, in part, to services provided under management services agreements entered into with Werner in 1997 and 2002 which are governed by Delaware law and subject to a three-year statute of limitations. 10 Del. C. § 8106. Therefore, any claims for breach of these contracts which arose more than three years before the bankruptcy filing, *i.e.*, before June 12, 2003, are time barred and should be dismissed.

### 2.    Lack of personal jurisdiction over the Garcell Defendants and defendants Brooks, Conn, Dylik, Filardi, Fischer, Gericke, Lewis, Martin, Pressler, Remmers, Richman, Leonard Green, Peter Nolan and Michael Wong

The Garcell Defendants[15] and defendants Michael D. Brooks, David M. Conn, John J. Dylik, Christopher Filardi, Bruce B. Fischer, Edward W. Gericke, Timothy K. Lewis, Neal R.

---

14  Defendants Investcorp International, Inc., Investcorp Bank. B.S.C. and Investcorp S.A. choose not to challenge personal jurisdiction.

15  The Garcell Defendants include Vincent J. Garcell, Vincent J. Garcell and Karen R. Garcell as trustees for the Vincent J. Garcell Living Trust, and Vincent J. Garcell and Karen R. Garcell as trustees for the Garcell 1997 Unitrust DTD 12/19/1997.

Martin, Lisa Pressler, Steven P. Richman and John M. Remmers are not, and were not at any relevant time, residents of New York. (*See* Brooks Decl.; Conn Decl.; Dylik Decl.; Filardi Decl.; Fischer Decl.; K. Garcell Decl.; V. Garcell Decl.; Gericke Decl.; Lewis Decl.; Martin Decl.; Pressler Decl.; Richman Decl.; Remmers Decl.) The Complaint makes no factual allegations that these defendants or defendants Leonard Green, Peter Nolan and Michael Wong have any jurisdictionally relevant contacts with New York. Consequently, there is no *prima facie* showing of jurisdiction and no basis to support personal jurisdiction over these defendants in this Court, and the claims against them should be dismissed.

### 3.    Werner and Solot family defendants

In part, Counts 14-16 and 19-24 (Compl. ¶¶ 455-501, 511-579) depend on the assertion that a small subset of the family shareholder defendants, whom Plaintiff calls "The Werner Family Controlling Shareholders" (Compl. ¶ 30), owed fiduciary duties to Werner and breached them. However, at the time of the 2003 recapitalization, the entire family shareholder group held only one-third of the outstanding shares of the parent company. The so called "controlling" shareholders held only a portion of those shares and were entitled to elect only four of nine Werner directors. After the 2003 recapitalization, the family group's equity interests were even smaller, and they controlled only two board seats. (Compl. ¶¶ 60, 75-84, 136-140, 238-262, 469, 486, 516)

A shareholder does not owe a fiduciary duty to the corporation unless it owns a majority interest in, or exercises control over, the corporation. *See Ivanhoe Partners v. Newmont Mining Corp.*, 535 A.2d 1334, 1344 (Del. 1987); *Superior Vision Servs., Inc. v. Reliastar Life Ins. Co.*, No. Civ. A. 1668-N, 2006 WL 2521426, at *4 (Del. Ch. Aug. 25, 2006). Merely having minority nominees on a board of directors also does not constitute control. *Fry v. Trump*, 681 F. Supp. 252, 256 (D.N.J. 1988); *Citron v. Fairchild Camera & Instrument Corp.*, 569 A.2d 53, 70

(Del. 1989); *Kaplan v. Centex Corp.*, 284 A.2d 119, 122-23 (Del. Ch. 1971). Here, the "Werner Family Controlling Shareholders" did not own a majority of the Werner shares and did not control a majority of the Werner directors and, therefore, were not controlling shareholders and owed no fiduciaries as such. Thus, the claims against the "Werner Family Controlling Shareholders" should be dismissed.

### 4.    Officer defendants

To state a claim for breach of fiduciary duty, Plaintiff must allege the existence of a fiduciary duty and an action that violates that duty. *York Linings v. Roach*, No. 16622-NC, 1999 WL 608850, at *2 (Del. Ch. July 28, 1999). Counts 15, 16 and 19-22 (Compl. ¶¶ 465-501, 511-562) assert claims against a laundry list of former officer defendants for breaches of fiduciary duty and aiding and abetting in such breaches in connection with the 2003 recapitalization and a dividend paid by a Werner subsidiary to the parent company as part of that transaction (Counts 15, 16, 20, 21) and the alleged failure to file for bankruptcy sooner than June 2006 (Counts 19, 22). But the officers could not have breached their own fiduciary duties for causing these alleged wrongs, because they had no corporate power to effect any of these actions. Rather, only the directors had the power to authorize the dividend or a bankruptcy filing or recommend the recapitalization transaction to shareholders, and only the shareholders had the power to approve the recapitalization.

