SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
William P. Frank (William.Frank@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000

and

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Anthony W. Clark (Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust, : | 08 cv 0876 (RMB)(THK) |
| : | |
| Plaintiff, : | **DECLARATION OF** |
| vs. : | **ANTHONY W. CLARK** |
| : | |
| INVESTCORP BANK B.S.C., et al., : | **ELECTRONICALLY FILED** |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANTHONY W. CLARK hereby declares as follows:

1. I am a member of the firm Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Investcorp Defendants in this action, and I have been admitted pro hac vice in this Court.

2. I submit this declaration in support of the Defendants' Joint Motions to Transfer Venue and to Dismiss the Complaint.

3. This declaration also is submitted to place before the Court true and correct copies of the following documents:

| Exhibit | Document |
|---------|----------|
| A | Investcorp Management Services Agreement |
| B | Article VI, Section 1 of the bylaws of Werner Holding Co. (PA), Inc. |
| C | Section 2.15 of the bylaws of Werner Holding Co. (DE), Inc. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2008.

_____
Anthony W. Clark

# Exhibit A
(Investcorp Management Services Agreement)

## AMENDED AND RESTATED
## AGREEMENT FOR MANAGEMENT ADVISORY,
## STRATEGIC PLANNING AND
## CONSULTING SERVICES

THIS AGREEMENT (the "Agreement") is made effective as of the 11th day of June, 2003 (the "Effective Date"), by and between Investcorp International Inc., a Delaware corporation ("III"), and Werner Holding Co. (DE), Inc., a Delaware corporation ("Werner").

WHEREAS, this III and Werner are parties to an Agreement for Management Advisory Services, dated as of November 25, 2002 (the "2002 Agreement"), pursuant to which Werner has paid to III a consulting service fee of $1,500,000 for services provided from November 25, 2002 to November 24, 2003; and

WHEREAS III and Werner desire to amend and restate the 2002 Agreement.

NOW, THEREFORE, the parties do hereby agree as follows:

1. <u>Appointment</u>. Werner hereby reconfirms its appointment of III to render management advisory, strategic planning and consulting services to Werner pursuant to the 2002 Agreement as amended hereby through November 24, 2007 (the period of November 25, 2002 through November 24, 2007 is referred to herein as the "Term").

2. <u>III</u>. During the Term, III shall render to Werner, by and through such of its officers, employees, agents and affiliates as III, in its sole discretion, shall designate from time to time, management advisory, strategic planning and consulting services. Such services shall consist of advice concerning management, finance, marketing, strategic planning, and such other services as shall be requested from time to time by the Board of Directors of Werner. Werner acknowledges and agrees that the services to be provided by III hereunder do not encompass services that would be required in connection with an acquisition, joint venture, restructuring or initial public offering by Werner, or a private sale of the stock or assets of Werner. Should Werner desire to engage III to provide financial advisory services in connection with any such type of transaction, such engagement shall be subject to the negotiation of mutually acceptable fee arrangements for such additional services, albeit the indemnification obligations of Werner as set forth in paragraph 7 of this Agreement shall apply to any such additional services performed by III.

3. <u>Fees</u>.

3.1 <u>Services Fee</u>. In consideration of III's performance of the above-described services, Werner has paid to III consulting services fees of $1,500,000, in cash, for the 12 months ending November 25, 2003 and, shall pay to III, in cash, consulting services fees at a rate of $1,000,000 per 12-month period for each subsequent 12-month period for the remainder of the Term (collectively, the "Services Fee"). It is recognized that the services provided under this Agreement will not be evenly distributed over time. It is also recognized that, subject to the terms of this Agreement, Werner is committed to pay the full amount payable hereunder, and the

CONFIDENTIAL

III 035814

Fee, once paid, is non-refundable. The full amount of the Fee for each remaining year of the Term shall be paid on the first business day of such year.

