WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
(212) 819-8200
J. Christopher Shore (JS-6031)

633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
(213) 620-7700
Craig H. Averch (Admitted *Pro Hac Vice*)

Attorneys for Plaintiff OLD LADDER LITIGATION CO., LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>INVESTCORP BANK B.S.C., *et al.*,<br><br>Defendants. | Case No. 08 CIV 0876 (RMB)(THK)<br><br>**PLAINTIFF'S RESPONSE TO THE INVESTCORP DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE KATZ'S APRIL 21, 2008 AND MAY 29, 2008 ORDERS** |

**PRELIMINARY STATEMENT**

Beginning in February, 2008, Old Ladder began the process of seeking, on an expedited basis, the names and addresses of John Does who received in excess of $100 million in fraudulent transfers from Old Werner. Old Ladder has consistently sought that information prior to the potential running, on June 12, 2008, of certain statutes of limitations which are being tolled under the Bankruptcy Code.[1] To date, despite having consented to produce the names and addresses and now having been ordered <u>twice</u> by Magistrate Judge Katz to produce the names, the Investcorp Defendants have refused, and instead seek to have this Court excuse them from any production in an apparent attempt to have the limitations period run. The delay has to stop, and given the short time frame there can be no further delay or stay of production.

Magistrate Judge Katz made no error in his two Orders requiring production, let alone did he make rulings that were "clearly erroneous or contrary to law." With respect to the April 21, 2008 order on the record, the Investcorp Defendants fail to acknowledge that three of them -- Investcorp Bank B.S.C., Investcorp International, Inc., and Investcorp, S.A. (together, the "Consenting Investcorp Defendants") -- consented to discovery with respect to the subject names and addresses. These three defendants have offered no credible explanation as to why they should be excused from their consent and, Magistrate Judge Katz could hardly have erred in ordering production from them.

With respect to the May 29, 2008 order which (i) refused to modify the April 21 order and (ii) further ruled on the merits as against all of the Investcorp Defendants, Magistrate Judge Katz properly refused to allow any of these defendants to raise new arguments which were clearly at their disposal prior to entry of the April 21 order. Similarly Magistrate Judge Katz properly ruled that even if reargument were granted, Bahraini law did <u>not</u> prevent entities (i)

---

[1] Capitalized terms not otherwise defined herein are defined in Magistrate Judge Katz's May 29, 2008 order in the above-case. The Investcorp Defendants are listed in attached Exhibit A hereto.

incorporated and resident in non-Bahraini jurisdictions, (ii) not licensed under Bahraini law and (iii) having no direct relation with a Bahraini bank from disclosing in a U.S. Court proceeding the names of their investors. Finally, Magistrate Judge Katz properly ruled that, even if Bahraini law did purport to restrict disclosure, under the circumstances of this case, the disclosure ordered by the Court was still warranted, particularly given the potential consequences of non-production at this time.

As such, the Court should overrule all of the present objections and order immediate production of the names and addresses which were requested nearly four months ago.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2008, Old Ladder submitted a letter to this Court which sought authorization to move for expedited discovery of names and addresses of certain John Doe defendants. (Liberi Decl. Ex. 1).[2] On February 28, 2008 this Court referred the matter to Magistrate Judge Katz for hearing and determination. (Id. Ex. 1). The parties met with Magistrate Judge Katz to discuss the issue and agreed, on the record, that the February 27, 2008 letter would be treated as a formal discovery request and that the Investcorp Defendants would respond thereto. After further briefing the matter in correspondence, the parties re-appeared before Magistrate Judge Katz on April 21, 2008.

By that time, the Investcorp Defendants had interposed only two objections to discovery: (1) the Court lacked personal jurisdiction over any Investcorp Defendant sufficient to compel discovery and (2) there was no cause to expedite. (Liberi Decl., Ex 2 at 1-3). No issue was raised at all about confidentiality or Bahraini law. On the record at that hearing, Investcorp's counsel, in an apparent tactical decision to keep the other Investcorp Defendants out of the

---

[2] Citations to "Liberi Decl." refer to the Declaration of Jason Liberi and accompanying exhibits which accompanies the Investcorp Defendants' Objection to the Magistrate Judge's April 21, 2008 and May 29, 2008 Orders (the "Objection").

process, represented that (a) the Court unquestionably had jurisdiction over the Consenting Investcorp Defendants; (b) the information sought by Old Ladder was "in the possession of or certainly under the control of" those defendants; and (c) those Defendants could produce the information. (Liberi Decl., Ex. 4 at 4-5, 7-8). Thus, counsel argued, relief as against the other defendants was unnecessary. On the transcript of April 21, 2008 (the "April 21 Order"), Magistrate Judge Katz ordered the Consenting Investcorp Defendants to produce the names and addresses of all the doe defendants who were subsequent transferees of the monies sought herein. The only extant issue at the time of the April 21 Order was whether Old Ladder would have to keep the Investcorp names and addresses confidential and perhaps subject to a protective order. (Id. at 10-13).

