**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com



USDCS
DOCUM...
ELECT...  Y FILED
DOC #
DATE: 6/10/2008

Direct Dial + 212.819.8394   cshore@whitecase.com

June 10, 2008

BY HAND AND FACSIMILE

The Honorable Richard M. Berman
United States District Court Judge
500 Pearl Street, Room 650
New York, NY 10007-1312

**MEMO ENDORSED**

P2

Re:  *Old Ladder Litigation Co., LLC v. Investcorp Bank B.S.C., et al.*,
     Case No. 08 CV 0876 (RMB)

Dear Judge Berman:

We write to the Court to address an important development in the case which, if at all possible, requires this Court's immediate attention.

At 4:52 a.m. yesterday morning, the Investcorp Defendants produced a list of 298 names and address of transferees of funds in connection with matters alleged in the Complaint. (A copy of Tony Clark's cover email is attached.) While that production would seem to have mooted the Investcorp Defendants' June 2, 2008 Objections to Magistrate Judge's April 21, 2008 and May 29, 2008 Orders currently before the Court (the "Objections"), there is an important proviso in the cover email that raises an objection to any use of any names except on an "attorney's eyes only" basis. In a subsequent conversation yesterday afternoon, counsel for the Investcorp Defendants amplified that, in their view, no other defendants in this action can know the identity of the named transferees, nor can any transferee know the name of any other transferee. As of yet, the Investcorp Defendants have not provided any documentary basis for their claim that the names of investors require such strict confidentiality.

As previously discussed with both this Court and the Magistrate Judge Katz, Old Ladder has been clear that the purpose of obtaining the subject names and addresses has been (1) to determine what persons or entities would be substituted in additional defendants before the June 12, 2008 expiry of certain tolling of limitations periods and (2) to allow any and all additional defendants to participate in current briefing on motions to dismiss and discovery conferences. Given the Investcorp Defendants' delayed production, the latter point is now unfortunately moot. Given the Investcorp Defendants' current unilateral use restriction, the former point may be at risk of becoming moot without the Court's assistance.

ABU DHABI  ALMATY  ANKARA  BANGKOK  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DRESDEN  DUSSELDORF
FRANKFURT  HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MOSCOW
MUNICH  NEW YORK  PALO ALTO  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON DC

NEWYORK 6651049 (2K)

The Honorable Richard M. Berman



June 10, 2008

As an initial matter, Magistrate Judge Katz's May 29, 2008 order does not authorize the production of information on an "attorney's eyes only" basis. As such, then, Old Ladder does not believe that the 4:52 a.m. production was in accordance with the May 29 Order.

From Old Ladder's perspective, however, the matter need not remain so litigious, and we hope that the parties can see to move forward on a more consensual basis. In that regard, Old Ladder did commit on the record at the April 21, 2008 hearing before Magistrate Judge Katz to hold names and addresses provisionally on an "attorneys' eyes only" basis pending longer-term arrangements. While that commitment was before the Investcorp Defendants elected to withhold the information and litigate the issue of disclosure up to the last minute, there does seem to be a practical solution that can address both sides' needs and concerns without pressing the Court to rule on the pending Objections.

As a means of proceeding, Old Ladder respectfully requests that it be permitted to file forthwith a separate action against the newly named transferees under a sealing order with a sunset date of thirty days, subject to an extension of the sealing order on application to the Court by any party to the current action. We would anticipate that service would be delayed for thirty days and that, following service, such action could be consolidated with the present action, again subject to further briefing and any objections the other parties might have. Counsel for the Investcorp Defendants have agreed to the filing of a separate action under seal, but have not consented to the sunset concept. We are available at any time to discuss this, or any other potential solution, but we simply cannot let the limitations period expire without commencing an action.

We thank the Court for its consideration of the foregoing.

Respectfully,

J. Christopher Shore

Enclosure

cc: To the Attached Distribution List

> A few points come to mind: (i) all discovery issues (e.g. "for your eyes only") should be presented to J. Katz; (ii) any time constraints have been created by counsel; (iii) separate action seems unnecessary + sealing orders are disfavored; (iv) counsel can work these issues out; (v) This is NOT the drive-thru window at McDonald's.
>
> SO ORDERED:
> Date: 6/10/08
> Richard M. Berman, U.S.D.J.
>
> cc T. Katz

NEWYORK 6651049 (2K)