UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OLD LADDER LITIGATION CO., LLC,  :
                                  Plaintiff,  :  08 Civ. 876 (RMB) (THK)
      - against -  :
                                          :  **ORDER**
INVESTCORP BANK B.S.C., et al.,  :
                              Defendants.  :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/08

**I.    Background**

At a conference on April 21, 2008 ("Conference"), United States Magistrate Judge Theodore H. Katz issued an order ("April 21, 2008 Order") authorizing Plaintiff to conduct "limited discovery" of the "identities and addresses of [certain] investors" in the Investcorp Defendants who are alleged to have received distributions of funds fraudulently conveyed under state and federal law. (Conference Transcript, dated Apr. 21, 2008, at 13.) And, on May 29, 2008, Judge Katz issued an order ("May 29, 2008 Order") denying the Investcorp Defendants' motion for reconsideration of the April 21, 2008 Order because, among other things, "[w]ith the exception of [Investcorp Bank B.S.C.], none of the [Investcorp Defendants] from whom information is sought is a Bahraini bank or licensee of the [Central Bank of Bahrain]" and, therefore, subject to Bahraini bank confidentiality laws; even if the non-Bahraini Investcorp Defendants were subject to Bahraini bank confidentiality laws, "that would not necessarily preclude their being ordered to produce the requested information"; and "since [under Bahraini law] any disclosures would not have been in 'bad faith,' as they would be ordered by the Court, [the Investcorp Defendants] would have a defense to liability."[1] (May 29, 2008 Order at 10, 12.)

---

[1] Although Judge Katz found that the Investcorp Defendants' failure to raise a timely objection to Plaintiff's discovery request (based upon Bahraini bank confidentiality laws) prior to

The May 29, 2008 Order directed the Investcorp Defendants other than Investcorp Bank B.S.C. "to produce the requested information within seven days of the issuance of this Order." (May 29, 2008 Order at 13.)

On June 2, 2008, the Investcorp Defendants filed objections ("Objections") to Judge Katz's April 21, 2008 and May 29, 2008 discovery orders (together, "Discovery Orders"), arguing, among other things, that Judge Katz "erroneously concluded that the information to be produced by the non-Bahraini Investcorp Defendants is not protected by Bahraini secrecy law, notwithstanding that the investors in the non-Bahrain[i] entities are also customers of [Investcorp Bank B.S.C.]," a Bahraini corporation. (Objections, dated June 2, 2008, at 5–6) (internal quotations and citation omitted.) On June 5, 2008, Plaintiff filed an opposition ("Opposition") to the Investcorp Defendants' Objections, observing, among other things, that "the Investcorp Defendants assign no error to Magistrate Judge Katz's conclusions that, even if Bahraini law applied as to each Investcorp Defendant (which it clearly does not), discovery of names and addresses would still be appropriate."[2] (Opposition, dated June 5, 2008, at 7.)

---

the Conference "alone justifies denying [the Investcorp] Defendants' motion [for reconsideration]," he addressed the merits of the Investcorp Defendants' motion "because of the serious consequences [the Investcorp] Defendants suggest they may face should they be required to disclose investor information in violation of Bahraini law." (May 29, 2008 Order at 6.)

[2]   On June 10, 2008, Plaintiff advised the Court that the Investcorp Defendants "produced a list of 298 names and addresses of . . . [investors in the Investcorp Defendants] in connection with matters alleged in the Complaint" prior to expiration of the June 9, 2008 deadline. (Pl. Letter, dated June 10, 2008, at 1) (Plaintiff also complained that because of the Investcorp Defendants' alleged "delayed production" and their insistence that use of the names and addresses be on an "attorney's eyes only" basis, Plaintiff's efforts "to allow any and all additional defendants to participate in current briefing on motions to dismiss and discovery conferences" is "now . . . moot" and Plaintiff's efforts to "determine what persons or entities would be substituted [as] additional defendants before the June 12, 2008 expiry of certain tolling of limitations periods" may be "at risk of becoming moot.") On June 11, 2008, the Investcorp Defendants sent a letter to the Court noting that "[w]hile the production was timely under the [May 29, 2008 Order], we submit the issue is not moot" (Defs. Letter, dated June 11, 2008, at 1),

**For the reasons set forth below, the Court affirms Judge Katz's Discovery Orders.**

## II.   Standard

When considering objections to discovery rulings issued by a magistrate judge, the reviewing court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004). An order is "clearly erroneous" when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal citations omitted).

"A magistrate judge's resolution of discovery disputes deserves substantial deference." Weiss v. La Suisse, Societe d'Assurances Sur La Vie, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001).

## III.   Analysis

Having reviewed the record herein, including among other things, Judge Katz's Discovery Orders, the Investcorp Defendants' Objections, Plaintiff's Opposition, and applicable legal authorities, the Court concludes that Judge Katz's Discovery Orders are neither clearly erroneous nor contrary to law.[3] See Fed. R. Civ. P. 72(a).

---

presumably referring to this Court's review of Judge Katz's April 21, 2008 and May 29, 2008 Orders.

[3]   Indeed, it appears compatible with applicable law in all respects.

3

"It is well settled that [foreign confidentiality statutes] do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate the statute." Société Nationale Industrielle Aérospatiale v. United States District Court, 482 U.S 522, 542, n.29 (1987); see also Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 29 (S.D.N.Y. 1984).[4] Judge Katz, following briefing, determined that the investors in the non-Bahraini Investcorp Defendants "are not entitled to the protections of Bahraini law" and analyzed and balanced the four factors set forth in Minpeco in concluding that "even if the Court were to decide that the non-Bahraini Investcorp Defendants were subject to Bahraini bank confidentiality laws, the balance of factors relevant to whether disclosure should be ordered tips in Plaintiff's favor." (May 29, 2008 Order at 10–11); see also First American, 154 F.3d at 22; Bodner v. Paribas, 202 F.R.D. 370, 375 (E.D.N.Y. 2000) (where the statute "does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court.").

Because Judge Katz "is best qualified to judge the entire atmosphere of the discovery process . . . his rulings on discovery matters are [compatible with applicable law and are] entitled to substantial deference," and, hereby, are affirmed. U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No. 04 Civ. 6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) (internal quotations and citations omitted); see also Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988).

---

[4] In deciding whether to authorize discovery, courts in this Circuit consider "(1) the competing interests of the nations whose laws are in conflict, (2) the hardship of compliance on the party or witness from whom discovery is sought, (3) the importance to the litigation of the information and documents requested, and (4) the good faith of the party resisting discovery." Minpeco, S.A. v. Conticommodity Services, Inc., 116 F.R.D. 517, 523 (S.D.N.Y. 1987); see also First American Corp. v. Price Waterhouse LLP, 154 F.3d 16, 22 (2d Cir. 1998).

## IV. Conclusion and Order

For the reasons set forth above, the Court denies the Investcorp Defendants' Objections to Judge Katz's April 21, 2008 and May 29, 2008 Discovery Orders.

Dated: New York, New York
June 13, 2008

*Richard M. Berman*

RICHARD M. BERMAN, U.S.D.J.