UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

OLD LADDER LITIGATION CO., LLC, as Litigation    :
Designee on behalf of the Liquidation Trust,     :
      :
      Plaintiff,     :  08 cv 0876
      vs.     :  (RMB)(THK)
      :
INVESTCORP BANK B.S.C., et al.,     :
      :
      Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' JOINT MOTIONS TO TRANSFER VENUE
AND TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

I.   THE INTERESTS OF JUSTICE AND JUDICIAL EFFICIENCY
     SUPPORT TRANSFER TO DELAWARE ........................................................ 1

II.  PLAINTIFF'S CLAIMS SHOULD BE DISMISSED. ....................................... 3

     A.   Lack Of Personal Jurisdiction ................................................................ 3

          1.   U.S.-domiciled defendants .............................................................. 3

          2.   Investcorp foreign defendants ........................................................ 3

     B.   No Subject Matter Jurisdiction Over Count 13 Against Loughlin
          Meghji ..................................................................................................... 4

     C.   Several Claims Should Be Dismissed Pursuant To Rule 12(b)(6). ......... 4

          1.   Counts 15-16, 18-22, 25, 30 should be dismissed under
               applicable statutes of limitation. .................................................. 4

          2.   Counts 1, 2, 5, 6 should be dismissed under the settlement
               payment defense. ........................................................................... 5

          3.   Counts 27, 28 for unjust enrichment claims are preempted .......... 6

          4.   Counts 23, 24 for "deepening insolvency" state no claim. ........... 6

          5.   Counts 2, 4, 6, 8, 10, 12, 14 for actual fraud and related
               claims are insufficiently pled. ....................................................... 7

          6.   The constructive fraud [Counts 7, 9, 11] and preferential
               transfer [Count 13] claims are insufficiently pled. ...................... 7

          7.   Counts 15-22 for breach of fiduciary duty and aiding and
               abetting state no claims. ................................................................ 8

          8.   The officer [Counts 15, 16, 19-22] and Werner Family
               [Counts 14-16, 19-24] claims are insufficiently pled. ................. 9

          9.   Counts 25-28 for breach of contract and unjust enrichment
               do not state claims against Investcorp and Leonard Green. ......... 10

10.   Counts 9-13, 22 do not state claims against Loughlin Meghji. ...................................................................................10

11.   Counts 29, 30 do not state claims against Murray Devine. .......................11

CONCLUSION................................................................................................12

## TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(S)**

*Am. Tel. & Tel. Co. v. New York City Human Res. Admin.,*
    833 F. Supp. 962 (S.D.N.Y. 1993) ................................................................. 10

*Am. Tissue Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.,*
    351 F. Supp. 2d 79 (S.D.N.Y. 2004) ................................................................. 7

*Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc.*
*(In re Andrew Velez Constr., Inc.),*
    373 B.R. 262 (Bankr. S.D.N.Y. 2007) ............................................................. 7

*Ario v. Deloitte & Touche LLP,*
    No. 7345 M.D. 2002, Memorandum Opinion and Order,
    (Pa. Commw. Ct. June 13, 2008) ..................................................................... 6

*In re Authentidate Holding Corp. Sec. Litig.,*
    Master File 05 Civ. 5323, 2006 U.S. Dist. LEXIS 47971
    (S.D.N.Y July 14, 2006) ................................................................................. 7

*Baron v. Allied Artists Pictures Corp.,*
    337 A.2d 653 (Del. Ch. 1975) ........................................................................ 9

*BBS Norwalk One, Inc. v. Raccolta, Inc.,*
    60 F. Supp. 2d 123 (S.D.N.Y. 1999) ............................................................... 6

*Brandt v. B.A. Capital Co. LP (In re Plassein Int'l Corp.),*
    388 B.R. 46 (D. Del. 2008) ........................................................................... 6

*In re Chateaugay Corp.,*
    162 B.R. 949 (Bankr. S.D.N.Y. 1994) ........................................................... 10

*Cipollone v. Liggett Group, Inc.,*
    505 U.S. 504 (1992) ....................................................................................... 6

*In re DaimlerChrysler AG Sec. Litig.,*
    197 F. Supp. 2d 86 (D. Del. 2002) ................................................................. 3

*In re Dean Witter Partnership Litig.,*
    C.A. No. 14816, 1998 Del. Ch. LEXIS 133 (Del. Ch. July 17, 1998) .............. 5

*DynCorp v. GTE Corp.,*
    215 F. Supp. 2d 308 (S.D.N.Y. 2002) ........................................................... 10

iii

*In re Federalpha Steel LLC,*
    341 B.R. 872 (Bankr. N.D. Ill. 2006) ........................................................................ 3

*In re General Motors Class H S'Holder Litig.,*
    734 A.2d 611 (Del. Ch. 1999) ................................................................................... 8

*Ivanhoe Partners v. Newmont Mining Corp.,*
    535 A.2d 1334 (Del. 1987) ....................................................................................... 9

*Koken v. Steinberg,*
    825 A.2d 723 (Pa. Commw. Ct. 2003) .................................................................... 11

*Lippe v. Bairnco Corp.,*
    230 B.R. 906 (S.D.N.Y. 1999) ................................................................................. 7

*Lowenschuss v. Resorts Intl, Inc. (In re Resort Intl, Inc.),*
    181 F.3d 505 (3d Cir. 1999) .................................................................................... 6

*In re Marvel Entertainment Group, Inc.,*
    273 B.R. 58 (D. Del. 2002) ...................................................................................... 5

*Miller v. Santilli,*
    No. 1225, 2007 Phila. Ct. Com. Pl. LEXIS 252
    (Phila. Ct. Com. Pl. Sept. 20, 2007) ........................................................................ 6

