```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/26/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLD LADDER LITIGATION CO., LLC, as Litigation Designee on behalf of the Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>INVESTCORP BANK B.S.C., *et al.*,<br><br>Defendants. | Case No. 08 CIV 0876 (RMB)(THK)<br><br>[PROPOSED] STIPULATED<br>PROTECTIVE ORDER |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

To expedite the exchange of documents and information in discovery under the Federal Rules of Civil Procedure, including electronically stored information (collectively, "Discovery Material"), in the above-captioned Action[1] (the "Litigation"), to facilitate the prompt resolution of disputes over confidentiality, to protect Discovery Material entitled to be kept confidential, it is, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of Plaintiff Old Ladder Litigation Co., LLC., as Litigation Designee on behalf of the Liquidation Trust, and the Defendants represented by the undersigned counsel (each, individually, a "Party" and collectively, "the Parties"), hereby **ORDERED**:

1. All Discovery Material produced by any Party or nonparty in the Litigation shall be used by the Party receiving it only for the purposes of investigating, prosecuting, and/or defending claims relating to the Litigation.

2. "Confidential Documents" or "Confidential Information," as used herein, means Discovery Material which the Producing Party (defined below) believes in good faith contains ~~current~~ confidential research, personal, or commercial information which is not generally disclosed to the public by the Producing Party and which the Producing Party designates as confidential at the time of production by stamping such documents

T.K.

---

[1] The parties shall work cooperatively to resolve any issues relating to use of the Discovery Material in any other actions filed by the Litigation Designee.

- 1 -

LOSANGELES 763520 (2K)

as "Confidential" or thereafter by providing written notice to the Parties receiving such Confidential Documents or Confidential Information. Electronically stored information produced in electronic form shall be clearly designated as Confidential in a reasonable manner. If only a portion or portions of the material (including electronically stored information) on a page qualifies for protection, the designating party must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) separately from the non-protected material. All information and materials produced by a Producing Party shall be treated as Confidential and subject to this Order until expiration of a ten-day period following production. With respect to testimony and any exhibits, documents or other materials referred to during the giving of testimony, designation as "Confidential" shall be made by the means of a statement on the record by counsel for the witness or other authorized counsel at the time of the giving of testimony, or by written notice by said counsel designating the portions of any transcript to be treated as confidential, which is to be given to all counsel for the Parties within ten days of the receipt of such transcript. All transcripts shall be considered Confidential and subject to this Order until the expiration of the ten-day period.

3. "Producing Party" means any person, whether or not a Party to the Litigation, who produces information or materials in discovery in the Litigation.

4. Confidential Documents, Confidential Information and information derived therefrom may only be disclosed or made available by each Party receiving such information, and by his, her or its counsel, to "Qualified Persons," who are defined to consist of:

(a) The Court and its support personnel (in the manner provided by paragraph 8 below);

(b) Counsel to the Parties to the Litigation, including in-house counsel, clerical, secretarial, paralegal staff, and outside services (including copy services, litigation consulting services, document management serves, graphics services, and investigators) employed by such counsel;

(c) Court reporters and videographers engaged to record testimony in the Litigation;

(d) Such officers and employees of the Parties as counsel to the Parties in the Litigation in good faith deem necessary to assist in the Litigation;

(e) Experts or consultants and their staff assisting in the investigation, prosecution or defense of the Litigation;

(f) Any person who counsel to the Parties in the Litigation in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness") provided that such Potential Witness shall be shown only such Confidential Documents or Confidential Information as such counsel shall reasonably deem necessary to allow for full and fair exploration and presentation of information possessed by the Potential Witness;

(g) Any third-party mediator, settlement judge, or arbitrator selected by the Parties or assigned by the Court; and

(h) Any other person the Producing Party agrees to in writing.

5. Each Qualified Person (excluding the Court and its support personnel) who is not a lawyer representing a Party to this action or employed by such a lawyer to whom Confidential Documents or Confidential Information are disclosed pursuant to this Order shall be advised that the Confidential Documents or Confidential Information are being disclosed pursuant to, and subject to the terms of, an Order of the Court, that they are bound by the terms of the Order, and that the sanctions for any violation of the Order include the penalties that may be imposed by the Court for contempt. Counsel for Parties to the Litigation shall provide a copy of this Order to all such persons specified prior to such persons seeing the Confidential material.