Nor does the Complaint identify anything that each of the officers defendants might have done that would constitute aiding in someone else's breach of fiduciary duty. Given the lack of any attribution of specific acts and the failure to differentiate among the officer defendants, it is simply not possible for each of them to tell from the Complaint what he allegedly did wrong and when, so that he can respond and defend himself in a meaningful way.

26

Accordingly, Counts 15, 16 and 19-22 should be dismissed as to the officer defendants for failure to state a claim.

### 5.    Defendant Ilene Stewart

The only claims against defendant Ilene Stewart are in connection with the 1997 recapitalization transaction. (*See* Compl. ¶ 279) Ms. Stewart, then a California domiciliary, died on July 24, 2002. (*See* Stewart Decl. ¶¶ 5-6; Ex. A)  Pursuant to Bankruptcy Rule 7017 and Fed. R. Civ. P. 17(b)(1), the "capacity of an individual . . . to sue or be sued shall be determined by the law of the individual's domicile."  California Code of Civil Practice section 366.2 provides that claims against a deceased person must be filed within one year of death, before July 24, 2003 in Ms. Stewart's case.  Therefore, the claims against Ms. Stewart are time barred and should be dismissed.

### 6.    Defendant Loughlin Meghji

#### (a)    Lack of subject matter jurisdiction and *res judicata*

In Count 13 (Compl. ¶¶ 440-454), Plaintiff seeks to recover alleged preferential payments that Loughlin Meghji & Co., Inc. ("Loughlin Meghji") was required to (and did) disclose in its retention application with the Delaware Bankruptcy Court.[16]  The Delaware Bankruptcy Court has exclusive jurisdiction over this claim because it involves the "construction of section 327 of [the Bankruptcy Code] or rules relating to disclosure requirements under section 327." 28 U.S.C. § 1334(e)(2).  The Delaware Bankruptcy Court was required to determine, prior to approving Loughlin Meghji's retention under section 327, that these alleged preferential transfers were not avoidable. *See In re Pillowtex, Inc.*, 304 F.3d 246, 254-55 (3d Cir. 2002).  Plaintiff's attempt to re-litigate such issues would necessarily involve this Court in construing section 327 and

---

16  *See* Werkheiser Decl. Ex. A, Affidavit of James J. Loughlin, Jr., ¶ 7.

Bankruptcy Rule 2014 (governing disclosures in applications for professional employment) to determine what was previously adjudicated by the Delaware Bankruptcy Court.

Additionally, this claim against Loughlin Meghji should be dismissed on the basis of *res judicata* because when the Delaware Bankruptcy Court approved Loughlin Meghji's retention as a section 327 professional, it determined that Loughlin Meghji had not received any avoidable preferential transfers. *See In re First Jersey Sec., Inc.*, 180 F.3d 504, 509 (3d Cir. 1999) (holding that preferential transfer "would require the firm's disqualification"). Accordingly, Count 13 against Loughlin Meghji should be dismissed.

### (b)    Counts 9, 10, 11, 12 and 13

The fraudulent and preferential transfer claims against Loughlin Meghji in Counts 9-13 (Compl. ¶ 388-454) should be dismissed for failure to state a claim and for failure to comply with the applicable pleading standards. To state such claims, Plaintiff must at least allege which transfers are avoidable, the dates of the transfers, and the value received in exchange for the transfers. *In re The Brown Sch.*, 368 B.R. 394, 404 (Bankr. D. Del. 2007); *Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc.*, 373 B.R. 262, 271 (Bankr. S.D.N.Y. 2007). The Complaint includes no such information.

Plaintiff's avoidance claims against Loughlin Meghji for services rendered after May 2005 also should be dismissed because the sole predicate act for these claims is Loughlin Meghji's alleged publication of Werner's allegedly false financial projections in connection with the 2005 credit facility that closed on May 10, 2005. (See Compl. ¶ 196) Plaintiff alleges no misconduct by Loughlin Meghji after that.