      3.2    Structuring Fee. In connection with the services provided to the Company in connection with the transactions contemplated by, and pursuant to the terms of, that certain Recapitalization and Purchase Agreement, dated as of May 7, 2003 (the "Recapitalization Agreement"), by and among Werner Holding Co. (PA), Inc., a Pennsylvania corporation, Green Equity Investors III, L.P., a Delaware limited partnership, and the shareholders party thereto, the Company agrees to pay to III a structuring fee of $1,000,000 and reasonable out-of-pocket expenses incurred by the III in connection with the services provided in connection with the transactions contemplated by the Recapitalization Agreement, which fee and expenses shall be paid to the III on the date of this Agreement.

      4.    Reimbursements. Within 15 calendar days of delivery of III's invoice, Werner shall reimburse III for its reasonable out-of-pocket expenses incurred in connection with the performance of services pursuant to this Agreement.

      5.    Termination. This shall terminate on the earlier of (i) November 24, 2007, (ii) such time as Investcorp Investors (as defined in the Amended and Restated Shareholders' Agreement dated as of June 11, 2003 (the "Shareholders' Agreement")) cease to own at least 50% of the aggregate equity position in the Company owned by the Investcorp Investors as of immediately after the closing of the Recapitalization (as defined in the Shareholders' Agreement), or (iii) a Qualified IPO (as such term is defined in the Statement of Rights of the Series A Preferred Stock). Notwithstanding any other provision hereof, the obligations of Werner to pay amounts due with respect to periods prior to the termination hereof pursuant to paragraph 3 hereof and the provisions of paragraphs 7 and 8 hereof shall survive any termination of this Agreement.

      6.    Default. In the event that Werner fails to pay any part of the Fee as set forth in Paragraph 3 above when and as due, and Werner does not cure such failure prior to the 10th day of the month following the month in which such payment is due, then Werner shall be in default under this Agreement and III shall be entitled to receive payment in full of the unpaid portion of the Fee upon making written demand upon Werner for such payment. Upon delivery of such written demand, III shall be excused from rendering any further services pursuant to this Agreement. The aforesaid right and privilege of III to withhold services is intended to be in addition to any and all other remedies available because of Werner's default, including III's right to payment of all fees set forth herein. Further, in the event of a default by Werner, Werner agrees to reimburse III for any and all costs and expenses incurred by III, including, without limitation, reasonable counsel fees and expenses, in connection with such default and any litigation or other proceedings instituted for the collection of payments due hereunder.

      7.    Decisions/Authority of Advisor.

      7.1    Limitation on III's Liability. Werner reserves the right to make all decisions with regard to any matter upon which III has rendered its advice and consultation, and there shall be no liability of III for any such advice accepted by Werner pursuant to the provisions of this Agreement.

2

7.2  Independent Contractor. III shall act solely as an independent contractor and shall have complete charge of its personnel engaged in the performance of services under this Agreement. As an independent contractor, III shall have authority only to act as an advisor to Werner and shall have no authority to enter into any agreement or to make any representation, commitment or warranty binding upon Werner or to obtain or incur any right, obligation or liability on behalf of Werner. Nothing herein shall constitute III or any of its affiliates a partner of or joint venturer with Werner. Nothing herein shall in any way preclude III from engaging in any business activities or from performing services for its own account or for the account of others.

8.  Indemnification.

8.1  Indemnification/Reimbursement of Expenses. Werner shall (i) indemnify III and its officers, employees, agents and affiliates (the "Indemnified Parties") to the fullest extent permitted by law, from and against any and all losses, claims, damages and liabilities, joint or several, to which any Indemnified Party may become subject, caused by, related to or arising out of services under this Agreement or any other advice or services contemplated by this Agreement or the engagement of III pursuant to, and the performance by the III of the services contemplated by, this Agreement, and (ii) promptly reimburse each Indemnified Party for all costs and expenses (including reasonable and documented attorneys' fees and expenses), as incurred, in connection with the investigation of, preparation for or defense of any pending or threatened claim or any action or proceeding arising therefrom, whether or not such Indemnified Party is a party and whether or not such claim, action or proceeding is initiated or brought by or on behalf of Werner and whether or not resulting in any liability.