Ten days later, rather than produce any information or provide additional "objections" to discovery – as they now contend they were expecting to have an opportunity to provide – the Investcorp Defendants moved to reargue the April 21 Order. (Liberi Decl., Ex 6). The sole basis offered at that time for reargument was that Bahraini law prevented one Consenting Investcorp Defendant -- the Bank -- from producing the information. Magistrate Judge Katz directed that the parties submit foreign law declarations and analyzed the materials submitted by both sides regarding Bahraini law. Without addressing point-by-point the shifting and often dilatory arguments which the Investcorp Defendants offered thereafter, Magistrate Judge Katz refused reargument and further ruled that, in any event, nothing in Bahraini law prevented other defendants from producing information, and the circumstances of this case required production of the ordered discovery. (Liberi Decl. Ex. 15 at 10-13). Alternatively, Magistrate Judge Katz ruled that, even if Bahraini law were implicated, the balance of competing U.S. and Bahraini issues, as a matter of discretion, tips in favor of disclosure. (Id. at 11-13).

# ARGUMENT

## I.

## THIS COURT SHOULD NOT MODIFY THE APRIL 29, 2008 ORDER

In the present Objections, the Investcorp Defendants assign one error to the April 29 Order – that the Court "den[ied] the Investcorp defendants their right to object to particular discovery requests under Rule 33 and the other discovery rules." (Objection at 7). This Court should reject that argument for three reasons:

(1)   The objection is factually inaccurate. By the time Magistrate Judge Katz entered the April 29 Order, the Investcorp Defendants had been given at least three opportunities to object to production on any grounds: in response to Old Ladder's February 27, 2008 letter, at the March 20, 2008 hearing and at the April 29 hearing. Fundamentally, the notion that the Investcorp Defendants were expecting a fourth bite at the apple so that they could object to discovery and thereafter seek resolution from Magistrate Judge Katz is simply not credible. The Bahraini law objection should have been raised at the first opportunity to do so, and long before reargument of the consented order.

(2)   The Objection is inconsistent with the record. At heart, the Objection concerns whether Bahraini law presents an absolute bar to production. Nowhere in the Objection do the Investcorp Defendants explain why their timely written objection dated April 1, 2008 addressed one bar to disclosure -- an alleged lack of personal jurisdiction -- but not the objection that Bahraini law prevented disclosure at all. Further, while it is not necessary for this Court to reach this issue to overrule the Objection, Old Ladder rejects the unsworn contention – offered for the first time at this late stage – that the Investcorp Defendants never waived service of formal discovery at the April 21 Hearing. (Objection at 3). That is simply not true, and if it were, the Investcorp Defendants would have sworn to it long ago.

   (3) <u>The Consenting Investcorp Defendants Consented to the Order</u>. Most fundamentally, it goes without saying that, to because three of the Investcorp Defendants consented to the April 21 Order, Magistrate Judge Katz could not have erred in entering it. While the Consenting Investcorp Defendants now seek to spin their consent by claiming that they only intended to have discovery propounded to them; subject to their later objections, their actions belie this newly created excuse. Following entry of the April 29 Order, they did not serve objections on Old Ladder, they moved to reargue the order. That motion was completely unnecessary unless the Consenting Investcorp Defendants understood, as they should have and clearly did, that they had consented to an order requiring <u>production</u>, not just requiring the interposing of objections to be ruled upon at a later date.

II.

MAGISTRATE JUDGE KATZ DID NOT ERR
IN ENTERING THE MAY 29, 2008 ORDER

  As an initial matter, the Investcorp Defendants assign no error to Magistrate Judge Katz's refusal to allow reargument, other than the mistaken premise that they expected to be able to raise objections to discovery at every turn and after being ordered multiple times to produce. On that basis alone, the Objection to the May 29 Order should be overruled.

  As to the substance of the objection to that order, we refer this Court to the foreign law affidavits submitted which make clear that (i) the Bank is the <u>only</u> Bahraini "Licensee," (ii) the other Investcorp Defendants incorporated under, and governed by, laws other than Bahraini law, and (iii) the information sought from those non-Bahraini Investcorp Defendants concerns persons and entities who are customers of the non-Bahraini entities, and that disclosure by such

entities would not be punishable under Bahraini law.[3]  (Liberi Decl. Exs 11-13).

Perhaps more important, the Investcorp Defendants assign no error to Magistrate Judge Katz's conclusions that, even if Bahraini law applied as to each Investcorp Defendant (which it clearly does not), discovery of names and addresses would still be appropriate.  Order at 11-12.  As Magistrate Judge Katz pointed out "[t]aking these factors into consideration, even if the Court were to decide that the non-Bahraini Investcorp Defendants were subject to Bahraini bank confidentiality laws, the balance of factors relevant to whether disclosure should be ordered tips in Plaintiff's favor."  *Id.*  Because the Investcorp Defendants have failed to object to that conclusion, under FRCP 72, the Investcorp Defendants have waived any objection to those findings and the Order cannot be disturbed.