*Nelson v. Emerson,*
    C.A. No. 2937, 2008 WL 1961150 (Del. Ch. May 6, 2008) ..................................... 8

*Official Comm. of Unsecured Creditors of Hechinger Invest. Co. of Del. Inc.*
*v. Fleet Retail Fin. Group (In re Hechinger Invest. Co. of Del.),*
    274 B.R. 71 (D. Del. 2002) ...................................................................................... 6

*Patrick v. Allen,*
    355 F. Supp. 2d 704 (S.D.N.Y. 2005) ...................................................................... 8

*Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.,*
    468 A.2d 468 (Pa. 1983) .......................................................................................... 4

*QSI Holdings, Inc. v. Alford,*
    382 B.R. 731 (W.D. Mich. 2007) ............................................................................ 5

*Resolution Trust Corp. v. Farmer,*
    865 F. Supp. 1143 (E.D. Pa. 1994) ......................................................................... 5

*Robinson Protective Alarm Co. v. Bolger & Picker,*
    516 A.2d 299 (Pa. 1986) ................................................................................ 11

*Seidel v. Lee,*
    954 F. Supp. 810 (D. Del. 1996) ...................................................................... 5

*Seitz v. Detweiler, Hershey & Assoc., P.C. (In re Cit-X Corp.),*
    448 F.3d 672 (3d Cir. 2006) ............................................................................ 6

*SmithKline Beecham Pharmaceuticals Co. v. Merck & Co.,*
    766 A.2d 442 (Del. 2000) ................................................................................ 5

*In re Terrorist Attacks on Sept. 11, 2001,*
    392 F. Supp. 2d 539 (S.D.N.Y. 2005) ............................................................. 3

*Thompson v. Glenmede Trust Co.,*
    No. Civ. A. 92-5233, 1993 WL 197031 (E.D. Pa. June 8, 1993) ................... 11

*In re Total Containment, Inc.,*
    Adv. No. 05-0145, 2008 WL 682455 (Bankr. E.D. Pa. Mar. 5, 2008) ............ 6

*Zito v. Leasecomm Corp.,*
    02 Civ. 8074, 2003 U.S. Dist. LEXIS 17236 (S.D.N.Y. Sept. 30, 2003) ........ 7

**STATUTES**                         **PAGE(S)**

8 Del. C. § 170 ...................................................................................................... 9

10 Del. C. § 8106 .................................................................................................. 5

11 U.S.C. § 327 .................................................................................................... 4

11 U.S.C. § 546 ................................................................................................. 1, 5

28 U.S.C. § 1334 .............................................................................................. 3, 4

28 U.S.C. § 1408 .................................................................................................. 2

**RULES**                                                                    **PAGE(S)**

Fed. R. Bankr. P. 2014 ...................................................................................... 4

Fed. R. Bankr. P. 5005 ...................................................................................... 3

Fed. R. Bankr. P. 7004 ...................................................................................... 3

Fed. R. Bankr. P. 9001 ...................................................................................... 3

Fed. R. Civ. P. 4 ............................................................................................... 3

Fed. R. Civ. P. 9 ............................................................................................... 7

Local Bankr. R. 5005 ........................................................................................ 3

Pa. R. Civ. P. 1042 ......................................................................................... 12

**OTHER AUTHORITIES**                                                        **PAGE(S)**

1-4 Collier on Bankruptcy P. 4.02 (15th Ed. Rev.) ....................................... 1

Gen. Order M10-450 (July 10, 1984) ............................................................ 3

The defendants represented by the undersigned counsel respectfully submit this reply in support of their joint motions to transfer venue and dismiss the amended complaint (the "Complaint," cited "Compl. ¶ __").

## REPLY

## I.   THE INTERESTS OF JUSTICE AND JUDICIAL EFFICIENCY SUPPORT TRANSFER TO DELAWARE.

The opposition memorandum of law (cited "Opp. at __") argues that New York is a proper forum, but never explains Plaintiff's "unusual" decision to file here, instead of in the presumptively proper forum, the Delaware Bankruptcy Court which, having presided over the Werner bankruptcy cases for more than two years, is where Plaintiff chose to file more than 100 similar actions based on Werner's alleged insolvency and conduct massive discovery on the very claims asserted against the defendants here. *See* 1-4 COLLIER ON BANKRUPTCY P. 4.02 (15th Ed. Rev.). Plaintiff does not, and cannot, deny that the Delaware Bankruptcy Court knows more about Werner's history and financial affairs than any other court.

Instead, Plaintiff argues about why it *could* file here, not why it did. That leaves forum shopping, to avoid unfavorable Third Circuit law on the settlement payment defense under section 546(e) of the Bankruptcy Code, as the only explanation – *res ipsa loquitur*. Plaintiff's arguments are without merit.

First, Plaintiff says this case "is not about Old Werner's business operations ...., but rather on [*sic*] three financial transactions," the 1997 and 2003 recapitalizations and a Werner refinancing in 2005 (barely mentioned in the Complaint), "[a]ll of [which] substantially took place in" New York (Opp. at 1), and it submits a thick stack of documents – which it obtained in the Delaware Bankruptcy Court proceedings – to show that New York legal and financial advisors were involved these transactions, an uncontroversial point that no one denies. But half

of the Complaint has virtually nothing to do with these "financial transactions," and, instead, alleges an incredible fraudulent scheme by Werner directors, management and shareholders for ten years to hide the company's alleged insolvency in order to line the pockets of equity holders at the expense of creditors. (*See* Counts 3, 4, 7-13, 19, 20, 24-26, 28)  The Court need not assess the likely merit (or lack thereof) of these claims to conclude that they are based entirely on the conduct of Werner's business operations that occurred, for the most part, in locations within the Third Circuit (Pennsylvania and Delaware) and, in any event, not in New York.