6. The Confidential Documents or Confidential Information shall not be disclosed to persons other than Qualified Persons. However, nothing contained herein shall prevent any Party from disclosing his, her or its own Confidential Documents or Confidential Information as he, she or it deems appropriate, and any such disclosure by a Party shall not be a waiver of the provisions contained herein, except as expressly provided herein. Moreover, nothing contained herein shall prevent a party from making generalized

disclosures of information derived from Confidential Documents or Confidential Information as may be reasonably necessary in connection with the Litigation so long as such disclosures do not contain or reveal any ~~detailed~~ Confidential Information. T.K. Nothing contained herein shall prevent any party from disclosing its own Confidential Documents or Confidential Information as it deems appropriate, and any disclosure by a party of its own Confidential Documents or Confidential Information shall not be a waiver of the provisions contained herein, except as expressly provided herein.

7. Nothing herein shall impose any restrictions on the use or disclosure by a Party or witness of documents or information obtained by such Party or witness independently of the discovery proceedings in the Litigation.

8. All documents of any nature, including briefs, which contain Confidential Documents or Confidential Information which are filed with the Court shall be filed in sealed envelopes and marked with the caption of the Litigation, the words CONFIDENTIAL INFORMATION and a statement substantially in the following form:

> This envelope contains Confidential Documents or Confidential Information which were filed in this action, <u>Old Ladder Litigation Co., LLC v. Investcorp Bank B.S.C., et al.</u>, Case No. 08 CIV 0876 (RMB)(THK), pending in the United States District Court for the Southern District of New York, by [name of Party], pursuant to a Protective Order, and is not to be opened or the contents thereof to be displayed or revealed, except by further Order of the Court.

All such materials so filed shall be maintained by the Clerk's Office separate from public records and shall be released only upon further Court order.

9. A Producing Party that inadvertently fails to designate its material as Confidential at the time of production may so designate it promptly after discovering the error. The Producing Party shall provide to the receiving Parties replacement copies bearing the "Confidential" designation or provide a list of the Bates numbers or written description of those documents to be designated as "Confidential." In that event, from that time forward, the provisions of this Order shall apply to the newly designated material, and the receiving Parties shall make reasonable efforts to retrieve the material from any

non-Qualified Person to whom it was previously disseminated, but shall have no other responsibility or obligation with respect to any prior dissemination. Any party may thereafter challenge the appropriateness of the confidentiality designation in accordance with this Order, but the inadvertent production without the confidentiality designation shall not constitute a waiver of any claim of confidentiality.

10. At the conclusion of the Litigation, all Confidential Documents and Confidential Information and all copies of same shall be promptly returned to the Producing Party at the request and expense of the Producing Party, or the receiving Parties shall destroy all of the Producing Party's Confidential Documents and Confidential Information and certify in writing to the Producing Party that such destruction has been effected, except that counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, and hearing or other official transcripts and exhibits that contain Confidential Documents or Confidential Information. Such retained copies will remain subject to the restrictions herein.

11. Each Qualified Person (excluding the Court and its support personnel) who is not a lawyer representing a Party to this action or employed by such a lawyer to whom Confidential Documents or Confidential Information are disclosed pursuant to this Order shall be advised that the Confidential Documents or Confidential Information are being disclosed pursuant to, and subject to the terms of, an Order of the Court and that the sanctions for any violation of the Order include the penalties that may be imposed by the Court for contempt.

12. If a receiving Party receives a subpoena or production request or demand (a "Demand") of any kind for another Party's Confidential Documents or Confidential Information by any court, administrative or legislative body, or any other person purporting to have authority to make a Demand for such information, the Party to whom the Demand is directed shall give written notice thereof (including the delivery of a copy thereof) to counsel for the Producing Party not less than five business days prior to the time when production of the information is requested by the Demand. In the event that the

Demand purports to require production of such Confidential Documents or Confidential Information on less than five days' notice, the Party to whom the Demand is directed shall give immediate telephonic notice of the receipt of such Demand, and forthwith deliver by hand, or facsimile a copy thereof, to counsel for the Producing Party. Absent a court order to the contrary, the Party to whom the Demand is directed may comply therewith; provided, however, that if application for a protective order is made promptly before the return date, the Party to whom the Demand is directed shall not produce such Confidential Documents or Confidential Information prior to receiving a court order requiring, or the consent of the Producing Party permitting, such production.