### (c)    Counts 9, 10, 11, 12 & 22

Plaintiff's claims against Loughlin Meghji based on alleged misconduct related to Werner's financial projections should be dismissed for the additional reason that they are

28

foreclosed by the express terms of Loughlin Meghji's retention agreement with Werner, to which

Plaintiff alludes (*see, e.g.,* Compl., ¶ 224) but does not include with the Complaint.[17] This

agreement (approved by the Delaware Bankruptcy Court) provides (at 2-3) that Werner "will

remain at all times solely responsible for its financial projections (including preparation thereof),

developing underlying assumptions and providing any disclosure related thereto," excludes from

the services being provided by Loughlin Meghji any duty to investigate or opine concerning the

correctness of Werner's financial information, and expressly absolves Loughlin Meghji of any

liability related to the inaccuracy of Werner's projected results.  Such specific written

disclaimers entirely vitiate these claims, which are based on the alleged inaccuracy of Werner's

financial projections, because any reliance on Loughlin Meghji's alleged misrepresentations is

unreasonable as a matter of law. *See, e.g., Orlando v. Kukielka,* 836 N.Y.S.2d 252, 255 (N.Y.

App. Div. 2007); *CFJ Assoc. of N.Y., Inc. v. Hanson Indus.,* 711 N.Y.S.2d 232, 235 (N.Y. App.

Div. 2000).

### (d)    Count 22

The aiding and abetting claim asserted against Loughlin Meghji in Count 22 (Compl. ¶¶

553-562) should be dismissed because Plaintiff does not, and cannot, allege any damage to

Werner resulting from Loughlin Meghji's allegedly wrongful conduct.  Loughlin Meghji was not

retained until 2005; therefore, the only breaches of fiduciary duty it could have aided and abetted

would have been in connection with the 2005 refinancing.  Because the proceeds of these

transactions were used to repay secured, third-party debt (*see* Compl. ¶ 192), the refinancing did

not harm Werner in any way.

---

17 The retention agreement (Werkheiser Decl. Ex. A), filed in Werner's Delaware bankruptcy
   case, may be considered on the dismissal motion. *See* n.13 above.

This claim also is barred by the doctrine of *in pari delicto*, which prohibits Werner (*i.e.*, Plaintiff) from recovering from Loughlin Meghji for injuries to Werner when Werner, through its officers and directors, allegedly participated in the wrongful conduct. *See Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 354-60 (3d Cir. 2001); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991). The conduct of the post-2003 director and officer defendants was in the course of their duties and designed to benefit Werner by addressing its liquidity issues. Thus, any alleged wrongdoing by those defendants is imputed to Werner and, by extension, to Plaintiff. Accordingly, Count 22 as against Loughlin Meghji should be dismissed.

### 7.    Defendant Murray Devine

#### (a)    Count 29

The breach of contract claim against Murray Devine (Count 29, Compl. ¶¶ 603-611) fails to state a claim because the alleged basis – that Murray Devine failed to perform basic procedures and ignored red flags – is directly contradicted by documents referenced in the Complaint, *i.e.*, the engagement letter, which stated that Werner management would provide certain information upon which Murray Devine could rely without independent verification (DiDomenico Decl., Ex. A at 5), and the management representation letter from Werner which directed Murray Devine to make certain assumptions, including those regarding the repayment of debt which Plaintiff contends were "red flags."[18]  (Compl. ¶ 610; DiDomenico Decl., Ex. B ¶¶ 18, 19)  The solvency opinion itself also sets forth each fact upon which Murray Devine's opinion was based and the methodology it used, including its reliance on management's representations.

---

18  Because these documents are referred to in the Complaint, they may be considered on the dismissal motion. *See* n. 13, above.

(DiDomenico Decl., Ex. C at 12)  These documents establish that Murray Devine did in fact comply with its contractual obligations in delivering the solvency opinion pursuant to the engagement letter.

This claim also fails because it does not allege a causal relationship between the alleged breach (delivering the solvency opinion) and the damages claimed (the allegedly fraudulent transfers that occurred in the 2003 recapitalization).  The asserted damages are not the result of any alleged contract breach but, rather, the alleged independent acts of third parties, the shareholder and director defendants.  *See, e.g., Robinson Protective Alarm Co. v. Bolger & Picker*, 516 A.2d 299, 303 n.9 (Pa. 1986) (no liability for bank where its alleged breach of contract was not responsible for loss).  Moreover, the hundreds of millions of dollars in consequential damages sought by Plaintiff were not within the liability assumed by Murray Devine and, therefore, are not recoverable.  *See, e.g., Fort Wash. Res., Inc. v. Tannen*, 901 F. Supp. 932, 943 (E.D. Pa. 1995) (limiting damages to amount paid to breaching party; consequential damages for losses incurred denied because breaching party was not hired to be a "guarantor of the success of the entire project.").  Additionally, the engagement letter further limited Murray Devine's liability to damages resulting from acts of recklessness, gross negligence or willful misconduct (DiDomenico Decl., Ex. A at 4-5 (indemnification clause)), which are not alleged in the Complaint.  *See Borden, Inc. v. Advent Ink Co.*, 701 A.2d 255, 262 (Pa. Super. 1997) (clauses limiting damages in commercial contracts are "generally enforced").