8.2  Limited Liability. Werner shall not be liable under the indemnification contained in Section 8.1 hereof to the extent that such loss, claim, damage, liability, cost or expense is found in a final non-appealable judgment by a court of competent jurisdiction to have resulted from III's willful misconduct or gross negligence. Werner further agrees that no Indemnified Party shall have any liability (whether direct or indirect, in contract, tort or otherwise) to Werner, holders of its securities or its creditors related to or arising out of the engagement of III pursuant to, or the performance by III of the services contemplated by, this Agreement.

9.  Amendments. No amendment or waiver of any provision of this Agreement, or consent to any departure by either party from any such provision, shall in any event be effective unless the same shall be in writing and signed by the parties to this Agreement and then such amendment, waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

10.  Notices. Any and all notices hereunder shall, in the absence of receipted hand delivery, be deemed duly given when mailed, if the same shall be sent by registered or certified mail, return receipt requested, and the mailing date shall be deemed the date from which all time periods pertaining to a date of notice shall run. Notices shall be addressed to the parties at the following addresses:

3

CONFIDENTIAL

III 035816

If to III, to:

Investcorp International Inc.
280 Park Avenue, 36th Floor West
New York, New York 10017
Attention: President

with a copy to:

Gibson, Dunn & Crutcher LLP
200 Park Avenue, 48th Floor
New York, New York 10166
Attention: E. Michael Greaney, Esq.

If to Werner, to:

Werner Holding Co. (DE), Inc.
93 Werner Road
Greenville, Pennsylvania 16125
Attention: General Counsel

11. <u>Entire Agreement</u>. This Agreement shall constitute the entire agreement between the parties with respect to the subject matter hereof, and shall supersede all previous oral and written (and all contemporaneous oral) negotiations, commitments, agreements and understandings relating hereto.

12. <u>Assignment</u>. This Agreement shall be assignable by either party hereto provided that the non-assigning party consents in writing to such assignment.

13. <u>Applicable Law</u>. This Agreement shall be construed and enforced in accordance with the laws of New York (without regard to the conflicts of laws provisions thereof or of any other jurisdiction) and shall inure to the benefit of, and be binding upon, III and Werner and their respective successors and assigns.

14. <u>No Continuing Waiver</u>. The waiver by any party of any breach of this Agreement shall not operate or be construed to be a waiver of any subsequent breach.

15. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

16. <u>Governing Law</u>. This agreement shall be governed by and construed in accordance with the laws of the State of New York as applied to contracts made and performed within the State of New York without regard to principles of conflict of laws.

CONFIDENTIAL

III 035817

JUN 11 2003 10:32 FR INVESTCORP          212 983 7073 TO 12123515237          P.06

    IN WITNESS WHEREOF, each of the parties has caused this Agreement for Management Advisory, Strategic Planning and Consulting Services to be executed and delivered by its duly authorized officer or agent as set forth below.

INVESTCORP INTERNATIONAL INC.

By: _____
Name:
Title:
Date:

WERNER HOLDING CO. (DE), INC.

By: _____
Name:
Title:
Date:

NY_80256546_3.DOC

5

** TOTAL PAGE.06 **

CONFIDENTIAL                                                            III 035818

---

IN WITNESS WHEREOF, each of the parties has caused this Agreement for Management Advisory, Strategic Planning and Consulting Services to be executed and delivered by its duly authorized officer or agent as set forth below.

INVESTCORP INTERNATIONAL INC.

By:_____
Name:
Title:
Date:

WERNER HOLDING CO. (DE), INC.

By: *[signature]*
Name:
Title:
Date:

80256546_3.DOC

CONFIDENTIAL

III 035819

# Exhibit B
(Article VI, Section 1 of the bylaws of
Werner Holding Co. (PA), Inc.)

BY-LAWS

OF

WERNER HOLDING CO. (PA), INC.

\*\*\* ARTICLE I \*\*\*

SHAREHOLDERS
------------

Section 1 - Annual Meeting
- -------------------------

       The annual meeting of the shareholders of the corporation for the election of directors, consideration of reports to be presented before such meeting and the transaction of such other business as may properly come before the meeting shall be held at the registered office of the corporation, or at such other place or places within or without the Commonwealth of Pennsylvania as the board of directors of the corporation may designate, in March of each calendar year on the date and at the time fixed by the board of directors.