## CONCLUSION

For the foregoing reasons, the Court should overrule each of the Investcorp Defendants' objections to the April 21 and May 29 Orders, order immediate production of the information sought and grant such other and further relief as the Court deems just.

WHITE & CASE LLP

By: /s/ J. Christopher Shore
J. Christopher Shore (JS–6031)
1155 Avenue of the Americas
New York, New York  10036
(212) 819-8200
*Attorneys for Plaintiff OLD LADDER LITIGATION CO., LLC*

Dated: 06/05/2008
New York, New York

---

[3] The Investcorp Defendants seek to expand the Bahraini law to protect any information from any source about an Individual who might be a customer of the Bank.  The strained nature of the Investcorp Defendants' Objection is apparent when applied to other contexts.  For example, if this Court rules in Investcorp's favor, then every entity which has any affiliation with a Bahraini bank (one example being Citibank, which is licensed in Bahrain) would be immune from discovery orders in the United States regarding its customers.  No law requires such a result and proper defendants cannot be shielded from disclosure and liability by hiding behind misapplication and misinterpretation of foreign laws.

## EXHIBIT A

| | **Non-Bahraini Investcorp Defendants** | **Amount of Fraudulent Transfer Received** |
|---|---|---|
| 1. | Investcorp International, Inc., a Delaware corporation. | Over $15,000,000 |
| 2. | Step Investments Limited, a Cayman Islands company. | $12,237,502 |
| 3. | WL Holdings Limited, a Cayman Islands company. | $11,119,359 |
| 4. | Equity WERA Limited, a Cayman Islands company. | $10,392,911 |
| 5. | Werner Equity Limited, a Cayman Islands company. | $8,883,064 |
| 6. | Climbing Products Limited, a Cayman Islands company. | $8,883,064 |
| 7. | Ladder Equity Limited, a Cayman Islands company. | $8,883,064 |
| 8. | Werner Investments Limited, a Cayman Islands company. | $8,883,064 |
| 9. | Invifin, S.A., a Luxembourg corporation. | $6,000,000 |
| 10. | Stepup Limited, a Cayman Islands company. | $5,137,510 |
| 11. | Werner IIP Limited, a Cayman Islands company. | $5,528,617 |
| 12. | Investcorp Werner Holdings L.P., a Cayman Islands company. | $5,137,510 |
| 13. | Annisville Limited, a Cayman Islands company. | $3,294,800 |
| 14. | Cooperstown Limited, a Cayman Islands company. | $3,294,800 |
| 15. | Frisco Limited, a Cayman Islands company. | $3,294,800 |
| 16. | Platea Limited, a Cayman Islands company. | $3,294,800 |
| 17. | Ballet Limited, a Cayman Islands company. | $179,890 |
| 18. | Denary Limited, a Cayman Islands company. | $179,890 |
| 19. | Gleam Limited, a Cayman Islands company. | $179,890 |
| 20. | Highlands Limited, a Cayman Islands company. | $179,890 |
| 21. | Noble Limited, a Cayman Islands company. | $179,890 |
| 22. | Outrigger Limited, a Cayman Islands company. | $179,890 |

| 23. | Quill Limited, a Cayman Islands company. | $179,890 |
|---|---|---|
| 24. | Radial Limited, a Cayman Islands company. | $179,890 |
| 25. | Shoreline Limited, a Cayman Islands company. | $179,890 |
| 26. | Zinnia Limited, a Cayman Islands company. | $179,890 |
| 27. | Investcorp Investment Equity Limited, a Cayman Islands company. | $156,426 |
| 28. | CIP Limited, a Cayman Islands company. | Unknown amounts in affiliated transfers |
| 29. | SIPCO Limited, a Cayman Islands company. | Unknown amounts in affiliated transfers |
| 30. | Ownership Holdings Limited, a Cayman Islands company. | Unknown amounts in affiliated transfers |
| 31. | C.P. Holdings Limited, a Cayman Islands company. | Unknown amounts in affiliated transfers |
| 32. | Investcorp Holdings Limited, a Cayman Islands company. | Unknown amounts in affiliated transfers |
| 33. | Investcorp S.A., a Luxembourg corporation. | Unknown amounts in affiliated transfers |
| | **Total Received by Non-Bahraini Investcorp Defendants** | **$121,220,191** |

| **Bahraini Investcorp Defendants** | | **Amount of Fraudulent Transfer Received** |
|---|---|---|
| 34. | Investcorp Bank B.S.C. | $2,402,810 |
| | **Total Received by Bahraini Investcorp Defendants** | **$2,402,810** |
| | | |
| | **TOTAL RECEIVED BY ALL INVESTCORP DEFENDANTS:** | **$123,623,001** |