Second, Plaintiff argues that the shareholder defendants "specifically waived … the right to … challenge … a New York venue" for the 2003 transaction because the recapitalization agreement specified a New York venue for litigation "solely in respect of the interpretation and enforcement of the provisions of this Agreement and the transactions contemplated hereby[.]" (Opp. at 4-5)  This provision plainly does not apply, since Plaintiff asserts tort claims to avoid that transaction, not contract claims to enforce or interpret the agreement.

Third, Plaintiff insinuates an improper motive for filing the bankruptcy cases in Delaware (Opp. at 10-11), presumably instead of New York, "the *most* appropriate venue for this proceeding," according to Plaintiff. (*Id.* at 3)  Plaintiff ignores that under the bankruptcy venue rules, *see* 28 U.S.C. § 1408, those cases could only have been filed in Delaware or Pennsylvania – both in the Third Circuit, where Plaintiff doesn't like the settlement payment defense law – because the Werner debtors were incorporated and headquartered there, not in New York, where the only nexus is that some lawyers and bankers involved in some of the transactions attacked by Plaintiff had their offices.

Plaintiff's every action in this litigation points to forum shopping.  In the interests of justice, the case should be transferred to Delaware.

## II.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED.

### A.    Lack Of Personal Jurisdiction

#### 1.    U.S.-domiciled defendants

Plaintiff brought this as a "proceeding … related to a case under title 11," citing 28 U.S.C.

§ 1334(b) for subject matter jurisdiction.  (Compl. ¶ 37)  But the Complaint improperly was filed

in the district court rather than the bankruptcy court, *see* Gen. Order M10-450 (July 10, 1984),

Fed. R. Bankr. P. 5005(a)(1), 9001(3), Local Bankr. R. 5005-1, 5005-2, and Plaintiff resists

referral to the bankruptcy court and consistently relies on the Federal Rules of Civil Procedure in

these proceedings.  (Opp. at 11, 14, 22, 24, 25, 30)  Yet Plaintiff also relies on Bankruptcy Rule

7004 for nationwide service of process and personal jurisdiction.  Plaintiff cannot cherry pick

among the Civil Rules and Bankruptcy Rules and should be bound by its own choice of the

district court and the Civil Rules, which do not permit nationwide service of process.  *See* Fed. R.

Civ. P. 4(k)(1).

#### 2.    Investcorp foreign defendants

Contrary to Plaintiff's assertion (Opp. at 12), the claims against the Investcorp foreign

defendants should be dismissed because mere ownership of Werner stock, combined with

baseless allegations that they "exercised control" over Werner and "caus[ed] [Werner] to transfer

tens of millions of dollars to themselves to the detriment of the company," do not provide

personal jurisdiction over them in the United States courts.  *See In re Federalpha Steel LLC*, 341

B.R. 872, 890, n.15 (Bankr. N.D. Ill. 2006); *In re Terrorist Attacks on Sept. 11, 2001*, 392 F.

Supp. 2d 539, 559 (S.D.N.Y. 2005); *In re DaimlerChrysler AG Sec. Litig.*, 197 F. Supp. 2d 86,

98-99 (D. Del. 2002).  Nor do the 1997 and 2003 recapitalization agreements, since the

jurisdictional provisions therein, like the venue provision discussed above, only apply to contract

3

actions to enforce or interpret those agreements, not tort actions like Plaintiff's to avoid them. (*See* Opp. Attachment A, Ex. 7, § 8.9, and Ex. 31, § 10.5)

**B.    No Subject Matter Jurisdiction Over Count 13 Against Loughlin Meghji**

Plaintiff's response to Loughlin Meghji's lack of subject matter jurisdiction argument ignores 28 U.S.C. § 1334(e)(2), which grants the Bankruptcy Court *exclusive* jurisdiction over claims involving the construction of Bankruptcy Code provisions relating to the retention of professionals. While trying to sidestep the jurisdiction issue by arguing that the Bankruptcy Court did not decide whether Loughlin Meghji engaged in "prepetition fraudulent conduct" (as opposed to the alleged *preferential* transfers at issue in Count 13) (Opp. at 14), in so doing, Plaintiff necessarily construes 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014 – the very provisions referenced in section 1334(e)(2).[1]

**C.    Several Claims Should Be Dismissed Pursuant To Rule 12(b)(6).**

**1.    Counts 15-16, 18-22, 25, 30 should be dismissed under applicable statutes of limitation.**

Pennsylvania's "discovery rule" equitably tolls the two-year limitations period only for claimants unable, "despite the exercise of due diligence, to know of the injury or its cause." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). This exception does not apply here, since the claims arise out of a publicly-disclosed transaction. (*See* Werner SEC Forms 8-K, 10-Q and 10-K filed May 7, May 28, Aug. 12 and Nov. 12, 2003, Mar. 30, 2004, May 12, 2005)

---

[1] Plaintiff's argument also ignores the Bankruptcy Court's express finding that Loughlin Meghji was a "disinterested person", which it could not be if it had received a preferential transfer. *See* Werkheiser Decl., Ex. B, Order dated July 13, 2006.

Nor has any Pennsylvania court ever recognized Plaintiff's "adverse domination" theory. The federal court in *Resolution Trust Corp.* (*see* Opp. at 16) predicted that Pennsylvania would require a plaintiff to plead sufficient facts to "negate the possibility that an informed person or persons could have induced the corporation to initiate suit." 865 F. Supp. at 1156. Plaintiff does not, and cannot, so allege here, because Werner's public disclosure of the 2003 transaction in SEC filings enabled any aggrieved shareholders or creditors to protect themselves through demand on the Werner board and the opportunity to timely file a derivative action.