13. Designation of any Discovery Material as Confidential shall not preclude any Party from contending before the Court that such Discovery Material does not qualify for confidential treatment under Fed. R. Civ. P. 26(c) or that confidential treatment is otherwise not warranted; shall not create any presumption that the Discovery Material so designated is confidential; and shall not shift the burden of establishing entitlement to confidential treatment from the Producing Party. The disputed Discovery Material shall be treated in accordance with its designation as Confidential under the terms of this Order until the Court orders otherwise. If at any point a Party contends that Discovery Material that a Party has designated as Confidential should not be so designated, the objecting Party shall notify the Producing Party and the Parties shall meet and confer in good faith in an attempt to resolve the issue. If agreement cannot be reached, the objecting Party shall notify the Producing Party in writing. Email notification is acceptable. ~~Unless otherwise~~ agreed in writing, ~~ten (10) calendar days after the Producing Party has received this~~ written notification, ~~the~~ material's confidential designation ~~shall be withdrawn, and the material shall no longer be deemed~~ Thereafter, Objection may ~~Confidential unless~~ the Producing Party files an application or motion for a ruling from the Court ~~(set for the earliest available hearing date)~~ on the continued application of the designation. ~~If the Producing Party files such a motion then~~ The document shall retain its confidentiality designation pending the outcome of such motion. The above procedure shall not preclude application to the Court (by either party) on a more expedited basis as circumstances warrant. ~~If a dispute is presented to the Court for a~~

T.K

- 6 -

~~ruling, the prevailing Party will be entitled to its reasonable attorneys fees and costs in prosecuting or defending any confidentiality designation.~~

14. In the event that Confidential Documents or Confidential Information are disclosed to someone not authorized under the terms of this Order to receive such information, counsel of record for the Party involved with the disclosure shall immediately inform counsel of record for the Producing Party describing the circumstances surrounding the unauthorized disclosure and shall take reasonable steps to retrieve the Confidential Documents or Confidential Information.

15. Each Party shall maintain Confidential Documents and Confidential Information in a secure and safe manner.

16. The requesting Party shall have no confidentiality obligations with respect to any information that is:

    a.  already known to the requesting Party without restriction;

    b.  or becomes publicly known other than by the requesting Party's non-compliance with this Order;

    c.  received by the requesting Party without restriction from a third-party who is not under an obligation of confidentiality;

    d.  independently developed by the requesting Party;

    e.  approved for release by written authorization of the Producing Party; or

    f.  disclosed by the requesting Party pursuant to judicial action, provided that Producing Party is notified at the time such action is initiated.

17. The foregoing shall not control or govern use of evidence at trial, including Confidential Discovery Material, which shall be determined by further order of the Court.

18. This Order shall be applicable to any third-party witnesses who agree in writing to be subject to the terms of this Order.

19. This Order terminates and supersedes all prior understandings or agreements of the Parties on the subject matter hereof. The Parties agree that any and all information they produced pursuant to the terms of any other protective order or confidentiality agreement relating to Werner (as defined in the Amended Complaint in the above entitled action) is released from the terms of such order or agreement and is now governed by the terms of this Order. Any information marked confidential in such productions shall be deemed designated Confidential under this Order.

20. The provisions hereof shall be binding on the Parties hereto when signed pending approval by the Court; provided, however, that if the Court declines to approve this Order, the provisions hereof shall remain binding on the Parties hereto unless and until the Court enters another order providing for the protection of confidential Discovery Material.

21. Nothing herein shall prevent any Party from applying to the Court for a modification of this Order for good cause.

22. No Party which has raised or raises a defense of lack of personal jurisdiction shall be deemed to have consented to personal jurisdiction by stipulating and agreeing to this Order.

23. The binding effect of this Order shall survive termination of the Litigation and the Court shall retain jurisdiction to enforce the Order.

**IT IS SO ORDERED.**

Dated: *August 26, 2008*
New York, New York

_____
Hon. Theodore H. Katz
United States Magistrate Judge

# EXHIBIT A

[INSERT COHEN & GRISBY CLIENT LIST]

- 13 -