Finally, Plaintiff fails to allege which specific contract provisions allegedly were breached and, instead, only vaguely asserts that Murray Devine "did not satisfactorily perform" under the contract and "failed to comply with professional standards for issuing solvency opinions." (Compl. ¶ 609)  The failure to identify the particular provisions breached is fatal to

31

Plaintiff's contract claim, which, therefore, should be dismissed. *See, e.g., Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. 2000).

### (b)    Count 30

Count 30 (Compl. ¶¶ 612-620) for "professional negligence" against Murray Devine also fails to state a claim because, under Pennsylvania law, such a claim cannot be maintained against an issuer of a solvency opinion which is not a licensed professional. *See In re American Inv. Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 2007 WL 2541216, at *32 (E.D. Pa. Aug. 29, 2007) (RICO Bus. Disp. Guide 11,369). Furthermore, because Murray Devine's obligations were defined in its contract with Werner, any claim for alleged breach of those obligations could only be brought as a breach of contract claim, and not as a negligence claim. *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 20-21 (Pa. Super. 2002).

Finally, in all events, the professional negligence claim is barred under Pennsylvania's two-year statute of limitations. 42 Pa. C.S.A. § 5524(7). The claim arose not later than the date the solvency opinion was rendered, June 11, 2003. Therefore, the professional negligence claim was time barred more than a year before Werner filed for bankruptcy, and is untimely now. Accordingly, Count 30 should be dismissed.

## CONCLUSION

For all of the foregoing reasons, this case should be transferred to the District of

Delaware, and the Complaint should be dismissed as to the Claims and defendants specified

above.

Dated: New York, New York
      June 2, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

  /s/ William P. Frank
William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000
      and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants

LATHAM & WATKINS LLP

By:_____
Marc W. Rappel
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Counsel for Loughlin Meghji & Co., Inc.

COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A

# CONCLUSION

For all of the foregoing reasons, this case should be transferred to the District of

Delaware, and the Complaint should be dismissed as to the Claims and defendants specified

above.

Dated: New York, New York
       June 2, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


_____

William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000
    and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants

LATHAM & WATKINS LLP

By:_____
Marc W. Rappel / Robert Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong


MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware  19899-1347
Counsel for Loughlin Meghji & Co., Inc.

COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A

## CONCLUSION

For all of the foregoing reasons, this case should be transferred to the District of

Delaware, and the Complaint should be dismissed as to the Claims and defendants specified

above.


Dated: New York, New York
      June 2, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


_____

William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000
     and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants

LATHAM & WATKINS LLP

By:_____
Marc W. Rappel
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong


MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware  19899-1347
Counsel for Loughlin Meghji & Co., Inc.

COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A

_____
William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000
            and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Counsel for Loughlin Meghji & Co., Inc.

BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell

CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John

By:_____
Marc W. Rappel
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong

COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A

SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust.

LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.

BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers


PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin


SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust.


LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.


NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers


PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin


SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis G. Heiner, Steven R.
Bentson, Peter R. O'Coin, and the Heiner
Family Trust.


LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.


NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

BURKHALTER KESSLER GOODMAN & GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers


PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin


SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust.


LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.


NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers


PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin


SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust.


LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.


NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers


PEPPER HAMILTON LLP

By: *Kenneth J. King*
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin, Lisa
A. Pressler


SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust.


LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.


NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin

NIXON PEABODY LLP

By: _____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

KENNEDY JOHNSON GALLAGHER, LLC

By:_____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak

FOLEY & LARDNER LLP

By:_____
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

KENNEDY JOHNSON GALLAGHER, LLC

By:_____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak

FOLEY & LARDNER LLP

By: _Peter N. Wang_  /sc
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

1309578_1

# EXHIBIT A

| | |
|---|---|
| 1. | ACHENBACH, DONALD E. |
| 2. | ALLIGATOR PARTNERS, L.P. (HOWARD SOLOT AND JANET SOLOT - GENERAL PARTNERS |
| 3. | ALTER, MINDY WERNER |
| 4. | BASILOTTA, LEE L. |
| 5. | BERK-RAUCH, ELI |
| 6. | BERK-RAUCH, ELLEN |
| 7. | BERK-RAUCH, HANNA |
| 8. | BERK-RAUCH, NOEL |
| 9. | BLACKMAN, GAIL RAUCH |
| 10. | BLACKMAN, HEATHER |
| 11. | BONTE, ALESSANDRA (Minor) |
| 12. | BONTE, FRANCESCA |
| 13. | BONTE, MARGARET |
| 14. | BONTE, RICHARD |
| 15. | BONTE, VERA |
| 16. | DOWLER, HENRY W. |
| 17. | FROST, ELISE W. |
| 18. | FROST, IRA AND ELISE FAMILY LIMITED PARTNERSHIP (ELISE FROST — GENERAL MANAGING PARTNER) |
| 19. | GELLIS, BRAD J. |
| 20. | GENIS, VINCENT |
| 21. | GOLDBLATT, J. DAVID |
| 22. | GOLDBLATT, JUNE |
| 23. | GRIFFITH, PAULA J. |
| 24. | JOHNSON, DENNIS J. |
| 25. | JOUBERT, JESSICA |
| 26. | JOUBERT, LINDA |
| 27. | HAZLETT, WILLIAM |
| 28. | DEBORAH KAPLAN TRUST |

1309578_1

| | |
|---|---|
| 29. | KAPLAN, JEREMY |
| 30. | JUDITH KAPLAN TRUST (C/O LESLIE EVERS)HYY |
| 31. | KAPLAN, JULIA (Minor) |
| 32. | KAPLAN, KARRAH |
| 33. | KAPLAN, RACHAEL |
| 34. | KARP, ALLISON TYLER (Minor) |
| 35. | KARP, MARSHA BETH |
| 36. | KARP, MELISSA S. (Minor) |
| 37. | KATZ, BETH |
| 38. | KELLY, RICHARD |
| 39. | KOERNER, GEORGE |
| 40. | KRANE, CARLEY |
| 41. | KRANE, JASON |
| 42. | KRANE, MARLANE |
| 43. | MASON, ERIC A. |
| 44. | MCGOWAN, DAVID |
| 45. | MEIKLE, WENDY |
| 46. | MORROW, SUSAN |
| 47. | PINNEY, ROBERT |
| 48. | NEEDHAM, BEVERLY WERNER |
| 49. | SHIRLEY W. RAUCH TRUST (STANLEY RAUCH, AND MARLANE KRANE – TRUSTEES) |
| 50. | RANKELL FAMILY TRUST |
| 51. | RAUCH TRUST (ALEENA SHAPIRO– TRUSTEE) |
| 52. | RICHMOND DRIVE ENTERPRISES, L.P. (RICHARD WERNER AND ELISE FROST– GENERAL PARTNERS) |
| 53. | RIPPIN, WILLIAM J. |
| 54. | ROSATI, RICHMOND I. (Minor) |
| 55. | ROSATI, ROBERT A. |
| 56. | ROSATI, RONI S. |
| 57. | ROSATI, ROSS DANIEL (Minor) |
| 58. | ROSATI, RYAN GREGORY |
| 59. | ROTHMAN, DEBRA A. |

1309578_1

60.   ROTHMAN, JORDANA

61.   ROTHMAN, JOSHUA J.

62.   ROTHMAN, KEVIN M.

63.   SCHWARTZ, ELISSA **NOW ELISSA RIOUX**

64.   SCHWARTZ, SUZANNE

65.   SOLOT, HOWARD L.

66.   SOLOT, JANET F.

67.   SOLOT, MICHAEL

68.   TRZYNKA, MICHAEL

69.   WEINER, MAURICE

70.   WERNER, ASHLEY ELIZABETH

71.   WERNER, BARBARA L.

72.   WERNER, BARBARA L. AND WERNER DONALD M.

73.   WERNER, BRUCE D.

74.   BRUCE D. WERNER TRUST (BRUCE WERNER - TRUSTEE)

75.   WERNER, BRUCE D. FAMILY LIMITED PARTNERSHIP
      (BRUCE WERNER - MANAGING GENERAL PARTNER)

76.   WERNER, CRAIG

77.   WERNER, CRAIG R. FAMILY LIMITED PARTNERSHIP
      (CRAIG WERNER - GENERAL PARTNER)

78.   CRAIG R. WERNER TRUST

79.   WERNER, DONALD M.

80.   WERNER, ERIC

81.   WERNER, FLORENCE J.

82.   FLORENCE J. WERNER IRREV. TRUST DATED 10/7/94
      (RONALD WERNER, MARC WERNER AND MICHAEL
      WERNER -- TRUSTEES)