Section 2 - Financial Report to Shareholders
- ------------------------------------------

       The directors shall cause to be sent to the shareholders, within one hundred twenty (120) days after the close of the fiscal year of the corporation, financial statements which shall include a balance sheet as of the close of such year, together with statements of income and surplus for such year, prepared so as to present fairly its financial condition and the results of its operations.

Section 3 - Special Meetings
- --------------------------

       Special meetings of the shareholders may be called at any time by the president, the board of directors or shareholders entitled to cast at least one-fifth of the votes which all shareholders are entitled to cast at the particular meeting. At any time, upon written request of any person or persons who have duly called a special meeting, it shall be the duty of the secretary to fix the date of the meeting, to be held not more than sixty (60) days after the receipt of the request, and to give due notice thereof. If the secretary shall neglect or refuse to fix the date of the meeting and give notice thereof, the person or persons calling the meeting may do so.

Section 4 - Notices of Meetings
- -----------------------------

       Written notice of each meeting of the shareholders shall be given by, or at the direction of, the person or persons authorized to call such meeting to each shareholder of record entitled to vote at such meeting at least five (5) days prior to the day named for such meeting.

Section 5 - Quorum
- ----------------

       At all meetings of the shareholders the presence, in person or by proxy, of shareholders entitled to cast at least a majority of the votes which all shareholders are entitled to cast on the particular matter shall constitute a quorum for the purpose of considering such matter.

*** ARTICLE VI ***

INDEMNIFICATION
---------------

Personal liability of directors and indemnification of, and advancement of expenses to directors, officers and others shall be governed by the following provisions;

Section 1 - Personal Liability of Directors
- ------------------------------------------

(a) To the fullest extent that the laws of the Commonwealth of Pennsylvania, as in effect on January 27, 1987 or as thereafter amended, permit elimination or limitation of the liability of directors, no director of the corporation shall be personally liable for monetary damages as such for any action taken, or any failure to take any actions, as a director.

(b) This Section 1 shall not apply to any actions filed prior to January 27, 1987, nor to any breach of performance of duty or any failure of performance of duty by any director of the corporation occurring prior to January 27, 1987. The provisions of this Section shall be deemed to be a contract with each director of the corporation who serves as such at any time while this Section is in effect and each such director shall be deemed to be so serving in reliance on the provisions of this Section. Any amendment or repeal of this Section or adoption of any other By-law or other provision of the Articles of the corporation which has the effect of increasing director liability shall operate prospectively only and shall not affect any action taken, or any failure to act, prior to the adoption of such amendment, repeal, other By-law or other provision.

Section 2 - Indemnification of, and Advancement of Expenses to, Directors,
- -------------------------------------------------------------------------
Officers and Others
- -------------------

(a) RIGHT TO INDEMNIFICATION. Except as prohibited by law, every director and officer of the corporation shall be entitled as of right to be indemnified by the corporation against expenses and any liability paid or incurred by such person in connection with any actual or threatened claim, action, suit or proceeding, civil, criminal, administrative, investigative or other, whether brought by or in the right of the corporation or otherwise, in which he or she may be involved in any manner, as a party witness or otherwise, or is threatened to be made so involved, by reason of such person being or having been a director or officer of the corporation or of a subsidiary of the corporation or by reason of the fact that such person is or was serving at the request of the corporation as a director, officer, employee, fiduciary or other representative of another corporation, partnership, joint venture, trust, employee benefit plan or other entity (such claim, action, suit or proceeding hereinafter being referred to as "Action"); provided, that no such right of indemnification shall exist with respect to an Action initiated by an indemnitee (as hereinafter defined) against the corporation (an "Indemnitee Action") except as provided in the last sentence of this Subsection (a). Persons who are not directors or officers of the corporation may be similarly indemnified in respect of service to the corporation or to another such entity at the request of the corporation to the extent the board of directors at any time denominates any of such persons as entitled to the benefits of this Section. As used in this Section 2, "indemnitee" shall include each director and officer of the corporation and each other person denominated by the board of directors as entitled to the benefits of this Section 2, "expenses" shall

include fees and expenses of counsel selected by an indemnitee and "liability" shall include amounts of judgments, excise taxes, fines, penalties and amounts paid in settlement.