In Delaware, a cause of action accrues under 10 Del. C. § 8106 at the time of the wrongful act, even if the plaintiff is ignorant of the claim. *See, e.g.*, *SmithKline Beecham Pharmaceuticals Co. v. Merck & Co.*, 766 A.2d 442, 450 (Del. 2000). Plaintiff cannot "seek refuge" from the three-year limitations period merely by alleging fiduciary self-dealing. *In re Dean Witter Partnership Litig.*, C.A. No. 14816, 1998 Del. Ch. LEXIS 133, at *34 (Del. Ch. July 17, 1998). "[E]ven where defendant is a fiduciary, a plaintiff is on inquiry notice when the information underlying plaintiff's claim is readily available." *Id.* at *35, *citing Seidel v. Lee*, 954 F.Supp. 810, 817 (D.Del. 1996). *See also In re Marvel Entertainment Group, Inc.*, 273 B.R. 58, 77 (D.Del. 2002). The information underlying Plaintiff's claims was publicly disclosed no later than May 7, 2003. Moreover, Delaware has not recognized the "adverse domination" theory. *Id.* Therefore, these claims should be dismissed as time-barred.

### 2. Counts 1, 2, 5, 6 should be dismissed under the settlement payment defense.

The courts are divided in interpreting the settlement payment defense under Bankruptcy Code section 546(e). *See QSI Holdings, Inc. v. Alford*, 382 B.R. 731, 738 (W.D.Mich. 2007). That is why Plaintiff filed here – to avoid Third Circuit case law, which provides a complete defense to Plaintiff's fraudulent transfer claims and squarely holds that section 546(e) applies to

both publicly and privately traded securities, *see, e.g., Brandt v. B.A. Capital Company LP (In re Plassein Int'l Corp.)*, 388 B.R. 46, 49 (D. Del. 2008), *citing In re Resorts Int'l, Inc.*, 181 F.3d 505 (3d Cir. 1999) -- in favor of a contrary decision by a bankruptcy judge in the Second Circuit. (*See* Opp. at 18 n.13, 19)  Such forum shopping should not be rewarded.  The settlement payment defense applies and requires that Counts 1, 2, 5, and 6 be dismissed.

### 3.    Counts 27, 28 for unjust enrichment claims are preempted.

Plaintiff argues (Opp. at 21)  that *Official Comm. of Unsecured Creditors of Hechinger Invest. Co. of Del. Inc. v. Fleet Retail Fin. Group (In re Hechinger Invest. Co. of Del.)*, 274 B.R. 71, 76, 96 (D. Del. 2002), is not binding authority, but it does not dispute the basic principle that state laws that interfere with or are contrary to federal law are preempted under the Supremacy Clause. *See Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992).  Plaintiff's state law unjust enrichment claims do so and should be dismissed.

### 4.    Counts 23, 24 for "deepening insolvency" state no claim.

Plaintiff does not dispute that there is no claim for deepening insolvency under Delaware law (*see* Opp. at 21), and its federal cases predicting Pennsylvania law, *Seitz v. Detweiler, Hershey & Assoc., P.C. (In re Cit-X Corp.)*, 448 F.3d 672, 680-81 (3d Cir. 2006), and *In re Total Containment, Inc.*, Adv. No. 05-0145, 2008 WL 682455, at *9 (Bankr. E.D. Pa. Mar. 5, 2008), are contrary to the only relevant Pennsylvania state court decisions.  *See Miller v. Santilli*, No. 1225, 2007 Phila. Ct. Com. Pl. LEXIS 252, at *10 (Phila. Ct. Com. Pl. Sept. 20, 2007); *Ario v. Deloitte & Touche LLP*, No. 7345 M.D. 2002, Memorandum Opinion and Order at 16-17 (Pa. Commw. Ct. June 13, 2008).  Plaintiff's citation to New York law is irrelevant, because the law of the state of incorporation governs directors' conduct. *BBS Norwalk One, Inc. v. Raccolta, Inc.*, 60 F. Supp. 2d 123, 129 (S.D.N.Y. 1999).  Counts 23 and 24 for deepening insolvency should be dismissed.

5.    **Counts 2, 4, 6, 8, 10, 12, 14 for actual fraud and related claims are insufficiently pled.**

Plaintiff acknowledges its general pleading of fraudulent intent (Opp. at 22), but contends that it pleaded the "badges of fraud" and did so with more specificity than *Am. Tissue Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 351 F.Supp.2d 79 (S.D.N.Y. 2004). To the contrary, that complaint specifically alleged that the directors of a sham corporation stole money from a legitimate company just before the latter's bankruptcy. *Am. Tissue*, 351 F.Supp.2d at 106. The Complaint here falls far short of that and fails to meet the specificity required by Fed. R. Civ. P. 9(b).

Plaintiff also fails to respond to, and thus concedes, defendants' argument that Count 14 is barred as a matter of law because there is no liability for aiding and abetting fraudulent transfers. *See, e.g., In re Authentidate Holding Corp. Sec. Litig.*, Master File 05 Civ. 5323, 2006 U.S. Dist. LEXIS 47971, at *9 (S.D.N.Y. July 14, 2006); *Zito v. Leasecomm Corp.*, 02 Civ. 8074, 2003 U.S. Dist. LEXIS 17236, at *68 (S.D.N.Y. Sept. 30, 2003).