83.   WERNER GC TRUST FOR ERIN JOY RYAN (BEVERLY
      WERNER NEEDHAM - TRUSTEE)

84.   WERNER GC TRUST FOR SHANNON ROSE RYAN
      (BEVERLY WERNER NEEDHAM —TRUSTEE)

85.   WERNER, ISABELLE (Minor)

86.   WERNER, JEFFREY ADDISON

1309578_1

87.   JONATHAN C. WERNER GIFT TRUST U/A/D/ 11/1/96
(JEFFREY WEISMAN - TRUSTEE)

88.   LAURA W. WERNER REVOCABLE TRUST, U/A/D 1/2/96
(LAURA WERNER - TRUSTEE)

89.   LOIS S. WERNER REVOCABLE TRUST

90.   MARGOT A. WERNER GIFT TRUST U/A/D 11/1/96  (LAURA
WERNER - TRUSTEE)

91.   WERNER, MARC L.

92.   MARC L. WERNER IRREVOCABLE TRUST

93.   WERNER, MELANIE

94.   WERNER MICHAEL E.

95.   MICHAEL E. WERNER REVOCABLE TRUST, U/A/D 12/96
(MICHAEL WERNER - TRUSTEE)

96.   WERNER, RICHARD L.

97.   RICHARD L. WERNER REVOCABLE TRUST

98.   WERNER, ROBERT I.

99.   ROBERT I. WERNER IRREV. TRUST DATED 8/30/94
(RONALD WERNER – ADMINISTRATIVE TRUSTEE)

100.  WERNER, RONALD E.

101.  WERNER, SOPHIA (Minor)

102.  STEPHANIE N. WERNER GIFT TRUST U/A/D 11/1/96
(JEFFERY WEISMAN – TRUSTEE)

103.  WERNER, TAMMY H.

104.  WERNER-ALTER, LLC (MINDY WERNER ALTER -
MANAGER)

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                            : ss.:
COUNTY OF NEW YORK  )

          Kenneth J. Horrmann, being duly sworn, deposes and says:

          1.  I am not a party to the action, am over 18 years of age and am employed by

Skadden, Arps, Slate, Meagher &  Flom LLP, Four Times Square, New York, NY 10036.

          2.  On June 2, 2008, I served the following:

- *Notice of Motion,*
- *Opening  Memorandum of Law in Support of Defendants' Joint Motions to Transfer Venue and to Dismiss the Complaint,*
- *Declaration of Michael D. Brooks,*
- *Declaration of Anthony W. Clark,*
- *Declaration of David M. Conn,*
- *Declaration of Daniel M. DiDomenico,*
- *Declaration of John J. Dylik,*
- *Declaration of Christopher G. Filardi,*
- *Declaration of Bruce B. Fischer,*
- *Declaration of Karen R. Garcell,*
- *Declaration of Vincent J. Garcell,*
- *Declaration of Edward W. Gericke,*
- *Declaration of Timothy K. Lewis,*
- *Declaration of Neal R. Martin,*
- *Declaration of Lisa A. Pressler,*
- *Declaration of John M. Remmers,*
- *Affidavit of Steven P. Richman,*
- *Declaration of Christopher J. Stadler,*
- *Declaration of Gary Stewart,*
- *Declaration of Thomas J. Sullivan,*
- *Declaration of Gregory W. Werkheiser,*
- *Declaration of Eric J. Werner; and*
- *Declaration of Michael S. Wong*

 by first-class mail by depositing same in a post-paid properly addressed envelope, in an official

depository under the exclusive care and custody of the U.S. Postal Service within the State of

New York upon:

          Kevin C. Walz
          8045 Bainbrook Drive
          Chagrin Falls, OG 44023

David A. Cardillo
23 St. Glory Road
Greenville, PA 16125

_____
Kenneth J. Horrmann

Sworn to before me this
2nd day of June 2008.

Brian E. Keating
Notary Public, State of New York
No. 01KE5009535
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires March 15, 2011

2