# Exhibit C
(Section 2.15 of the bylaws of
Werner Holding Co. (DE), Inc.)

WERNER HOLDING CO. (DE), INC.

By-Laws

ARTICLE I
STOCKHOLDERS

SECTION 1.01. ANNUAL MEETINGS. Annual meetings of the stockholders shall be held at such place, either within or without the State of Delaware, and at such time and date as the Board of Directors shall determine and as set forth in the notice of the meeting.

SECTION 1.02. SPECIAL MEETINGS. Special meetings of the stockholders may be called at any time, for the purpose or purposes set forth in the call, by the Chairman of the Board, the President, the Board of Directors or the holders of at least one-fifth of all the shares outstanding and entitled to vote thereat, by delivering a written request to the Secretary. At any time, upon the written request of any person or persons who have duly called a special meeting, it shall be the duty of the Secretary to fix the date of the meetings, to be held not more than 75 days after receipt of the request, and to give due notice thereof. Special meetings shall be held at such place, either within or without the State of Delaware, and at such time and date as the Board of Directors shall determine and as set forth in the notice of the meeting.

SECTION 1.03. NOTICE OF ANNUAL AND SPECIAL MEETINGS. Except as otherwise expressly required by law, notice of each meeting of stockholders, whether annual or special, shall be given at least 5 and not more than 60 days prior to the date on which the meeting is to be held to each stockholder of record entitled to vote thereat by delivery of a notice thereof to him personally or by sending a copy thereof through the mail or by telecommunication equipment, charges prepaid, to his address appearing on the records of the Corporation. Each such notice shall specify the place, day and hour of the meeting and, in the case of a special meeting, shall briefly state the purpose or purposes for which the meeting is called. A written waiver of notice, signed by the person or persons entitled to such notice, whether before or after the date and time fixed for the meeting shall be deemed the equivalent of such notice. Neither the business to be transacted at nor the purpose of the meeting need be specified in a waiver of notice of such meeting.

SECTION 1.04. QUORUM. A stockholders' meeting duly called shall not be organized for the transaction of business unless a quorum is present. At any meeting the presence in person or by proxy of stockholder entitled to cast at least a majority of the votes which all stockholders are entitled to cast on the particular matter shall constitute a quorum for the purpose of considering such matter, except as otherwise expressly provided by law or by the Certificate of Incorporation or By-Laws of the Corporation. The stockholders present at a duly organized meeting can continue to do business until adjournment, notwithstanding the withdrawal of enough stockholders to leave less than a quorum. If a meeting cannot be organized because a quorum has not attended, those present may adjourn the meeting from time to time to such time (not more than 30 days after the next previous adjourned meeting) and place as they may determine, without notice other than by announcement at the meeting of the time and place of the adjourned meeting; and in the case of any meeting called for the election of directors, those who attend the second of such adjourned meetings, although entitled to cast less than a majority of the votes entitled to be cast on any matter to be considered at the meeting, shall nevertheless constitute a quorum for the purpose of electing directors.

SECTION 2.15.  PERSONAL LIABILITY OF DIRECTORS.

(a) To the fullest extent that the laws of the State of Delaware, as the same exist or may hereafter be amended, permit elimination of the personal liability of directors, no director of this Corporation shall be personally liable to this Corporation or its stockholders for monetary damages for breach of fiduciary duty as a director.

(b) The provisions of this Section 2.15 shall be deemed to be a contract with each director of this Corporation who serves as such at any time while this Section 2.15 is in effect, and each such director shall be deemed to be serving as such in reliance on the provisions of this Section 2.15. Any amendment or repeal of this Section 2.15 or adoption of any By-Law of this Corporation or other provision of the Certificate of Incorporation of this Corporation which has the effect of increasing director liability shall operate prospectively only and shall not affect any action taken, or any failure to act, by a director of this Corporation prior to such amendment, repeal, By-Law or other provision becoming effective.