6.    **The constructive fraud [Counts 7, 9, 11] and preferential transfer [Count 13] claims are insufficiently pled.**

Plaintiff fails to plead the details of the alleged fraudulent intent in connection with Counts 7, 9 and 11. *Andrew Velez Constr., Inc. v. Consol. Edison Co. of N.Y., Inc. (In re Andrew Velez Constr., Inc.)*, 373 B.R. 262, 269 (Bankr. S.D.N.Y. 2007). Plaintiff also misreads *Lippe* (Opp. at 25, n.18) in its attempt to distinguish that case from its own deficient Complaint, which lumps legal theories, defendants and transactions. These claims and Count 13 also should be dismissed because they merely plead aggregate amounts allegedly transferred over time and do not give the defendants notice of their alleged acts giving rise to liability.

7

7.    **Counts 15-22 for breach of fiduciary duty and aiding and abetting state no claims.**

Plaintiff does not adequately allege the defendants' material self-interest, lack of independence, or gross negligence to overcome the business judgment rule.  Plaintiff relies on *Patrick v. Allen*, 355 F.Supp.2d 704 (S.D.N.Y. 2005) (Opp. at 26), but that case concerned whether, under New York law inapplicable here, shareholders shared in directors' benefits, not whether the directors' self-interest was material to them, which is what is required.  *See In re General Motors Class H S'holder Litig.*, 734 A.2d 611 (Del. Ch. 1999).  Plaintiff also provides no support for the argument that the fiduciaries and shareholders of a company allegedly in the "zone of insolvency" may not receive benefits not equally shared by creditors.

Nor has Plaintiff alleged facts sufficient to show divided loyalties under applicable law. (*See* Opp. at 25-27)  With respect to gross negligence, Plaintiff's conclusory allegations attacking the directors', officers' and shareholders' reliance on an expert's solvency opinion for the 2003 transaction do not establish a lack of care in choosing the expert.  And the wisdom of "withdraw[ing] $150 million in capital from Old Werner" (Opp. at 28) is precisely what the business judgment rule leaves to corporate directors, not creditors or the courts.

Plaintiff's effort to cobble a breach of fiduciary duty claim by alleging that the company intentionally delayed bankruptcy until after the statute of limitations had run also fails, because no non-conclusory facts are pled to support the assertion, and directors and officers are entitled to try to maximize the value of the corporation to benefit equity holders, even when the corporation is insolvent.  *See Nelson v. Emerson*, C.A. No. 2937, 2008 WL 1961150, *8 (Del. Ch. May 6, 2008).

The Complaint's waste claims (Counts 19, 22) also fail to satisfy the applicable heightened pleading standards. Plaintiff's conclusory assertion that the challenged transactions were for no value are not sufficient.

### 8. The officer [Counts 15, 16, 19-22] and Werner Family [Counts 14-16, 19-24] claims are insufficiently pled.

The officer defendants lacked the power to effect the challenged corporate acts; the power rested with the directors. *See* 8 Del. C. § 170(a); *Baron v. Allied Artists Pictures Corp.*, 337 A.2d 653, 658-59 (Del. Ch. 1975). Plaintiff cites no contrary authority. (*See* Opp. at 30) The Complaint also commingles the various Werner companies and their respective officers such that the officer defendants cannot file a meaningful response. Lumping the officers and the Werner companies together and claiming the defendants owed fiduciary duties to an amorphous entity -- "the Company" -- does not provide a sufficient basis for each officer to determine what he allegedly did wrong or what fiduciary duty was breached. Therefore, the claims against the officer defendants should be dismissed.

Notwithstanding Plaintiff's assertions to the contrary (Opp. at 32), the Complaint also does not allege that the Werner and Solot family directors combined with Investcorp or Leonard Green to form a group of controlling shareholders. (*See* Compl. ¶ 469: before 2003 recapitalization, "Investcorp exercised control over the board and the business affairs of Holding (PA)"; ¶¶ 138-140: following 2003 recapitalization, "[b]oth Investcorp and Leonard Green were controlling shareholders of the Company") Accordingly, because the Werner and Solot family directors were minority shareholders and did not owe fiduciary duties to the Werner companies or their creditors, the breach of fiduciary claims against them should be dismissed. *See Ivanhoe Partners v. Newmont Mining Corp.*, 535 A.2d 1334, 1344 (Del. 1987).

9.    **Counts 25-28 for breach of contract and unjust enrichment do not
state claims against Investcorp and Leonard Green.**

The unambiguous exculpatory provisions of the Investcorp and Leonard Green

management agreements bar Plaintiff's breach of contract claims.  Plaintiff's doctrine of

unconscionability (Opp. at 32-33) is "intended primarily to protect the commercially illiterate

consumer" and "has little applicability in a commercial setting." *In re Chateaugay Corp.*, 162

B.R. 949, 960 (Bankr. S.D.N.Y. 1994).  Courts presume that agreements between businesspeople

in commercial contexts are not unconscionable. *Am. Tel. & Tel. Co. v. New York City Human

Res. Admin.*, 833 F. Supp. 962, 989 (S.D.N.Y. 1993).  Plaintiff's own authority states that courts

"may not re-write how the parties defined their rights and obligations, allocated their risks, and

limited their liabilities and rights of recovery." *DynCorp v. GTE Corp.*, 215 F. Supp. 2d 308,

317-318 (S.D.N.Y. 2002).[2]  Furthermore, the unjust enrichment claims are not proper simply

because Plaintiff alleges that the defendants provided no consideration under the management

agreements and the 2003 recapitalization agreement, since the Complaint admits that these

defendants provided services under the management agreements and sold their stock in the 2003

recapitalization transaction. (*See, e.g.,* Compl. ¶¶ 120, 124, 136, 141, 581-591)  The breach of

contract and unjust enrichment claims should be dismissed.

10.    **Counts 9-13, 22 do not state claims against Loughlin Meghji.**

Plaintiff has not, and cannot, state a legally cognizable claim against Loughlin Meghji.