ARTICLE III
OFFICERS AND EMPLOYEES

SECTION 3.01. EXECUTIVE OFFICERS. The Executive Officers of the Corporation shall be the President, a Secretary and a Treasurer, and may include one or more Vice Presidents as the Board of Directors may from time to time determine, all of whom shall be elected by the Board of Directors. Any two or more offices may be held by the same person. Each Executive Officer shall hold office until the next succeeding annual meeting of the Board of Directors and thereafter until his successor is duly elected and qualifies, or until his earlier death, resignation or removal.

SECTION 3.02. ADDITIONAL OFFICERS; OTHER AGENTS AND EMPLOYEES. The Board of Directors may from time to time appoint or hire such additional officers, assistant officers, agents, employees and independent contractors as the Board deems advisable; and the Board or the President shall prescribe their duties, conditions of employment and compensation. Subject to the power of the Board of Directors, the President may employ from time to time such other agents, employees, and independent contractors as he may deem advisable for the prompt and orderly transaction of the business of the Corporation, and he may prescribe their duties and the conditions of their employment, fix their compensation and dismiss them, without prejudice to their contract rights, if any.

SECTION 3.03. THE PRESIDENT. Subject to the control of the Board of Directors, the President shall have general policy supervision of and general management and executive powers over all the property, business, operations and affairs of the Corporation, and shall see that the policies and programs adopted or approved by the Board are carried out. The President shall exercise such further powers and duties as from time to time may be prescribed in these By-Laws or by the Board of Directors.

SECTION 3.04. THE VICE PRESIDENTS. The Vice Presidents may be given by resolution of the Board of Directors general executive powers, subject to the control of the President, concerning one or more or all segments of the operations of the Corporation. The Vice Presidents shall exercise such further powers and duties as from time to time may be prescribed in these By-Laws or by the Board of Directors or by the President. At the request of the President or in his absence or disability, the senior Vice President shall exercise all the powers and duties of the President.

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

      Kenneth J. Horrmann, being duly sworn, deposes and says:

      1. I am not a party to the action, am over 18 years of age and am employed by Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036.

      2. On June 2, 2008, I served the following:

- *Notice of Motion,*
- *Opening Memorandum of Law in Support of Defendants' Joint Motions to Transfer Venue and to Dismiss the Complaint,*
- *Declaration of Michael D. Brooks,*
- *Declaration of Anthony W. Clark,*
- *Declaration of David M. Conn,*
- *Declaration of Daniel M. DiDomenico,*
- *Declaration of John J. Dylik,*
- *Declaration of Christopher G. Filardi,*
- *Declaration of Bruce B. Fischer,*
- *Declaration of Karen R. Garcell,*
- *Declaration of Vincent J. Garcell,*
- *Declaration of Edward W. Gericke,*
- *Declaration of Timothy K. Lewis,*
- *Declaration of Neal R. Martin,*
- *Declaration of Lisa A. Pressler,*
- *Declaration of John M. Remmers,*
- *Affidavit of Steven P. Richman,*
- *Declaration of Christopher J. Stadler,*
- *Declaration of Gary Stewart,*
- *Declaration of Thomas J. Sullivan,*
- *Declaration of Gregory W. Werkheiser,*
- *Declaration of Eric J. Werner; and*
- *Declaration of Michael S. Wong*

by first-class mail by depositing same in a post-paid properly addressed envelope, in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York upon:

      Kevin C. Walz
      8045 Bainbrook Drive
      Chagrin Falls, OG 44023

David A. Cardillo
23 St. Glory Road
Greenville, PA 16125

_Kenneth J. Horrmann_
Kenneth J. Horrmann

Sworn to before me this
2nd day of June 2008.

_Brian E. Keating_
Brian E. Keating
Notary Public, State of New York
No. 01KE5009535
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires March 15, 2011