Loughlin Meghji cannot be held liable for the accuracy of Werner's financial projections, since

its retention agreement expressly stated that Werner would be solely responsible for its own

---

2    The Leonard Green management agreement was negotiated before Leonard Green invested
in Werner, when Leonard Green had no representation on the Werner boards.  Plaintiff's
claim that it was a result of negotiations between a "controlling shareholder" and "an
unrepresented principle" is simply wrong.  (Opp. at 33)

projections and that Loughlin Meghji would have no responsibility for their accuracy or completeness.[3] Plaintiff also fails to allege any facts to support that Loughlin Meghji, a "newly hired advisor" when the Company was seeking third-party financing in April 2005 (Compl. ¶ 187) which could not have know if any projections had been inflated (and they were not), knowingly participated in a breach of fiduciary duty or fraud.[4] Nor has Plaintiff alleged any possible motivation for Loughlin Meghji to misstate the projections.

### 11.    Counts 29, 30 do not state claims against Murray Devine.

Plaintiff does not dispute that its Complaint alleges that, with full disclosure of Murray Devine's opinion and the limitations on its knowledge in arriving at that opinion, other defendants effected the 2003 transaction. Because those independent acts purportedly caused plaintiff's alleged damages, as a matter of law Murray Devine cannot be liable on Plaintiff's breach of contract claim, and Count 29 should be dismissed. *See Robinson Protective Alarm Co. v. Bolger & Picker*, 516 A.2d 299, 303 n.9 (Pa. 1986).

The professional negligence claim against Murray Devine (Count 30) also fails, as the Pennsylvania Rules of Civil Procedure limit such claims to certain licensed professionals, of which Murray Devine is not one, as cases cited by both sides clearly state. *Koken v. Steinberg*, cited by Plaintiff, is clearly inapplicable, as the professional negligence claim was alleged against licensed professionals (accountants) within the meaning of the rule. *Thompson v. Glenmede Trust Co.*, also cited by Plaintiff, is inapposite, as there is no indication that the bar of

---

[3]    (Werkheiser Dec., Ex. A). Plaintiff also is not free to ignore the terms of Loughlin Meghji's retention agreement on a theory of unequal bargaining power or control because it had no connection with the company before it was retained as a *professional* in February 2005.

[4]    Moreover, the Complaint is devoid of allegations regarding Loughin Meghji's conduct after April 2005 and, hence, supplies no basis for a claim based on fees paid it during that period.

Pa. R. Civ. P. 1042.1 was even considered in that case. (Opp. at 35) Since Murray Devine is not a professional within the definition of the Pennsylvania rule, there is no claim for professional negligence against it under Pennsylvania law, and Count 30 should be dismissed.

## CONCLUSION

For all of the foregoing reasons and for those reasons set forth in defendants' opening memorandum of law, this case should be transferred to Delaware, and the Complaint should be dismissed.

Dated: New York, New York
      July 29, 2008


SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: _William P. Frank_
William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000
     and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants


LATHAM & WATKINS LLP

By: _____
Marc W. Rappel
Robert Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong


MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By: _____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Counsel for Loughlin Meghji & Co., Inc.


COHEN & GRIGSBY

By: _____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A


BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By: _____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


SIMPSON THACHER & BARTLETT LLP

By: _____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust

Dated: New York, New York
      July 29, 2008


SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:_____
William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000
     and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants


LATHAM & WATKINS LLP

By:_____
Marc W. Rappel
Robert Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong


MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware  19899-1347
Counsel for Loughlin Meghji & Co., Inc.


COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A


BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust

Dated: New York, New York
     July 29, 2008


SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:_____

William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000
     and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants


MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____

Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Counsel for Loughlin Meghji & Co., Inc.


BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____

Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


LATHAM & WATKINS LLP

By:_____

Marc W. Rappel
Robert Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong


COHEN & GRIGSBY

By:_____

Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A


SIMPSON THACHER & BARTLETT LLP

By:_____

Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust

Dated: New York, New York
      July 29, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:_____
William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000
      and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants


LATHAM & WATKINS LLP

By:_____
Marc W. Rappel
Robert Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong


MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware  19899-1347
Counsel for Loughlin Meghji & Co., Inc.


COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A


BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell


SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust

Dated: New York, New York
      July 29, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:_____
William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000
     and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants

LATHAM & WATKINS LLP

By:_____
Marc W. Rappel
Robert Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware  19899-1347
Counsel for Loughlin Meghji & Co., Inc.

COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A

BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell

SIMPSON THACHER & BARTLETT LLP

By:_____
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Bentson,
Peter R. O'Coin, and the Heiner Family Trust

Dated: New York, New York
      July 29, 2008

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By:_____
William P. Frank
(William.Frank@skadden.com)
Four Times Square
New York, New York 10036
(212) 735-3000
     and
Anthony W. Clark
(Anthony.Clark@skadden.com)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
Counsel for Investcorp Entity Defendants
and Investcorp Director Defendants

LATHAM & WATKINS LLP

By:_____
Marc W. Rappel
Robert Klyman
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Counsel for Leonard Green & Partners, L.P.;
LGP Management, Inc.; Green Equity
Investors III, L.P.; Werner Co-Investment
LLC; Peter Nolan; Michael Wong

MORRIS, NICHOLS, ARSHT
& TUNNELL LLP

By:_____
Gregory W. Werkheiser
1201 North Market Street, P.O. Box 1347
Wilmington, Delaware 19899-1347
Counsel for Loughlin Meghji & Co., Inc.

COHEN & GRIGSBY

By:_____
Larry K. Elliott
David F. Russey
11 Stanwix Street, 15th Floor
Pittsburgh, PA 15222-1319
Counsel for persons listed on Exhibit A

BURKHALTER KESSLER GOODMAN &
GEORGE LLP

By:_____
Thomas G. Kelch
2020 Main Street, Suite 600
Irvine, CA 92614
Counsel for Garcell 1997 Unitrust dated
12/19/1997, Vincent J. Garcell Living Trust
and Vincent J. Garcell

SIMPSON THACHER & BARTLETT LLP

By: _Bruce D. Angiolillo_
Bruce D. Angiolillo
David J. Woll
Daniel J. Paisley
425 Lexington Avenue
New York, NY 10017-3954
Counsel for Dennis Heiner, Steven R. Benson,
Peter R. O'Coin, and the Heiner Family Trust

CRAVATH, SWAINE & MOORE LLP

By: _Richard Levin_

Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.

PEPPER HAMILTON LLP

By: _____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin; Lisa
Pressler

NIXON PEABODY LLP

By: _____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

KENNEDY JOHNSON GALLAGHER, LLC

By: _____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak

FOLEY & LARDNER LLP

By: _____
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers

LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.

PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin; Lisa
Pressler

NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

KENNEDY JOHNSON GALLAGHER, LLC

By:_____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak

FOLEY & LARDNER LLP

By:_____
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers

LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.

PEPPER HAMILTON LLP

By: _Kenneth J. King_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylik; Christopher Filardi;
Bruce B. Fischer; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin; Lisa
Pressler

NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

KENNEDY JOHNSON GALLAGHER, LLC

By:_____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak

FOLEY & LARDNER LLP

By:_____
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers


PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin; Lisa
Pressler


KENNEDY JOHNSON GALLAGHER, LLC

By:_____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak


LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.


NIXON PEABODY LLP

By: _Joshua J. Larocca_
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska


FOLEY & LARDNER LLP

By:_____
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers

LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.

PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin; Lisa
Pressler

NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska

KENNEDY JOHNSON GALLAGHER, LLC

By:_____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak

FOLEY & LARDNER LLP

By:_____
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

CRAVATH, SWAINE & MOORE LLP

By:_____
Richard Levin
Thomas G. Rafferty
Robert H. Trust
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Counsel for Steven Richman and John
Remmers


PEPPER HAMILTON LLP

By:_____
Kenneth J. King
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY 10018-1405
(212) 808-2703
Counsel for Michael D. Brooks; David M.
Conn; John J. Dylick; Christopher Filardi;
Bruce B. Fisher; Larry V. Friend; Edward W.
Gericke; Timothy Lewis; Neal R. Martin; Lisa
Pressler


KENNEDY JOHNSON GALLAGHER, LLC

By:_____
Peter Gallagher
99 Wall Street
New York, NY 10005
(212) 248-2230
Counsel for Gary L. Stewart; Stewart
Charitable Remainder Unitrust (Gary Stewart,
Trustee); Stewart Charitable Remainder
Unitrust (Ilene Stewart, Trustee); Estate of
Ilene Stewart; Suzanne Rosen; Novak
Partnership (Alyce Novak, Trustee); Estate of
Alyce Novak


LEVI LUBARSKY & FEIGENBAUM LLP

By:_____
Howard B. Levi
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Counsel for Murray Devine & Co., Inc.


NIXON PEABODY LLP

By:_____
Joshua J. Larocca
437 Madison Ave.
New York, NY 10022
(212) 940-3191
Counsel for Karen Lynn Moseska


FOLEY & LARDNER LLP

By:_____
Peter N. Wang
Sandra A. Chiocchi
90 Park Avenue
New York, NY 10016
(212) 682-7474
Counsel for Anne L. Werner Residuary Trust –
EX (Timothy F. Burke – Trustee); Anne L.
Werner Residuary Trust (Timothy F. Burke –
Trustee); Edward A. Pollack; Edward A.
Pollack, POA Marc L. Werner; Elizabeth W.
Ackerman Trust DTD 12/18/67 (Jeffrey R.
Ackerman Successor Trustee); Jeffrey R.
Ackerman; Matthew W. Weiss; The Estate of
Max Hanfling (Edward A. Pollack – Executor)

1309578_1

# EXHIBIT A

1.  ACHENBACH, DONALD E.

2.  ALLIGATOR PARTNERS, L.P. (HOWARD SOLOT AND
    JANET SOLOT - GENERAL PARTNERS

3.  ALTER, MINDY WERNER

4.  BASILOTTA, LEE L.

5.  BERK-RAUCH, ELI

6.  BERK-RAUCH, ELLEN

7.  BERK-RAUCH, HANNA

8.  BERK-RAUCH, NOEL

9.  BLACKMAN, GAIL RAUCH

10. BLACKMAN, HEATHER

11. BONTE, ALESSANDRA (Minor)

12. BONTE, FRANCESCA

13. BONTE, MARGARET

14. BONTE, RICHARD

15. BONTE, VERA

16. DOWLER, HENRY W.

17. FROST, ELISE W.

18. FROST, IRA AND ELISE FAMILY LIMITED PARTNERSHIP
    (ELISE FROST — GENERAL MANAGING PARTNER)

19. GELLIS, BRAD J.

20. GENIS, VINCENT

21. GOLDBLATT, J. DAVID

22. GOLDBLATT, JUNE

23. GRIFFITH, PAULA J.

24. JOHNSON, DENNIS J.

25. JOUBERT, JESSICA

26. JOUBERT, LINDA

27. HAZLETT, WILLIAM

28. DEBORAH KAPLAN TRUST

1309579_1

| | |
|---|---|
| 29. | KAPLAN, JEREMY |
| 30. | JUDITH KAPLAN TRUST (C/O LESLIE EVERS)HYY |
| 31. | KAPLAN, JULIA (Minor) |
| 32. | KAPLAN, KARRAH |
| 33. | KAPLAN, RACHAEL |
| 34. | KARP, ALLISON TYLER (Minor) |
| 35. | KARP, MARSHA BETH |
| 36. | KARP, MELISSA S. (Minor) |
| 37. | KATZ, BETH |
| 38. | KELLY, RICHARD |
| 39. | KOERNER, GEORGE |
| 40. | KRANE, CARLEY |
| 41. | KRANE, JASON |
| 42. | KRANE, MARLANE |
| 43. | MASON, ERIC A. |
| 44. | MCGOWAN, DAVID |
| 45. | MEIKLE, WENDY |
| 46. | MORROW, SUSAN |
| 47. | PINNEY, ROBERT |
| 48. | NEEDHAM, BEVERLY WERNER |
| 49. | SHIRLEY W. RAUCH TRUST (STANLEY RAUCH, AND MARLANE KRANE – TRUSTEES) |
| 50. | RANKELL FAMILY TRUST |
| 51. | RAUCH TRUST (ALEENA SHAPIRO– TRUSTEE) |
| 52. | RICHMOND DRIVE ENTERPRISES, L.P. (RICHARD WERNER AND ELISE FROST– GENERAL PARTNERS) |
| 53. | RIPPIN, WILLIAM J. |
| 54. | ROSATI, RICHMOND I. (Minor) |
| 55. | ROSATI, ROBERT A. |
| 56. | ROSATI, RONI S. |
| 57. | ROSATI, ROSS DANIEL (Minor) |
| 58. | ROSATI, RYAN GREGORY |
| 59. | ROTHMAN, DEBRA A. |

1309578_1

60.  ROTHMAN, JORDANA

61.  ROTHMAN, JOSHUA J.

62.  ROTHMAN, KEVIN M.

63.  SCHWARTZ, ELISSA **NOW ELISSA RIOUX**

64.  SCHWARTZ, SUZANNE

65.  SOLOT, HOWARD L.

66.  SOLOT, JANET F.

67.  SOLOT, MICHAEL

68.  TRZYNKA, MICHAEL

69.  WEINER, MAURICE

70.  WERNER, ASHLEY ELIZABETH

71.  WERNER, BARBARA L.

72.  WERNER, BARBARA L. AND WERNER DONALD M.

73.  WERNER, BRUCE D.

74.  BRUCE D. WERNER TRUST (BRUCE WERNER - TRUSTEE)

75.  WERNER, BRUCE D. FAMILY LIMITED PARTNERSHIP (BRUCE WERNER - MANAGING GENERAL PARTNER)

76.  WERNER, CRAIG

77.  WERNER, CRAIG R. FAMILY LIMITED PARTNERSHIP (CRAIG WERNER - GENERAL PARTNER)

78.  CRAIG R. WERNER TRUST

79.  WERNER, DONALD M.

80.  WERNER, ERIC

81.  WERNER, FLORENCE J.

82.  FLORENCE J. WERNER IRREV. TRUST DATED 10/7/94 (RONALD WERNER, MARC WERNER AND MICHAEL WERNER – TRUSTEES)

83.  WERNER GC TRUST FOR ERIN JOY RYAN (BEVERLY WERNER NEEDHAM - TRUSTEE)

84.  WERNER GC TRUST FOR SHANNON ROSE RYAN (BEVERLY WERNER NEEDHAM —TRUSTEE)

85.  WERNER, ISABELLE (Minor)

86.  WERNER, JEFFREY ADDISON

1309578_1

87.  JONATHAN C. WERNER GIFT TRUST U/A/D/ 11/1/96
(JEFFREY WEISMAN - TRUSTEE)

88.  LAURA W. WERNER REVOCABLE TRUST, U/A/D 1/2/96
(LAURA WERNER - TRUSTEE)

89.  LOIS S. WERNER REVOCABLE TRUST

90.  MARGOT A. WERNER GIFT TRUST U/A/D 11/1/96  (LAURA
WERNER - TRUSTEE)

91.  WERNER, MARC L.

92.  MARC L. WERNER IRREVOCABLE TRUST

93.  WERNER, MELANIE

94.  WERNER MICHAEL E.

95.  MICHAEL E. WERNER REVOCABLE TRUST, U/A/D 12/96
(MICHAEL WERNER - TRUSTEE)

96.  WERNER, RICHARD L.

97.  RICHARD L. WERNER REVOCABLE TRUST

98.  WERNER, ROBERT I.

99.  ROBERT I. WERNER IRREV. TRUST DATED 8/30/94
(RONALD WERNER – ADMINISTRATIVE TRUSTEE)

100.  WERNER, RONALD E.

101.  WERNER, SOPHIA (Minor)

102.  STEPHANIE N. WERNER GIFT TRUST U/A/D 11/1/96
(JEFFERY WEISMAN – TRUSTEE)

103.  WERNER, TAMMY H.

104.  WERNER-ALTER, LLC (MINDY WERNER ALTER -
MANAGER)

CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court,

hereby certifies under penalty of perjury, that on July 29, 2008, I caused a true copy of the

*Appendix of Unreported Authorities Regarding Reply Memorandum of Law in Support of*

*Defendants' Joint Motions to Transfer Venue and to Dismiss the Complaint* and *Reply*

*Memorandum of Law in Support of Defendants' Joint Motions to Transfer Venue and to*

*Dismiss the Complaint* to be served upon the following parties as indicated:

By First-Class Mail

Kevin C. Walz
8045 Bainbrook Drive
Chagrin Falls, OH 44023

David A. Cardillo
23 St. Glory Road
Greenville, PA 16125

Dated:  New York, New York
        July 29, 2008

Steven Ray Katzenstein

1